| | |
|---|---|
| Guy B. Wallace – 176151<br>Sarah Colby – 194475<br>Jennifer A. Uhrowczik – 302212<br>**SCHNEIDER WALLACE**<br>**COTTRELL KONECKY**<br>**WOTKYNS LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, California 94608<br>Telephone: (415) 421-7100<br>Facsimile: (415) 421-7105<br>Email: gwallace@schneiderwallace.com<br>      scolby@schneiderwallace.com<br>      juhrowczik@schneiderwallace.com | Gay Crosthwait Grunfeld – 121944<br>Benjamin Bien-Kahn – 267933<br>Devin W. Mauney – 294634<br>**ROSEN BIEN**<br>**GALVAN & GRUNFELD LLP**<br>50 Fremont Street, 19th Floor<br>San Francisco, California 94105-2235<br>Telephone: (415) 433-6830<br>Facsimile: (415) 433-7104<br>Email: ggrunfeld@rbgg.com<br>      bbien-kahn@rbgg.com<br>      dmauney@rbgg.com |

Kathryn A. Stebner – 121088
George Kawamoto – 280358
**STEBNER AND ASSOCIATES**
870 Market Street, Suite 1212
San Francisco, California 94102
Telephone: (415) 362-9800
Facsimile: (415) 362-9801
Email: kathryn@stebnerassociates.com
      george@stebnerassociates.com

Attorneys for Plaintiffs and the
Proposed Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STACIA STINER; HELEN CARLSON, by and through her Guardian Ad Litem, JOAN CARLSON; LAWRENCE QUINLAN, by and through his Guardian Ad Litem, LORESIA VALLETTE; EDWARD BORIS, by and through his Guardian Ad Litem, MICHELE LYTLE; RALPH SCHMIDT, by and through his Guardian Ad Litem, HEATHER FISHER; PATRICIA LINDSTROM, as successor-in-interest to the Estate of ARTHUR LINDSTROM; and BERNIE JESTRABEK-HART; on their own behalves and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>BROOKDALE SENIOR LIVING, INC.; BROOKDALE SENIOR LIVING COMMUNITIES, INC.; and DOES 1 through 100,<br><br>      Defendants. | Case No. 4:17-cv-3962-HSG<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR APPOINTMENT OF GUARDIANS AD LITEM**<br><br>Judge: Hon. James Donato<br>Crtrm.: 11, 19th Floor<br><br>Action Filed: July 13, 2017<br>Trial Date: None Set |

Case No. 4:17-cv-3962-HSG
[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR APPOINTMENT OF GUARDIANS AD LITEM

[3238267.1]

Before the Court is Plaintiffs' Administrative Motion for Appointment of Michele Lytle as Guardian ad Litem for Edward Boris and for Appointment of Heather Fisher as Guardian ad Litem for Ralph Schmidt. Having considered the Motion, the Declarations submitted in support, relevant legal authority, and the pleadings in this case, the Court hereby FINDS and ORDERS as follows:

On July 13, 2017, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief and Damages against Brookdale Senior Living, Inc. and Brookdale Senior Living Communities, Inc. (together "BROOKDALE"). The complaint alleges violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("the ADA"); the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.* (the Unruh Act); the Consumers Legal Remedies Act, California Civil Code, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"); California Welfare & Institutions Code § 15610.30 ("the Elder Financial Abuse statute"); and California Business & Professions Code §§ 17200 *et seq.* ("the UCL"). On March 29, 2018, Plaintiffs filed a Second Amended Complaint adding several class representatives, including Edward Boris and Ralph Schmidt.

Under Federal Rule of Civil Procedure 17(c)(2), "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The appointment process must comport with due process. *See Estate of Ricardo Escobedo v. City of Redwood City,* No. C03-03204 MJJ, 2006 U.S. Dist. LEXIS 12457, 21-29 (N.D. Cal. Mar 2, 2006) (approving guardian ad litem named in original complaint when no objections were raised and no conflict of interest was apparent); *Scannavino v. Florida Dep't of Corrs.,* 242 F.R.D. 662, 664 (M.D. Fla. 2007) (while district court determining party's capacity must use law of that party's domicile, court need not adopt any procedure required by state law but must only satisfy requirements of due process).

Plaintiff Edward Boris was a resident of the assisted living facility at Brookdale Fountaingrove from September 2015 through July 2016. *See* Declaration of Michele Lytle

in Support of Administrative Motion for Appointment of Guardians ad Litem ("Lytle Declaration") ¶ 2.

Mr. Boris is 86 years old and lacks the physical and mental capacity to prosecute an action against Brookdale Senior Living, Inc. and Brookdale Senior Living Communities, Inc. ("Defendants") without the appointment of a guardian ad litem. *Id.* ¶ 5. He cannot adequately or consistently appreciate the rights, duties, and responsibilities created by, or affected by, his participation in a lawsuit. *Id.* Mr. Boris has deficits in the areas of alertness and attention, has significant physical limitations, and becomes agitated and disoriented in new environments, as described more fully in the Lytle Declaration. *Id.* ¶¶ 5-8. These deficits would significantly impair Mr. Boris's ability to carry out his duties and responsibilities as a class representative, and his active participation in this lawsuit without the appointment of a guardian ad litem would be physically exhausting and mentally impossible. *Id.* ¶ 9.

Michele Lytle is Edward Boris's daughter. *Id.* ¶ 5. She has held power of attorney for Mr. Boris since 2011, frequently communicates with his caregivers, and visits him every few months. *Id.* ¶ 3 & 4. Ms. Lytle is a responsible person and is fully competent to act a Plaintiff Edward Boris's guardian ad litem. She is willing to do so. *Id.* ¶ 10. No previous petition for appointment of a guardian ad litem for Edward Boris has been filed in this matter.

There is no conflict of interest between Ms. Lytle and Mr. Boris. Ms. Lytle is not a party to this case. Ms. Lytle will serve as Mr. Boris's guardian ad litem to ensure that the rights of Mr. Boris and the putative class members are protected and that Defendants cease their unlawful conduct in violation of the ADA, the Unruh Civil Rights Act, the CLRA, the Elder Financial Abuse statute, and the UCL. *See id*. These are Mr. Boris's interests as well.

Plaintiff Ralph Schmidt was an assisted living resident at the facility currently known as Brookdale Tracy from approximately September 2011 through October 30, 2017. *See* Declaration of Heather Fisher in Support of Administrative Motion for

Appointment of Guardians ad Litem ("Fisher Declaration") ¶ 2.

Mr. Schmidt is 53 years old, is blind, and has significant cognitive impairments, including short-term memory loss. *Id.* ¶ 3. Both his blindness and cognitive impairments are the result of a traumatic brain injury suffered more than 20 years ago. *Id.* He lacks the capacity to prosecute an action against Defendants without the appointment of a guardian ad litem. *Id.* ¶ 6. He cannot adequately or consistently appreciate the rights, duties, and responsibilities created by, or affected by, his participation in a lawsuit. *Id.* Mr. Schmidt has deficits in the areas of memory, alertness and attention, and information processing, as described more fully in the Fisher Declaration. *Id.* ¶¶ 7-9. He is also highly suggestable and easily manipulated. *Id.* ¶ 9. These deficits would make it impossible for Mr. Schmidt to carry out his duties and responsibilities as a class representative, and participation in this lawsuit without the appointment of a guardian ad litem would be nearly impossible for him. *Id.* ¶ 10.

Heather Fisher is a professional fiduciary and Ralph Schmidt's court-appointed conservator. *Id.* ¶ 4. On August 17, 2017, the Superior Court of San Joaquin County appointed Ms. Fisher to serve as conservator for Mr. Schmidt. *Id.* Since becoming his conservator in August 2017, Ms. Fisher has had many interactions with Mr. Schmidt and has reviewed files pertaining to his health and need for assistance with activities of daily living. *Id.* ¶ 5.

Heather Fisher is willing to act as guardian ad litem for Ralph Schmidt. *Id.* ¶ 11. No previous petition for appointment of a guardian ad litem for Ralph Schmidt has been filed in this matter.

There is no conflict of interest between Heather Fisher and Ralph Schmidt. Heather Fisher is not a party to this case. Heather Fisher will serve as Ralph Schmidt's guardian ad litem to ensure that the rights of Mr. Schmidt and the putative class members are protected and that Defendants cease their unlawful conduct in violation of the ADA, the Unruh Civil Rights Act, the CLRA, the Elder Financial Abuse statute, and the UCL. *Id*. These are Ralph Schmidt's interests as well.

3
Case No. 4:17-cv-3962-HSG
[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR APPOINTMENT OF GUARDIANS AD LITEM

[3238267.1]

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiffs' Administrative Motion for the appointment of MICHELE LYTLE as Guardian ad Litem for EDWARD BORIS and for the appointment of HEATHER FISHER as Guardian ad Litem for RALPH SCHMIDT for the purposes of prosecuting this lawsuit.

**IT IS SO ORDERED.**

DATED: 1/17/2019

_____
Honorable Haywood S. Gilliam, Jr.

4     Case No. 4:17-cv-3962-HSG
[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR APPOINTMENT OF GUARDIANS AD LITEM

[3238267.1]