**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STACIA STINER; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> BROOKDALE SENIOR LIVING, INC.; BROOKDALE SENIOR LIVING COMMUNITIES, INC., <br><br> Defendants-Appellants. | No. 19-15334 <br><br> D.C. No. 4:17-cv-03962-HSG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 25, 2020**
San Francisco, California

Before: GOULD, CHRISTEN, and BRESS, Circuit Judges.

Brookdale Senior Living, Inc., and Brookdale Senior Living Communities, Inc. (collectively, Brookdale) appeal the district court's denial of Brookdale's motion to compel Helen Carlson and Lawrence Quinlan to arbitrate. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 9 U.S.C. § 16. Reviewing *de novo*, *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1224 (9th Cir. 2013), we affirm in part, reverse in part, and remand.

Carlson and Quinlan were residents at Brookdale. They, among others, sued Brookdale as part of a putative class action, alleging claims under the Americans with Disabilities Act of 1990 (ADA), the Unruh Civil Rights Act (Unruh Act), the Consumer Legal Remedies Act (CLRA), section 17200, *et seq.*, of the California Business and Professions Code (UCL), and section 15610.30 of the California Welfare and Institutions Code. Brookdale moved to compel Carlson and Quinlan to arbitrate based on their residency agreements.

The district court denied the motion to compel arbitration as to Carlson because Carlson's earlier agreement to arbitrate was superseded by her most recent agreement's opt-out. We agree and affirm as to Carlson.

In 2017, Carlson's legal representative and power of attorney signed her most recent agreement, which "constitute[d] the entire agreement between the parties and supersede[d] all prior and contemporaneous discussions, representations, correspondence, and agreements whether oral or written." In that agreement, Carlson opted out of arbitration. According to the terms of the agreement, it applied to "[a]ny and all claims or controversies arising out of, or in any way relating to, this Agreement or [Carlson's] stay at [Brookdale] . . . whether existing or arising in the future."

2

In California, a court's interpretation of a contract begins and ends with the language if the language is "clear and explicit." Cal. Civ. Code § 1638; *see also Bank of the W. v. Superior Court*, 833 P.2d 545, 552 (Cal. 1992). Here, Carlson's 2017 residency agreement clearly covered any claims she may have had against Brookdale, including those existing at the time Carlson's representative signed the agreement. Accordingly, we affirm the district court's denial of Brookdale's motion to compel arbitration as to Carlson.

We next consider Brookdale's appeal as to Quinlan. The district court denied Brookdale's motion to compel Quinlan to arbitrate for two reasons: 1) because Quinlan's son, who signed Quinlan's residency agreement, did not have apparent authority to bind Quinlan; and 2) because Quinlan's claims were extricable from the residency agreement, so equitable estoppel did not apply.

We agree on the first point but disagree on the second. Quinlan's claims under the CLRA, the UCL, and section 15610.30 of the California Welfare and Institutions Code are founded on the residency agreement, but his claims under the ADA and the Unruh Act are not. Accordingly, we affirm in part and reverse in part as to Quinlan.

We hold that Quinlan's son did not have apparent authority to bind Quinlan to the residency agreement. Apparent authority arises when a principal's actions would cause a reasonable person to believe that an agent had the authority to act for

3

the principal. Cal. Civ. Code § 2300; *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045, 1055 (9th Cir. 2017). Here, Quinlan's son signed Quinlan's residency agreement, including on lines marked "Legal Representative," and Quinlan took no action to disclaim his son's agency. Quinlan's silence, however, "communicated nothing" because there was no "historical relationship or course of conduct" that would allow Brookdale to infer such silence established apparent agency. *Valentine v. Plum Healthcare Grp., LLC*, 249 Cal. Rptr. 3d 905, 914–15 (Cal. Ct. App. 2019).

We next hold that Quinlan is estopped from disclaiming the arbitration clause for his claims under the CLRA, UCL, and section 15610.30 of the California Welfare and Institutions Code (elder financial abuse). Under California law, a litigant may not assert claims based on a contract while simultaneously arguing that an arbitration clause in that contract is ineffective. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013). The question is whether "the claims are 'intimately founded in and intertwined with' the underlying contract." *Id.* (quoting *Goldman v. KPMG LLP*, 92 Cal. Rptr. 3d 534, 543 (Cal. Ct. App. 2009)); *see also Boucher v. All. Title Co.,* 25 Cal. Rptr. 3d 440, 447 (Cal. Ct. App. 2005) (applying equitable estoppel to a claim under the UCL).

Here, Quinlan's CLRA, UCL, and elder financial abuse claims are predicated on the allegation that Brookdale did not perform as the residency agreement

required.  Quinlan alleges that his son and granddaughter "read the agreement . . . and reasonably understood . . . that BROOKDALE would . . . provide the services that BROOKDALE promised and for which Mr. QUINLAN was paying."  Quinlan then pleads these claims on the ground that the agreement, and other communications predominantly derivative of the transaction such as resident evaluations and invoices, were "false and misleading."  But the communications' falsity is dependent on the allegation, reasserted in each of the three claims, that Brookdale's policies failed "to ensure that all residents receive the services they have been promised and for which they are paying."  We hold that Quinlan is estopped from disclaiming the arbitration clause in asserting his UCL, CLRA, and elder financial abuse claims because those claims are founded on the residency agreement.

Quinlan's claims under the ADA and the Unruh Act are different.  These claims as pleaded do not rest upon the residency agreement.  For example, the claim that Brookdale's facilities must meet the access requirements under Title III of the ADA, 42 U.S.C. § 12183(a)(1), is not "intertwined with" the agreement and thus Quinlan is not required to arbitrate this claim under principles of equitable estoppel.  *See Goldman*, 92 Cal. Rptr. 3d at 543.  We therefore hold that Quinlan is not bound to arbitrate his ADA and Unruh Act claims.

We affirm the district court's denial of Brookdale's motion to compel arbitration as to Helen Carlson's claims and to Lawrence Quinlan's ADA and Unruh

5

Act claims. We reverse the district court's denial of Brookdale's motion to compel arbitration as to Quinlan's CLRA, UCL, and elder financial abuse claims.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

---

[1] Each party shall bear its own costs.

6