UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STACIA STINER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BROOKDALE SENIOR LIVING, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-03962-HSG (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF Nos. 255, 256, and 257 |

The parties filed three discovery letters raising two disputes: (1) whether the plaintiffs are impermissibly seeking new discovery or instead are permissibly following up on existing requests for production and (2) the timing and scope of ESI production. The court can decide the disputes without oral argument. N.D. Cal. Civ. L. R. 7-1(b). For dispute one, the plaintiffs' requests are not new, and the parties must resolve the defendants' objections through the court's discovery procedures. For dispute two, within one week, the defendants must say when they will produce the 2020 ESI. The court denies the plaintiffs' request for ESI from 2021.

**1. Requests for Production — ECF Nos. 255 and 257**.

In the letter briefs at ECF Nos. 255 and 257, the parties dispute whether the plaintiffs' requests for production are follow-up requests or new requests. In part based on delays in discovery, the trial judge — at the plaintiffs' requests — extended the deadline for the plaintiffs to file the class-

ORDER – No. 17-cv-03962-HSG (LB)

1  certification motion.[1] At the March 18, 2021 discovery hearing, the plaintiffs said that they did not
2  intend to "serve any additional discovery and take advantage of any additional time in that way.
3  However, there are many issues related to the discovery to date that need follow-up." The
4  plaintiffs elaborated, "we know that there are some categories of documents that are significant
5  that still have not been produced, but those would be responsive . . . to ones that have already been
6  served." The court allowed discovery that was responsive to existing requests and did not allow
7  new discovery.[2] The plaintiffs now ask the defendants to produce documents responsive to their
8  initial requests for production because their review revealed that the prior responses were
9  incomplete. The defendants resist discovery, claiming that the plaintiffs' requests are new because
10 the plaintiffs did not follow up on the defendants' objections or ask to confer, and it is too late
11 now. They thus seek a protective order prohibiting the discovery.[3]

The court denies the request for a protective order. There have been delays in discovery production, and there is an enormous amount to review. The point of the extension was to allow an orderly process for that review in aid of the class-certification motion. The defendants objected to the discovery on grounds such as relevance and scope.[4] The parties must confer about the objections under the court's discovery procedures and can raise any disagreements in a letter brief. That said, at this point, the plaintiffs need focus their efforts on the class-certification motion. As the court has said before, there are going to be stones left unturned, and it can't be that there are smoking guns in the discovery that are significant enough that the motion stands or falls on them.

**2.  ESI — ECF No. 256**

In their letter brief filed at ECF No. 256, there are two disputes about the ESI discovery: the timing of the production through December 2020 and the appropriateness of ESI discovery in 2021.[5]

---

[1] Letter Brief – ECF No. 255; Letter Brief – ECF No. 257.
[2] March 18, 2021 Hearing Tr. – ECF No. 224 at 25:23–26:23.
[3] Letter Brief – ECF No. 255 at 1–5; Letter Brief – ECF No. 257 at 1–6.
[4] *See, e.g.*, Letter Brief – ECF No. 255 at 1–2.
[5] Letter Brief – ECF No. 256.

1    First, for the discovery through December 2020, the defendants have agreed to produce it but have not said when they will do so.[6] Within one week, the defendants must give a date for the production.

Second, on April 30, 2021, the plaintiffs asked for ESI for 2021. The defendants contend that it is a new request, the parties always have been focused on ESI through 2020, the plaintiffs never mentioned the issue until recently, and if it had been important, the plaintiffs would have asked before. The plaintiffs contend that it is not a new request and instead is responsive to requests it served in 2019. Citing *Ochoa v. McDonald's Corporation*, they contend that the current policies are relevant to its anticipated class-certification motion for injunctive relief under Federal Rule of Civil Procedure 23(b)(2). No. 3:14-cv-02098-JD, 2016 WL 3648550, at *9 (N.D. Cal. July 7, 2016).

*Ochoa* was a wage-and-hours class action involving five restaurants operating under a franchise agreement with McDonald's. The plaintiffs settled with the restaurants' owners and then — in the remaining case against McDonald's — moved for class certification under Rule 23(b)(2) for injunctive relief and under Rule 23(b)(3) for damages. *Id.* at *1, 4, 9. The court certified the (b)(3) class but did not certify the (b)(2) class. *Id.* at *8–9. The court observed that the plaintiffs "focused on certification under Rule 23(b)(3) [but] asked[ed] in passing for certification of a (b)(2) class for injunctive relief for current crew members." *Id.* at *9. The court denied certification of the (b)(2) class because "the thrust of the plaintiffs' claims was for damages, which vitiates a Rule 23(b)(2) class." *Id.* (citation omitted). It also did not have a clear record of the current employment practices at the restaurants and how the plaintiffs' settlement with the owners of the franchises might have changed the practices.[7]

*Ochoa* does not compel producing more ESI here: the case was about damages, not injunctive relief, and in any event, there was no record of employment practices. Moreover, the parties here contemplated production of ESI in January 2021, which means no one contemplated collection of ESI beyond December 2020. Finally, this case does not suffer from a lack of discovery; it suffers

---

[6] *Id.* at 2.

[7] *Id.* at 2–5.

ORDER – No. 17-cv-03962-HSG (LB)        3

from a surfeit of it. The court doubts that there are policy changes in 2021 that gut a Rule 23(b)(2) class (and in any event, the defendants cannot sandbag the plaintiffs with that argument). The plaintiffs point to the importance of emails that reveal issues such as caregiver understaffing,[8] but it is late in the game, and depositions ought to provide sufficient insight.

In sum, on this record, and at this date, the court denies ESI for 2021.

**IT IS SO ORDERED.**

Dated: May 28, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[8] *Id.* at 3.

ORDER – No. 17-cv-03962-HSG (LB)  4