UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STACIA STINER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BROOKDALE SENIOR LIVING, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03962-HSG (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 269 |

## INTRODUCTION

The parties dispute whether Brookdale's response to the following interrogatory was adequate: "Please identify ANY and ALL FACILITIES that were ALTERED after January 26, 1992."[1] The court can decide the issue without oral argument. Civ. L. R. 7-1(b). The response is adequate because Brookdale has produced the information it has, and answering the interrogatory more specifically would require Brookdale to compile a summary.

Brookdale produced 12,000 pages — including floor plans, blueprints, and spreadsheets — to address the issue. The plaintiffs want a more specific response because many documents were undated, and Brookdale did not identify them as "as-built" or modified. The plaintiffs want

---

[1] Letter Brief – ECF No. 269 at 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cv-03962-HSG (LB)

1   Brookdale to identify each facility altered after January 26, 1992 or declare under oath that "it has
2   no information within its possession from which such facilities can be identified."[2]

3   Brookdale objects to this request for the following reasons: (1) the request does not support the
4   plaintiffs' motion for class certification; (2) its document production provides the information it
5   has, and it has no information beyond that production because it acquired many facilities over
6   time, mostly in 2014, and it does not track the renovations before acquisition; (3) relatedly, it does
7   not maintain the information in the form the plaintiffs want, which means the parties have
8   essentially the same access to the information from the production; and (4) the plaintiffs have
9   sought the information from third parties (through subpoenas to cities in California), which is
10  duplicative and a more convenient means to obtain the information.[3]

11  The information seems relevant. In *Moeller v. Taco Bell Corp.*, in certifying a class action
12  challenging Taco Bell's barriers for patrons in wheelchairs, the court held that common issues
13  included the accessibility of architectural barriers. Taco Bell contended the "readily achievable"
14  standard required "store-specific evaluations." The court concluded that it did not: "the readily
15  achievable issue hinges, in part, on various corporation-wide factors such as the availability of
16  resources and thus presents a question common to the class." 220 F.R.D. 604, 609–10 (N.D. Cal.
17  2004) (cleaned up). That said, the court denies the plaintiffs' request. Brookdale has already
18  turned over blueprints, building plans, and spreadsheets with the information. The plaintiffs have
19  subpoenaed California cities for public records. Brookdale has represented that it has no separate
20  compilation, and that it is the same work for both parties to compile the information.[4] Given this
21  last representation, the court will not compel a response.

**IT IS SO ORDERED.**

Dated: June 22, 2021

LAUREL BEELER
United States Magistrate Judge

---

[2] *Id.* at 1–3.

[3] *Id.* at 3–6.

[4] *Id.* at 3 (Brookdale stating that "no such list that Plaintiffs request exists") (cleaned up).

ORDER – No. 17-cv-03962-HSG (LB)                2