United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA STINER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BROOKDALE SENIOR LIVING, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-03962-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 264 |

Pending before the Court is Plaintiffs' Administrative Motion to File Under Seal portions of the Proof of Service of the Motion for Substitution ("Proof of Service"). Dkt. No. 264 ("Mot."). Plaintiffs seek to seal the Proof of Service and attached exhibits to remove any personal identifying information of the named Plaintiffs' family members. For the following reasons, the Court **GRANTS** Plaintiffs' motion.

### I. LEGAL STANARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

1  omitted).

2  Records attached to non-dispositive motions must meet the lower "good cause" standard of
3  Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
4  tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted).  This
5  requires a "particularized showing" that "specific prejudice or harm will result" if the information
6  is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
7  Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific
8  examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
9  F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

10 **II.     DISCUSSION**

11 Because the Proof of Service and associated documents that Plaintiffs seek to seal are
12 attached to a non-dispositive Motion for Substitution, the Court applies the lower "good cause"
13 standard.

14 Plaintiffs filed the Proof of Service for the limited purpose of showing that their nonparty
15 family members had notice of and did not oppose the underlying Motion for Substitution, which
16 the Court has already granted.  *See* Dkt. No. 260.  Plaintiffs seek to redact from the Proof of
17 Service the names and addresses of their nonparty family members.  *See* Mot. at 3.

18 The Court finds that the names and addresses of Plaintiffs' nonparty family members have
19 minimal relevance and are at best "only tangentially related" to the underlying causes of action
20 and therefore need not be accessible to the public.  *Kamakana*, 447 F.3d at 1179.  Moreover, the
21 nonparty family members have legitimate privacy interests in keeping their identities private.  *See*
22 *Chloe SAS v. Sawabeh Info. Servs. Co.*, No. 11-CV-04147-MMM, 2015 WL 12734004, at *3
23 (C.D. Cal. Feb. 4, 2015) (finding privacy interests of nonparties sufficient to justify sealing under
24 the good cause standard and citing cases); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB,
25 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information
26 and irrelevance to the matter are compelling reasons to seal the exhibit).

27 //

28 //

1   Accordingly, the Court **GRANTS** Plaintiffs' motion.

3   **IT IS SO ORDERED.**

4   Dated: 3/29/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge