UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA STINER, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>BROOKDALE SENIOR LIVING, INC., et al.,<br><br>        Defendants. | Case No.  17-cv-03962-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 276 |

Before the Court is Plaintiffs' administrative motion to file under seal documents in support of their Motion for Class Certification.  Dkt. No. 276 ("Mot.").  For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' administrative motion.

## I.    LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

United States District Court
Northern District of California

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*

3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records

4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

5  without more, compel the court to seal its records." *Id.*

6        Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking

7  to file under seal must submit a request that establishes that the document, or portions thereof, are

8  privileged, protectable as a trade secret or otherwise entitled to protection under the law.  Civil

9  L.R. 79-5(b).  The request must be "narrowly tailored to seek sealing only of sealable material."

10  *Id.*

11        Records attached to nondispositive motions must meet the lower "good cause" standard of

12  Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

13  tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted).  This

14  requires a "particularized showing" that "specific prejudice or harm will result" if the information

15  is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

16  Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific

17  examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

18  F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

19  **II.**    **DISCUSSION**

20        Plaintiffs move to file under seal portions of the exhibits and declarations filed in support

21  of their Motion for Class Certification.  This Court follows numerous other district courts within

22  the Ninth Circuit in concluding that the compelling reasons standard applies to motions to seal

23  documents relating to class certification. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-

24  07082-BLF, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (collecting cases).

25        Plaintiffs seek to redact or file under seal various documents that have either been

26  designated by Defendants as "Confidential" pursuant to the parties' Protective Order or discuss the

27  substance of such documents. *See* Mot. at 4.  Plaintiffs only seek to redact or seal these

28  documents to comply with their obligations under the Protective Order and do not themselves

contend that there are "compelling reasons" to do so.  *Id.* at 4-5.  Under Civil Local Rule 79-5, Defendants, as the Designating Party, were required to file a statement and/or declaration describing the applicable legal standard and the reasons for filing the documents under seal.  Civil L.R. 79-5(f).  Defendants filed a declaration to that effect in September 2021, in which they clarified that they seek to seal "far less material" than Plaintiffs conditionally filed under seal.  *See* Dkt. No. 304, Declaration of Jordan Vick in Support of Plaintiffs' Administrative Motion to File Under Seal ("Vick Decl") at 2.  Specifically, Defendants seek to seal the following four categories of exhibits.

First, Defendants seek to redact portions of certain exhibits attached to the Declaration of Guy B. Wallace, *see* Dkt. No. 278-1, that contain contact and other personally-identifying information for employees, residents, and/or individuals affiliated with third-party entities.  Vick Decl. ¶ 4(a).  This personally-identifying information includes email addresses, telephone numbers, and names.  *Id.*  Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("This Court has found compelling reasons to seal personally identifiable information."); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address).  The Court concurs here and accordingly **GRANTS** Plaintiffs' motion as to Exhibits 8-11, 16, 31-35, 37-42, 46, and 50-51 to the Declaration of Guy B. Wallace (Dkt. No. 278-1), as referenced in Vick Decl. ¶ 4(a).

Second, Defendants seek to redact portions of certain exhibits attached to the Declaration of Guy B. Wallace and portions of the Declaration of Cristina Flores that, they contend, contain confidential, non-public proprietary information developed by entities affiliated with Defendants at their own expense for their own use.  Vick Decl. ¶ 4(b).  This information includes, among other things, copies of Brookdale's Quick Reference Guide entitled "Using the Personal Service

3

System (PSS) Online," Brookdale's Personal Service Assessment and Personal Service Plan Interpretive Guidelines, and deposition testimony regarding Brookdale's policies, procedures, and practices. *See id.*; Dkt. No. 276-7. Defendants contend that allowing its competitors to obtain this information would cause competitive injury to its affiliated entities. Vick Decl. ¶ 4(b). The Court finds compelling reasons to seal this proprietary information. *See Snapkeys*, 2021 WL 1951250, at *2-3 (granting motion to file under seal confidential information regarding technology because competitive harm would result from disclosure of such information); *Baird v. BlackRock Institutional Trust Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (granting motion to seal sensitive and proprietary information); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (granting motions to seal highly confidential and proprietary information that was not publicly available and could result in unfair competitive advantage to competitors). The Court accordingly **GRANTS** Plaintiffs' motion as to Exhibits 16-17, 24, 29, and 51-52 to the Declaration of Guy B. Wallace, and the Declaration of Cristina Flores (ECF No. 278-4), as referenced in Vick Decl. ¶ 4(b).

Third, Defendants seek to redact pages BKD1599048-57 of Exhibit 11 attached to the Declaration of Guy B. Wallace. Vick Decl. ¶ 4(c). Exhibit 11 is a copy of a document that includes Defendants' contract with "Bus Finders," dated March 22, 2016. *See* Dkt. No. 276-7 ¶ 24. This contract contains a confidentiality provision which generally states that the information it contains is proprietary, confidential, and may not be disclosed without the written consent of Bus Finders. Vick Decl. ¶ 4(c). Defendants contend that the disclosure of this information could harm not only its competitive standing, but also that of its affiliated entities and Bus Finders. *Id.* Courts in this District have found compelling reasons to seal confidential information regarding a party's business partners where the disclosure of that information could harm the party's competitive standing. *See Snapkeys*, 2021 WL 1951250, at *3; *FTC v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling to the extent it may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets."). The Court comes to the same conclusion here and **GRANTS** Plaintiffs' motion as to Exhibit 11 to the Declaration of Guy B.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Wallace, as referenced in Vick Decl. ¶ 4(c).

2          Fourth, Defendants seek to seal Exhibits 47-49 attached to the Declaration of Guy B.

3    Wallace.  Vick Decl. ¶ 4(d).  These documents are detailed corrective action and action plan forms

4    for Defendants' employees.  Defendants contend, and the Court agrees, that these documents

5    constitute confidential employment records in which Defendants' employees have a reasonable

6    expectation of privacy.  *Id.*  Disclosure of this confidential information to the public could result in

7    unnecessary embarrassment and injury to those employees.  Moreover, narrow redactions of the

8    employees' personally-identifying information would not sufficiently protect their privacy

9    interests because the documents include descriptions of issues that could still permit others to

10   readily ascertain their identities.  The Court accordingly finds compelling reasons to seal these

11   confidential employment records and **GRANTS** Plaintiffs' motion as to Exhibits 47-49 and 51-52

12   to the Declaration of Guy B. Wallace, as referenced in Vick Decl. ¶ 4(d).

13         Finally, the Court **DENIES** Plaintiffs' motion as to any other material filed conditionally

14   under seal solely pursuant to the parties' Protective Order.  *See* Civil L.R. 79-5(c) ("Reference to a

15   stipulation or protective order that allows a party to designate certain documents as confidential is

16   not sufficient to establish that a document, or portions thereof, are sealable.").

## III.   CONCLUSION

18         Plaintiffs' administrative motion to seal is **GRANTED IN PART and DENIED IN**

19   **PART.**  By no later than April 6, 2022, Plaintiffs' Motion for Class Certification and associated

20   exhibits shall be refiled in accordance with this Order pursuant to Civil Local Rule 79-5.  The

21   parties are reminded that all documents filed in support of a motion should be filed as attachments

22   to that motion, not filed separately.

24         **IT IS SO ORDERED.**

25   Dated:  3/30/2022

26

27   HAYWOOD S. GILLIAM, JR.
     United States District Judge