UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA STINER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BROOKDALE SENIOR LIVING, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-03962-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART OMNIBUS MOTION TO SEAL AND TERMINATING AS MOOT OTHER MOTIONS TO SEAL**<br><br>Re: Dkt. No. 425, 509, 550 |

On July 11, 2022, the Court ordered the parties to "to meet and confer and file a single administrative motion to seal and proposed order that consolidates all motions to seal that remain pending and that satisfy Civil L.R. 79-5." Dkt. No. 549. The parties filed an omnibus motion to seal which is now pending before the Court. Dkt. No. 550 ("Omnibus Motion"). For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** the Omnibus Motion.

## I.    LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (*quoting Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (*quoting Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)).

However, documents attached to non-dispositive motions are not subject to the same strong presumption of access. *See id.* Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

Because the motion for class certification is more than tangentially related to the merits of the underlying action, the Court applies the "compelling reasons" standard in evaluating the Omnibus Motion.

## II.     DISCUSSION

The Court **DENIES** the parties' Omnibus Motion as to any of the class certification briefs and **DIRECTS** the parties to file unredacted versions of the opening motion, the opposition brief, and the reply on the public docket within 7 days of this order.[1] The Court finds that the parties' articulated reasons for keeping this material under seal do not outweigh the public's interest in understanding the motion for certification and the judicial process.

The Court **GRANTS** the parties' Omnibus Motion as to all other briefing and documents.

---

[1] Plaintiffs state in the Omnibus Motion, that "Defendants have not requested to seal or redact at all" Plaintiffs' opening motion. Omnibus Motion at 14. Setting that to the side, Dkt. No. 278 (Plaintiff's motion for class certification) contains redactions. For clarity and ease of access, Plaintiffs shall file an unredacted version of their opening brief on the public docket along with the other briefing.

2

The Court finds that these documents contain personally sensitive information or confidential business information that satisfies the compelling reasons standard and outweighs the public's interest in viewing the documents. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (stating that "[t]his Court has found compelling reasons to seal personally identifiable information"); *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14, 2015) ("Plaintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal"); *Vietnam Veterans of Am. v. C.I.A.*, No. C 09-0037, 2012 WL 1094360, at *1 (N.D. Cal. Mar. 29, 2012) (sealing exhibits containing "sensitive personal information about certain individuals, including health records"); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing confidential business information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (sealing "confidential product and business information which is not intended for public disclosure").

### III. CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** the parties' motion to seal as set forth above. The Court **DIRECTS** the parties to file unredacted versions of the opening motion, the opposition brief, and the reply on the public docket within 7 days of this order.

Despite the Court's order to 1) file a consolidated motion that addressed all pending motions to seal, and 2) "clearly identify the docket numbers of the prior motions to seal that are superseded by the combined motion," *see* Dkt. No. 549, the parties' Omnibus Motion does not list Dkt. Nos. 425 and 509.

//
//
//
//
//

The Court **TERMINATES AS MOOT** Dkt. Nos. 425 and 509.  To the extent the parties believe that anything raised in those two motions is not covered by this order, they must re-file the motions with 14 days of this order.

**IT IS SO ORDERED.**

Dated: 3/30/2023

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge