Guy B. Wallace – 176151
Mark T. Johnson – 76904
Travis C. Close – 308673
Rachel L. Steyer – 330064
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California  94608-1863
Telephone:    (415) 421-7100
Facsimile:    (415) 421-7105
Email:   gwallace@schneiderwallace.com
         mjohnson@schneiderwallace.com
         tclose@schneiderwallace.com
         rsteyer@schneiderwallace.com

Gay Crosthwait Grunfeld – 121944
Jenny S. Yelin – 273601
Benjamin Bien-Kahn – 267933
Amy Xu – 330707
**ROSEN BIEN**
**GALVAN & GRUNFELD LLP**
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:   ggrunfeld@rbgg.com
         jyelin@rbgg.com
         bbien-kahn@rbgg.com
         axu@rbgg.com

Attorneys for Plaintiffs and the Proposed Classes

Michael D. Jacobsen (IL SBN 6303584) *pro hac vice*
**SEYFARTH SHAW LLP**
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000
Email:    mjacobsen@seyfarth.com

Justin T. Curley (SBN 233287)
**SEYFARTH SHAW LLP**
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549
Email:    jcurley@seyfarth.com

Erica Rutner (SBN 344880) *pro hac vice*
**MOORE & LEE, LLP**
110 S.E. 6th Street, Suite 1980
Fort Lauderdale, Florida  33301
Telephone:    (703) 940-3763
Facsimile:    (703) 506-2051
Email:    e.rutner@mooreandlee.com

Attorneys for Defendants

(*counsel continued on following page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STACIA STINER et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>BROOKDALE SENIOR LIVING, INC. et al.,<br><br>      Defendants. | Case No. 4:17-cv-03962-HSG (LB)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    April 25, 2023<br>Time:    1:00 p.m.<br>Crtrm.:  2<br><br>Judge:   Hon. Haywood S. Gilliam, Jr. |

1 | (*counsel continued from preceding page*)

2 | Kathryn A. Stebner – 121088
Brian S. Umpierre – 236399
3 | **STEBNER GERTLER
GUADAGNI & KAWAMOTO**
4 | **A Professional Law Corporation**
870 Market Street, Suite 1285
5 | San Francisco, California  94102-2918
Telephone:     (415) 362-9800
6 | Facsimile:      (415) 362-9801
Email:    kathryn@sggklaw.com
7 |               brian@sggklaw.com

8 | David T. Marks – *pro hac vice*
Jacques Balette – *pro hac vice*
9 | **MARKS, BALETTE, GIESSEL
& YOUNG, P.L.L.C.**
10 | 7521 Westview Drive
Houston, Texas  77055
11 | Telephone:     (713) 681-3070
Facsimile:      (713) 681-2811
12 | Email:    davidm@marksfirm.com
              jacquesb@marksfirm.com
13 |
Attorneys for Plaintiffs and the
14 | Proposed Classes

The parties to the above-entitled action jointly submit this Joint Case Management Conference Statement.

### 1. Jurisdiction & Service

This Court's jurisdiction is predicated upon the federal question presented by the Plaintiffs' claims under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 *et seq.*, and diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). No issues exist regarding personal jurisdiction or venue. All named parties have been served. Plaintiffs filed their Third Amended Complaint on February 15, 2019. ECF No. 90. Defendants answered on March 8, 2019. ECF No. 110.

### 2. Facts

*Plaintiffs' portion*

Plaintiffs Stacia Stiner, Ralph Carlson, Loresia Valette, Michele Lytle, Ralph Schmidt, Patricia Lindstrom, Bernie Jestrabrek-Hart, and Jeanette Algarme are elderly people and/or people with disabilities and their legal representatives and successors in interest who brought this lawsuit to remedy significant violations of the ADA, Unruh Act, Consumer Legal Remedies Act, Unfair Competition Law, and financial elder abuse law. The Court is familiar with Plaintiffs' factual allegations. *See* Mar. 30, 2023 Order, 2023 WL 2722294 ("March 30 Order"); *see also* Third Amended Complaint, ECF No. 90.

*Defendants' portion*

On July 13, 2017, Plaintiffs Patricia Eidler, Stacia Stiner, Mary-Catherine Jones, and Helen Carlson filed a putative class action Complaint against Brookdale Senior Living Inc. and Brookdale Senior Living Communities, Inc. ("Defendants"), alleging Defendants made contractual misrepresentations about staffing and are responsible for allegedly understaffing the communities at issue that purportedly utilized or utilize the "Brookdale Senior Living" brand (the "Communities"), and had allegedly discriminatory policies regarding (a) physical barriers, (b) transportation, (c) emergency evacuation, and (d) failing to modify staffing policies at residents' requests in violation of the ADA and Unruh Act. (ECF No. 1.) On August 25, 2017, Plaintiffs filed their First Amended Complaint and added Plaintiffs Bonita Hager and Lawrence

Quinlan. (ECF No. 20.) On March 29, 2018, Plaintiffs filed their Second Amended Complaint, adding Plaintiffs Edward Boris, Ralph Schmidt, Patricia Lindstrom, and Bernie Jestrabek-Hart. After Defendants sought to compel Plaintiffs Eidler, Hager, Jones, Carlson, and Quinlan to binding arbitration pursuant to the Federal Arbitration Act, on February 22, 2018, Plaintiffs Eidler, Hager, and Jones voluntarily dismissed their claims without prejudice. (ECF Nos. 39-41.) On February 15, 2019, Plaintiffs filed their Third Amended Complaint, which designated the same Plaintiffs as their Second Amended Complaint. (ECF No. 90.)

Plaintiffs' claims lack merit. The Communities ensure that their residents with disabilities have full and equal access to their services. The Communities likewise are staffed appropriately and sufficiently with experienced and caring employees throughout the day to assist residents with their needs. Further, Communities provide residents with accurate representations regarding of the levels of care and amenities they provide.

**3.    Legal Issues**

*Plaintiffs' portion*

Plaintiffs allege that Defendants Brookdale Senior Living, Inc. and Brookdale Senior Living Communities, Inc. ("Defendants" or "Brookdale") have a corporate policy and practice of violating the ADA and the Unruh Act, by: (1) failing to remediate access barriers in their assisted living facilities as required by Title III of the ADA, (2) failing to comply with the ADA in their provision of transportation services, including through its corporate Fleet Safety Policy, which unlawfully requires electric wheelchair and scooter users to transfer to a seat on its vans and buses; (3) failing to ensure that residents with disabilities can be safely evacuated in an emergency; and (4) failing to make reasonable modifications in policy and practice to provide sufficient staffing to deliver the services identified in their assessments. Plaintiffs also allege that Defendants make false and misleading statements and omissions by failing to disclose that they systemically understaff their assisted living facilities. Defendants' standardized Residency Agreement promises to assess the resident's specific needs and provide services sufficient to meet those needs. But Defendants staff their facilities pursuant to mandatory corporate labor benchmarks that do not provide for enough staff to provide all of the services residents need. As a result, residents

are routinely denied essential services such as assistance with taking medication, housekeeping, dressing, bathing, toileting, and hygiene. These material omissions violate California's CLRA, UCL, and elder financial abuse statute.

*Defendants' portion*

Defendants dispute the claims Plaintiffs assert in the Third Amended Complaint. First, with respect to Plaintiffs' claims under the ADA and the Unruh Act, the facts will show the Communities are not "open to the public" like a hotel, store, or restaurant, but instead are long-term residences where each individual lives in his or her own private apartment. Such private housing is not a "public accommodation" under Title III of the ADA (or under the Unruh Act). Even if the ADA did apply, the Communities consist of buildings that were all constructed or altered at various times both before and since the enactment of the ADA, which will make evaluation of any technical alleged barriers labor intensive and highly fact-specific. Plaintiffs cannot show there was any policy or practice that denied residents with disabilities access to transportation or emergency evacuation services. Finally, those Plaintiffs who are deceased or otherwise no longer reside at the Communities lack standing to maintain their ADA claims.

Second, even if the housing provided in the Communities is subject to the ADA and Unruh Act, Plaintiffs' understaffing allegations under the ADA fail because Plaintiffs cannot show services are provided in a way that discriminates against disabled residents. Communities provide reasonable modifications as necessary to ensure access to Community amenities and services by residents with disabilities. Plaintiffs will not be able to show any Plaintiff requested reasonable modifications to any policies, practices, and procedures regarding staffing to accommodate their disabilities. Further, the evidence will show the staffing levels at the Communities were adequate.

Third, for Plaintiffs to prevail on their claims under the CLRA and UCL, Plaintiffs must prove the alleged representations by Defendants were false or misleading and Plaintiffs actually acted in reliance on the representations. The evidence will show neither is the case. In addition, Defendants deny they engaged in any of the alleged fraudulent business practices. Further, with respect to Plaintiffs' elder financial abuse claims, the evidence will show Communities provided their residents with the contracted- and paid-for level of care, both in terms of basic and personal

services and availability of other services advertised to residents.

**4.    Motions**

*Plaintiffs' portion*

On March 30, 2023, this Court granted certification of a subclass of Wheelchair and Scooter Users pursuant to Fed. R. Civ. P. 23(b)(2) to challenge Defendants' Fleet Safety Policy under the ADA.  The March 30 Order denied class certification of Plaintiffs' other claims and proposed classes.  Plaintiffs respectfully disagree with the Court's March 30 Order, and have sought permission to appeal it from the Ninth Circuit pursuant to Rule 23(f) through a petition filed April 13, 2023.

Plaintiffs plan to file a Motion for Partial Summary Judgment regarding the Fleet Safety Policy on behalf of the certified subclass and regarding certain disability discrimination and access issues in the complaint on behalf of the named Plaintiffs, including the access barriers in the named Plaintiffs' facilities.  Plaintiffs will also seek leave to amend their complaint to add named Plaintiffs who reside at Brookdale RCFEs, or in the alternative, such residents may move to intervene in the action.  Contrary to Defendants' assertion below, no scheduling order has yet issued in this case.  Plaintiffs anticipate filing a second motion for class certification, which will seek to certify subclasses of residents at each facility at which a named plaintiff resides for all of Plaintiffs' ADA and Unruh Act claims.  In addition, if the forthcoming decision from the Ninth Circuit in *Heredia v. Sunrise Living*, 9th Cir. Case No. 22-55332 is favorable to Plaintiffs, we may bring a renewed class certification motion as to the consumer fraud claims.  *See* Mar. 30, 2023 Order, 2023 WL 2722294, at *36 n.17.

*Defendants' portion*

Defendants will file their opposition to Plaintiffs' petition for permission to appeal the Court's March 30 Order under Rule 23(f) by the deadline of April 24, 2023, per the Ninth Circuit's Rules of Appellate Procedure.

Defendants intend to file a motion to stay the claims of the Wheelchair and Scooter Users Subclass in anticipation of action regarding the alleged "Fleet Safety Policy" that will moot and/or substantially impact the need for the injunctive relief sought by this subclass. Defendants also

anticipate filing a motion to decertify this subclass and/or a motion for partial summary judgment as to the claims of this subclass.  Defendants also oppose any second and/or renewed motion for class certification, as Plaintiffs had ample opportunity to seek certification of any class or subclass in their Motion for Class Certification and failed to do so at the appropriate time.  Plaintiffs should not be permitted to upend the existing scheduling orders regarding class certification to accommodate their own strategic decisions during the pendency of this litigation.  (*See, e.g.*, ECF No 315.)  Defendants also intend to oppose any motion to seek leave to amend Plaintiffs Third Amended Complaint, as well as any motions by other residents to intervene in the action.  Finally, Defendants anticipate filing a motion for summary judgment on the individual claims.

5.     **Amendment of Pleadings**

As noted above, Plaintiffs will seek leave to amend their Complaint to add named Plaintiffs.  Contrary to Defendants' contention that Plaintiffs have waived their right to seek further amendments because of a statement in the July 2019 CMC statement, there is no Rule 16 scheduling order in the case limiting the time for amendments.  Moreover, Defendants misquote the 2019 CMC statement—Plaintiffs stated there that they would seek leave of the Court "[i]f Plaintiffs seek to file an amended Complaint (including to add a new named putative class representative)," and the parties stated that "[*a]t present*, neither party believes amended pleadings are necessary." ECF No. 134 at 14 (emphasis added).

Defendants will oppose Plaintiffs' request for leave to amend their Third Amended Complaint.  Plaintiffs already amended their Complaint three times over the course of this litigation, including to add new named Plaintiffs.  Notably, in the joint case management statement the parties filed on July 9, 2019, after Plaintiffs filed their Third Amended Complaint, Plaintiffs stated that they did not "believe[] amended pleadings are necessary."  (ECF No. 134.)  Plaintiffs' attempt to amend their Third Amended Complaint to add new named Plaintiffs now is a transparent step in furtherance of their strategy to certify subclasses of residents at as many Communities as possible after the Court denied Plaintiffs' motion for class certification as to almost all of Plaintiffs' claims and proposed classes.  Plaintiffs should not be permitted to circumvent the Court's orders and the existing deadlines by essentially re-starting and re-litigating

the action with brand new Plaintiffs at this late stage. (*See, e.g.*, ECF No. 315.) Fed. R. Civ. P. 15(a) (stating that while a party may amend its pleading once as a matter of course within 21 days after serving it, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave").

**6.   Evidence Preservation**

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, and have discussed ESI Guidelines 2.01 and 2.02 as well as the Checklist for ESI Meet and Confer.

**7.   Disclosures**

The parties' Initial Disclosures were completed on March 5, 2019.

**8.   Discovery**

*Plaintiffs' portion*

Plaintiffs request that the Court direct immediate production of the full list of class members in the certified subclass. Plaintiffs seek such a list both for purposes of class notice and so that they can advise their clients regarding their claims (an attorney-client relationship with all members of the subclass having been created as of the date of this Court's March 30, 2023 Order). The Court's March 10, 2023 Order (ECF No. 589) stayed discovery pending the class certification ruling. Discovery is therefore now open again. Plaintiffs expect Defendants to answer their outstanding Requests for Production, Set Nine, and will continue to meet and confer regarding responses to these Requests. Plaintiffs anticipate serving additional written discovery requests and taking additional depositions. After the addition of new Plaintiffs, Plaintiffs will also seek to inspect any facilities not yet inspected by their experts at which such residents reside or resided for physical access barriers.

*Defendants' portion*

Defendants anticipate serving limited additional discovery as necessary.

Defendants oppose Plaintiffs' request for production of the list of members in the

Wheelchair and Scooter Users Subclass. The Court certified this subclass pursuant to Rule 23(b)(2) only. As such, "notice to absent class members and an opportunity to opt out of the class are not required." *Doe v. Wolf*, 424 F. Supp. 3d 1028, 1036 (S.D. Cal. 2020) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361-62 (2011) (noting relief sought in a Rule 23(b)(2) class "perforce affect[s] the entire class at once" and, thus, the class is "mandatory" with no opportunity to opt out)). As such, Plaintiffs have not shown the production of such a list is relevant or warranted at this juncture. Further, Plaintiffs' request is unduly burdensome and not proportional to the needs of this case because it would require Defendants to manually sort through hundreds of resident records to attempt to identify and make a determination as to whether each resident, at each and every Community still utilizing the Brookdale brand, uses a wheelchair, scooter, or other powered mobility aid, per the subclass definition. That burden is unwarranted under the circumstances, including in light of anticipated action regarding the alleged "Fleet Safety Policy" that will moot or substantially alter the injunctive relief claims of this subclass.

Defendants will serve responses to Plaintiffs' Requests for Production, Set Nine, by May 2, 2023, per the agreement of the parties. As to the additional written discovery requests and depositions Plaintiffs anticipate, Plaintiffs already have sought and obtained enormous amounts of discovery throughout this litigation, including related to the merits. (ECF No. 569.) Accordingly, Plaintiffs' need for any further discovery should be extremely limited and completed in short order.

As noted above in Sections 4 and 5, Defendants will oppose Plaintiffs' request for leave to amend their Third Amended Complaint to add named Plaintiffs. Defendants will meet and confer with Plaintiffs as to any further Community inspections when Plaintiffs seek those inspections as necessary.

**9.  Class Action**

*Plaintiffs' portion*

Plaintiffs' counsel have reviewed the Northern District's Procedural Guidance for Class Action Settlements. As noted above, Plaintiffs seek immediate production of the full class list of the certified subclass of Wheelchair and Scooter Users. Plaintiffs request that the Court order that

notice be provided to all members of the certified subclass pursuant to Rule 23(c)(2)(A), including through mail, e-mail, and posting Plaintiffs' counsel's contact information in every Brookdale RCFE in California.  Plaintiffs will also seek partial summary judgment on behalf of the certified subclass regarding the illegal Fleet Safety Policy.  Plaintiffs also seek to file a second motion for class certification, which will seek to certify subclasses of residents at each facility at which a named plaintiff resides for all of Plaintiffs' ADA and Unruh Act claims, and may also seek to renew their motion for class certification of the consumer fraud claims following the Ninth Circuit's ruling in *Heredia*.

*Defendants' portion*

Defendants' counsel have reviewed the Northern District's Procedural Guidance for Class Action Settlements.

Defendants oppose Plaintiffs' request for production of the list of members in the Wheelchair and Scooter Users Subclass and for notice to be provided to all members of this subclass.  As noted, the Court certified this subclass pursuant to Rule 23(b)(2) only.  As such, "notice to absent class members and an opportunity to opt out of the class are not required." *Doe v. Wolf*, 424 F. Supp. 3d 1028, 1036 (S.D. Cal. 2020) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361-62 (2011) (noting relief sought in a Rule 23(b)(2) class "perforce affect[s] the entire class at once" and, thus, the class is "mandatory" with no opportunity to opt out)).  Moreover, for the reasons set forth above, Plaintiffs have not shown any need to provide notice to the absent members of this subclass at this juncture.  The Court should deny their request.

As noted in Section 4 above, Defendants may file a motion to decertify this subclass and anticipate filing responses in opposition to Plaintiffs' motion for partial summary judgment and second and/or renewed motion for class certification.

**10.   Related Cases**

This Court previously determined that this case was related to *Winans v. Emeritus Corporation*, Case No. 13-cv-03962-HSG.  ECF No. 55.  Plaintiffs are unaware of any other related cases.

11. **Relief**

Plaintiffs seek actual damages under Cal. Civ. Code § 1780(a)(1), Cal. Welf. & Inst. Code § 15657.5(b), and Cal. Civ. Code § 3345. However, Plaintiffs do not seek damages related to any personal injuries, emotional distress or wrongful death suffered by any member of the putative classes.

Plaintiffs seek statutory damages in the amount of $1,000 pursuant to Cal. Civ. Code § 1780(a). As senior citizens and/or disabled persons, Plaintiffs and the class members are each entitled to additional statutory damages of up to $5,000 per person, pursuant to Cal. Civ. Code § 1780(b).

Plaintiffs further seek trebling of the above-listed damages under Cal. Civ. Code § 3345. Plaintiffs also seek punitive damages under Cal. Civ. Code § 3294, and restitution under Cal. Bus. & Prof. Code §§ 17200 *et seq.* and Cal. Civ. Code § 1780(b)(3).

Plaintiffs additionally seek statutory damages pursuant to Cal. Civ. Code § 52(a) for the putative class of residents with mobility and/or visual disabilities. Plaintiffs seek treble damages pursuant to Cal. Civ. Code § 52(a).

Plaintiffs further seek injunctive relief requiring Defendants to bring their assisted living facilities into compliance with the applicable requirements of the 2010 ADAS, the 1991 ADAAG and the CBC.

Plaintiffs additionally seek injunctive relief under Cal. Welf. & Inst. Code § 15657.5(a), Cal. Bus. & Prof. Code §§ 17200 *et seq.* and Cal. Civ. Code § 1780(a)(2) requiring that Defendants immediately cease acts that constitute false advertising and violations of the Consumer Legal Remedies Act and the Elder Financial Abuse statute with respect to Defendants' misrepresentations, misleading statements, and material omissions, and to enjoin Defendants from continuing to engage in any such acts or practices in the future.

Plaintiffs also seek injunctive relief requiring the Defendants disclose to Plaintiffs, the putative class members and the consuming public that its corporate policies and procedures preclude it from providing its residents with the care and services that they have been promised and places all residents at an inherent and substantial risk that they will not receive the care and

services that have paid for on any given day, and prohibiting Defendants from charging fees based on the residents' Personal Service Plans when Defendants do not, in fact, provide adequate staffing levels to perform the personal services identified in those plans.

Finally, Plaintiffs seek an award of reasonable attorneys' fees, costs and litigation expenses under the ADA, California Government Code § 1021.5, and other statutes.

**12.  Settlement and ADR**

The parties have previously held two unsuccessful mediations with Judge Edward A. Infante.  Plaintiffs are amenable to a third private mediation before Judge Infante.

Defendants are willing to discuss with Plaintiffs the prospect of a third mediation with a mutually agreeable mediator should Plaintiffs propose to mediate in good faith.

**13.  Consent to Magistrate Judge For All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**14.  Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The parties will meet and confer over whether bifurcating proceedings on liability and damages would be appropriate in this matter.

**16.  Expedited Trial Procedure**

The parties agree that this case is not appropriate for an expedited trial procedure.

**17.  Scheduling**

The parties request that the Court set a trial date.

Plaintiffs propose the following schedule.

| | |
|---|---|
| Last day to seek leave to amend pleadings or file motions for intervention | November 1, 2023 |
| Last day to file second motion for class certification (if leave to amend granted) | July 1, 2024 |
| Fact discovery cut off | August 30, 2024 |

| | |
|---|---|
| Designation of merits experts by the parties (non-rebuttal) | September 27, 2024 |
| Designation of rebuttal expert by the parties | October 25, 2024 |
| Expert discovery cut off | December 20, 2024 |
| Last day to hear dispositive motions and *Daubert* motions | March 14, 2025 |
| Pretrial Conference | June 6, 2025 |
| Trial | July 14, 2025 |

Defendants propose the following schedule.

| | |
|---|---|
| Fact discovery cut off | July 14, 2023 |
| Designation of merits experts by the parties (non-rebuttal) | September 18, 2023 |
| Designation of rebuttal expert by the parties | October 19, 2023 |
| Expert discovery cut off | December 11, 2023 |
| Last day to hear dispositive motions and *Daubert* motions | February 15, 2024 |
| Pretrial Conference | April 8, 2024 |
| Trial | April 22, 2024 |

**18.   Trial**

*Plaintiffs' portion*

This case will be tried to a jury.  Plaintiffs anticipate a three-week trial.  Any equitable remedies will be tried to the Court.

*Defendants' portion*

Defendants anticipate the length of trial will depend on the Plaintiffs and claims remaining following summary judgment.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Both Plaintiffs and Defendants have filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15.

On Plaintiffs' side, other than the putative class representatives and class members, Plaintiffs are unaware of any other entities or persons with a financial interest in the proceeding or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other**

The parties have no other matters to raise at this time.

The e-filing attorney hereby attests that (s)he has obtained concurrence in the filing of the document from the other signatories.

Respectfully submitted,

DATED:  April 18, 2023            SCHNEIDER WALLACE COTTRELL KONECKY LLP

By:  */s/ Guy B. Wallace*
Guy B. Wallace

DATED:  April 18, 2023            ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Gay Crosthwait Grunfeld*
Gay Crosthwait Grunfeld

Attorneys for Plaintiffs

DATED:  April 18, 2023            MOORE & LEE, LLP

By:  *Erica Rutner*
Erica Rutner

Attorneys for Defendants