UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STACIA STINER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BROOKDALE SENIOR LIVING, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03962-HSG (LB)<br><br>Re: ECF Nos. 688, 691, 692, 694, and 698 |

The parties asked for clarification about the court's discovery order at ECF No. 695.

First, the court disregards the statements at ECF Nos. 688 and 694. They are separate statements, they violate the procedures in the standing order, the court did not authorize them, and they total seventeen pages.

Second, the parties filed two discovery letters. In ECF No. 691, the plaintiffs cited earlier orders summarily, contending that they supported production of the class list and string-citing (without analyzing) cases. The defendants countered that Judge Gilliam denied a request for the discovery already. Rather than wade into a dense docket to try to sort out what happened in other proceedings, the court determined that the matter was more efficiently decided on full briefing that addressed the "it has already been decided" argument. In ECF No. 692, the plaintiffs asked for discovery about the staffing formula, and the defendants countered that the data is not relevant or proportional to the remaining claims. Again, for reasons that include the changed landscape of

ORDER – No. 17-cv-03962-HSG (LB)

litigation, the matter is addressed more efficiently through full briefing. Another issue is that ECF No. 692 is sixty pages. No chambers copy was submitted (as is required by the court's standing order for filings that have attachments). Also, there is a formatting glitch which meant that the court could print only through page 32. The reliance on attachments also militated in favor of full briefing: it is not the court's job to wade through attachments to try to understand the parties' arguments. Letter briefs are meant to queue issues for quick consideration, not impose an administrative burden on an already-busy trial court.

As to the court's flagging the February 1 discovery cutoff, the plaintiffs' separate filing at ECF No. 688 at 3 (filed December 19, 2023, at around 5:30 p.m.) says that the discovery "must be completed before the discovery cut-off date of February 1, 2024." For that reason, the plaintiffs requested an immediate, urgent case-management conference to manage discovery. Then, on December 21, 2023, at around 5:30 p.m., the parties filed their two discovery letters. December 22 (the next day) was a court administrative day for the holidays. The court's reaction to the timing was that the parties filed unhelpful briefs right before the holidays, asking for relief that shifted the burden to the court to try to sort things out, and they created a false urgency by waiting to raise the disputes. Also, again, it is not the court's job to wade into a dense docket to sort out what has happened and how it can be fixed. The parties need to do that, and they did not do so in their filings. And as they know, any requests to change the case schedule must be raised before the trial judge.

In sum, the court denied the requests for discovery without prejudice to the plaintiffs' filing a motion to compel discovery because this allows the disputes to be addressed more efficiently. Under the local rules, the plaintiffs can notice motions for any available Thursday at 9:30 a.m. at least five weeks after the motion is filed. Any motion must include reasons supporting the discovery and not rely by reference on earlier motions or orders. The attached standing order includes the court's procedures for chambers copies, including tabbed exhibits.

**IT IS SO ORDERED.**

Dated: December 30, 2023

_____
LAUREL BEELER
United States Magistrate Judge