UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA STINER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BROOKDALE SENIOR LIVING, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-03962-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR CERTIFICATION OF SUBCLASSES AND DENYING DEFENDANT'S MOTIONS TO STRIKE AND FOR SANCTIONS**<br><br>Re: Dkt. Nos. 650, 656, 657, 681, 682, 683 |

Pending before the Court is Plaintiffs' motion for leave to file a motion for certification of subclasses, Dkt. No. 650, as well as numerous motions to strike and for sanctions filed by Defendant. Dkt. Nos. 656, 657, 681, 682, 683.[1] For the reasons discussed below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion for leave, **DENIES** Defendant's motions to strike at Dkt. Nos. 656, 681, and 683, and **DENIES** Defendant's motions for sanctions, Dkt. Nos. 657 and 682.

**I.　BACKGROUND**

Since the parties are familiar with the contours of this long-running case, the Court recites only those facts bearing on Plaintiff's motion for leave to file a motion for certification of subclasses. Dkt. No. 650.

On March 30, 2023, the Court, as relevant here, denied class certification as to both the access barrier claims and the misleading statements and omissions claims. Dkt. No. 593. On

---

[1] The Court finds Dkt. Nos. 656, 657, 681, 682, 683 appropriate for disposition without oral argument and deems the matters submitted. *See* Civil L.R. 7-1(b).

April 25, 2023, the parties came before the Court for a case management conference ("CMC"), ahead of which they submitted a joint statement. *See* Dkt. No. 601. In this joint statement, Plaintiffs informed the Court that they intended to move for leave to file a second motion for class certification, but this time would seek to certify subclasses of residents at only a handful of facilities for their ADA and Unruh Act claims. *Id*. at 6. They also informed the Court that depending on the outcome of the then-pending appeal of the class certification order in *Heredia v. Sunrise Living*, 9th Cir. Case No. 22-55332, they might also seek leave to bring a renewed class certification motion as to their consumer fraud claims. *Id*.

On August 24, 2023, the parties came back before the Court for a CMC to set a case schedule.[2] *See* Dkt. Nos. 636 (minutes), 642 (transcript). At the CMC, the Court discussed with the parties Plaintiffs' intention to pursue certification of facility-based subclasses and renewing their misleading statements and omissions claims in light of the Ninth Circuit's then-recent ruling in *Heredia*. The Court ultimately directed Plaintiffs to package their requests into a motion for reconsideration on the misleading statements and omissions claims and a motion for leave to file a motion for certification of subclasses on the access barrier claims, and directed the parties to meet and confer on a briefing schedule for the motions. Dkt. No. 642 at 20:21-21:19. The parties did so, and submitted a stipulation setting, among other things, an October 19, 2023 deadline for Plaintiffs to file their motion for leave.[3] Dkt. No. 639. The Court granted the stipulation, Dkt. No. 640, and also subsequently granted Plaintiffs' administrative motion to enlarge page limits. In this motion, Plaintiffs also informed the Court that "[h]aving further analyzed the Court's Decision on Class Certification and the relevant law," "Plaintiffs do not intend to file a motion for reconsideration of the Court's denial of the Misleading Statements and Omissions Class and the Elder Financial Abuse Class as originally proposed," but rather "plan to seek certification of

---

[2] Prior to this CMC, Plaintiffs had petitioned the Ninth Circuit for permission to appeal the Court's order granting in part and denying in part class action certification. Dkt. No. 600. On May 31, 2023, the Ninth Circuit denied the petition. Dkt. No. 618.

[3] In a footnote, Defendant states its view that "the Court instructed Plaintiffs to file a motion for reconsideration with respect to this putative class" such that it does "not agree that Plaintiffs have permission to move for leave to file a renewed motion for class certification with respect to Plaintiffs' CLRA and UCL claims." Dkt. No. 640 at 2, n. 1.

1  subclasses that are more narrowly defined and exclude residents and their successors in interest
2  who would seek recovery of personal Services Fees based on Defendant's alleged
3  misrepresentations and material omissions in the residency agreement." Dkt. No. 643 at 3.
4       On October 19, 2023, Plaintiffs timely filed their motion for leave to file a motion for
5  certification of subclasses – specifically, of six facility-based subclasses for their ADA and Unruh
6  claims, and two misleading statements and omissions claims subclasses for their UCL and CLRA
7  claims. Dkt. No. 650. Defendant filed an opposition on November 9, 2023, as well as motions to
8  strike, Dkt. No. 656, and for sanctions, Dkt. No. 657. Plaintiffs filed a reply on November 20,
9  2023, followed by an amended reply on December 4, 2023, Dkt. No. 680. In response to
10 Plaintiffs' reply and amended reply and the attorney declarations contained therein, Defendant
11 filed two motions to strike, Dkt. Nos. 681 & 683, as well as a motion for sanctions, Dkt. No. 682.
12      The Court held a hearing on February 1, 2024, at which time it heard argument regarding
13 Plaintiffs' motion for leave and took under submission Defendant's motions to strike and for
14 sanctions without oral argument. Dkt. No. 717.

## II. DISCUSSION

### A. Motion for Leave to File Motion for Certification of Subclasses

Plaintiffs argue that controlling Supreme Court and Ninth Circuit precedent requires the Court to consider Plaintiffs' proposed subclasses, while Defendant asserts that because no "materially changed or clarified circumstances" are present, the Court should not grant Plaintiffs leave to file a renewed motion for class certification. *See generally* Dkt. Nos. 650 ("Mot."), 680 ("Reply"), 672 ("Opp.")

The Court finds that both parties have overstated their positions. On the one hand, Plaintiffs have not identified any authorities that *compel* a court to consider subclasses after the denial of certification of a broader class; instead, they point to authorities that permit such consideration. Mot. at 22. On the other hand, Defendant has not demonstrated that a court *must* apply the reconsideration standard to a motion for leave to file for renewed subclass certification; it cites numerous district court authorities that do, Opp. at 13-16, while Plaintiffs cite numerous district court authorities that do not, Reply at 9-10.

3

In the absence of precedential authority compelling the Court to allow Plaintiffs to file a renewed motion or mandating the standard the Court applies should it choose to do so, and without holding that Plaintiffs have satisfied the reconsideration standard, the Court concludes that the unique circumstances of this case warrant granting Plaintiffs leave to file a renewed motion for certification of six access barrier subclasses. *Davidson v. O'Reilly Auto Enterprises*, LLC, 968 F.3d 955, 964 n.7 (9th Cir. 2020) (recognizing that Rule 23(c)(1)(C) empowers courts to revisit class certification rulings any time "before final judgment"); *see also Andrews v. Plains All Am. Pipeline*, L.P., No. CV154113PSGJEMX, 2018 WL 2717833 (C.D. Cal. Apr. 17, 2018) (ruling on renewed motion for certification without applying reconsideration standard), *Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625 (S.D. Cal. 2010) (same). The unique circumstances present here include but are not limited to the fact that the Court did not deny Plaintiffs' original certification motion with prejudice, has been aware of Plaintiffs' plan to file a motion for leave as to these subclasses since April 2023 (and subsequently allowed that filing), and is persuaded based on the briefing and oral argument that granting leave as to these subclasses does not represent a "do-over," require vast additional (as opposed to at most narrowed, supplemental) discovery, or clearly imperil the Court's existing scheduling order. Moreover, these narrowed subclasses – and the honed theory that they reflect – respond meaningfully to the concerns raised in the Court's original denial of certification on Plaintiffs' access barrier claims. Accordingly, the Court **GRANTS** Plaintiffs' motion for leave to file a motion to certify six access barrier subclasses.

However, the same outcome is not warranted for the two misleading statements and omissions subclasses Plaintiffs propose. Because these subclasses largely reprise theories that the Court has already rejected (and continues to reject, even in light of the Ninth Circuit's non-binding memorandum disposition finding no abuse of discretion in *Heredia*), and because granting leave would require the parties to engage in significant new discovery efforts given the new evidence proffered by Plaintiffs (including an entirely new expert, for example), Plaintiffs' motion for leave to seek certification of their UCL and CLRA claims is **DENIED**. This ruling does not, of course, affect named Plaintiffs' abilities to litigate their UCL and CLRA claims on an individual basis.

4

**B.     Motions to Strike**

In the span of appropriately six weeks, Defendant filed three motions to strike materials from Plaintiffs' motion for leave and supporting declarations.

The first of Defendant's three motions seeks to strike the portions of Plaintiffs' motion that pertain to their misleading statements and omissions claims. *See generally* Dkt. No. 656.  Though motions to strike are generally governed by Federal Rule of Civil Procedure 12(f), which provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Defendant concedes that Rule 12(f) "does not expressly govern non-pleadings" such as the motion for leave, and instead appeals to the Court's "inherent power to strike inappropriate materials." Dkt. No. 656 at 13-14.  It argues that Plaintiffs violated a court order by including their proposed UCL and CLRA subclasses in the motion for leave instead of filing a separate motion for reconsideration as to those claims, and that striking the inappropriate material is therefore warranted. *Id*. at 14.  While the Court acknowledges that the way Plaintiffs ultimately packaged their arguments differs from what the Court initially discussed with the parties at the August 2023 CMC, the Court does not agree that their inclusion of the UCL and CLRA claims in the motion for leave is a per se violation of the Court's order – in part because Plaintiffs' intention to proceed with a single motion covering all claims was twice communicated to the Court prior to their moving for leave. *See* Dkt. Nos. 639, 643.  As such, the Court declines to exercise its inherent authority to strike the related material, and **DENIES** the motion.  Dkt. No. 656.

//
//
//
//
//
//
//
//

The second and third of these motions concern attorney declarations attached to Plaintiffs' reply and amended reply.[4]  Dkt. Nos. 681, 683.[5]  Defendant argues that portions of these declarations violate Local Rule 7-5(b), which states that any declaration submitted in support of a motion "may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument," and that any noncompliant declaration "may be stricken in whole or in part."  LR 7-5(b).  Based on the purportedly improper conclusions and argument advanced in all three declarations, Defendant argues that striking is warranted.[6]

Having reviewed the material Defendant seeks to strike, the Court agrees with Defendant

---

[4] Plaintiffs originally filed a reply on November 20, 2023, which included as attachments the attorney declarations of Guy Wallace, Gay Grunfeld, and Brian Umpierre.  Dkt. No. 678.  However, on November 22, 2023, the Court granted Plaintiffs' administrative motion extending their deadline to reply.  Dkt. No. 679.  Accordingly, Plaintiffs filed an amended reply on December 4, 2023.  Dkt. No. 680.  Along with this amended reply, Plaintiffs filed the amended attorney declaration of Brian Umpierre.  Dkt. No. 680.  Though they did not re-file the Grunfeld or Wallace Declarations as supporting documents (either in original or amended format), Plaintiffs relied on both in their amended reply.  As a result, the Court cannot consider Plaintiffs' original reply mooted or withdrawn, since that filing contains the Grunfeld and Wallace Declarations (Dkt. Nos. 678-1, 678-2) that are also relied upon in Plaintiffs' amended reply.  However, for the sake of clarity and interest of efficiency, and in light of the subsequently filed amended versions, the Court will consider the reply brief itself (Dkt. No. 678) and the original Umpierre Reply Declaration (Dkt. No. 678-3) functionally withdrawn.

[5] Defendant filed the motion to strike at Dkt. No. 681 in response to the Umpierre, Wallace, and Grunfeld Declarations filed in support of Plaintiffs' reply.  Following the filing of Plaintiffs' amended reply, Defendant filed another motion to strike, Dkt. No. 683, to address the supporting amended Umpierre Reply Declaration.  Since the amended reply relies on the amended version of Umpierre Declaration only, the Court understands Defendant's motion to strike at Dkt. No. 683 to supersede the portions of Dkt. No. 671 that present argument on the originally filed Umpierre declaration.  The Court admonishes Defendant that filing multiple motions pertaining to and containing virtually identical material is an exceedingly poor use of the Court's time.  This is especially true where, as here, Defendant could have streamlined two motions into one.  Instead, Defendant proceeded with two separate motions, causing Plaintiffs to spend twice as long briefing materially identical issues, and the Court to spend twice as long sorting through the parties' briefing on the motions to strike.  Given that bogging down the Court with serial and ancillary motions to strike and motions for sanctions hinders the forward momentum of this case, Defendant is advised to file these motions judiciously and only where necessary to advance the litigation moving forward.

[6] For the sake of clarity, the Court summarizes Defendant's operative striking requests: (1) *Amended Umpierre Declaration* (Dkt. No. 680-1) - Paragraphs 7, 8, 24-25, 35-36, 39, 42-44, 51-54, 56, 58-59, 62-64, 66-68, 70, 73, 75-77; (2) *Grunfeld Declaration* (Dkt. No. 678-2) - Paragraphs 4-5; (3) *Wallace Declaration* (Dkt. No. 678-1) - Paragraph 4.

1  that the declarations at issue contain numerous improper conclusions and arguments in violation of
2  Local Rule 7- 5(b).  This is not the first time the Court has made this determination, though the
3  noncompliance at issue is more significant this time around.  *See* Dkt. No. 593 at 26-27.  Of the
4  contested declarations – all of which have deficiencies – the Court finds that the Umpierre
5  declaration strays furthest from the Local Rules' directive to include "only facts."  Mr. Umpierre's
6  characterization of the parties' discovery history, for example, includes assertions that Defendant
7  "resisted and delayed" production or "forced" Plaintiffs to seek relief from the Magistrate Judge.
8  Dkt. No. 683 at 9 (discussing ¶¶ 7-8 and 24-25 of the Amended Umpierre Declaration).  His
9  declaration similarly discusses, among other things, the rationale of prior court rulings, the various
10  strengths of new expert testimony, and the impact of the motion to leave on the case schedule in
11  ways that stray outside the bounds of fact.  *Id*.  Confronted with Defendant's motions, even
12  Plaintiffs concede, as they must, that a handful of paragraphs across the three declarations "may
13  not be considered in strict compliance with LR 7-5(b)."  Dkt. Nos. 683 at 11, 693 at 22.

14  Though it therefore sees merit in Defendant's arguments, the Court declines to grant the
15  motions to strike because it did not rely on the disputed portions of the attorney declarations in
16  reaching its ruling on Plaintiffs' motion for leave.  That said, the Court will use its "inherent
17  power" to strike references to Exhibit A of the Wallace Reply Declaration in Plaintiffs' Amended
18  Reply, Dkt. No. 680, as well as Exhibit A itself, Dkt. No. 678-1 at 5-40.  *Jones v. Metro. Life Ins.*
19  *Co.*, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010).  Exhibit A is an amicus brief filed in
20  support of Plaintiffs' motion for interlocutory appeal, and its inclusion in Plaintiffs' amended
21  reply is an obviously inappropriate and purely argumentative attempt to relitigate the Court's prior
22  ruling.

23  Accordingly, the Court **DENIES** Defendant's motions to strike Plaintiffs' attorney
24  declarations.  Dkt. Nos. 681, 683.  However, the Court advises Plaintiffs that this ruling should not
25  be mistaken for approval of their conduct.  The Local Rules provide that the proper place for
26  attorney argument is within the four corners of the brief, and not in declarations.  Having now
27  been twice ordered to comply with Local Rule 7-5(b), the Court cautions Plaintiffs that if it finds
28  that Plaintiffs have submitted improper attorney declarations in connection with future filings, it

1 will impose sanctions without further notice whether or not the Court relies on the material in
2 question in reaching a given ruling.

### C. Motions for Sanctions

Along with its motions to strike, Defendant filed two motions for sanctions. In the first, Defendant argues that the Court should sanction Plaintiffs' counsel for including argument on their misleading statements and omissions claims in the motion for leave, Dkt. No. 657, and in the second, that sanctions are warranted given the noncompliance of Plaintiffs' attorney declarations with Local Rule 7-5(b), Dkt. No. 682.

Having considered the motions, the Court, in its discretion, **DENIES** them both, while giving the parties clear notice that further noncompliance will be a basis for sanctions. Dkt. Nos. 657 & 682.

## III. CONCLUSION

The Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion for leave to file certification of subclasses, Dkt. No. 650. While Plaintiffs may seek certification of their access barrier facility-based subclasses on their ADA and Unruh claims, they may not motion for certification of their misleading statements and omissions claims.

The Court further **DENIES** Defendant's motions to strike, Dkt. Nos. 656, 681, and 683, and its motions for sanctions, Dkt. Nos. 657 and 682.

Plaintiffs are **ORDERED** to file on the docket by Friday, February 9, 2024 their motion for certification of the access barrier subclasses.

//
//
//
//
//
//
//
//

8

The Court further **SETS** an in-person case management conference on February 13, 2024, at 1:00 p.m. in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA. At the CMC, the parties should be prepared to discuss the proposed briefing and hearing schedule for Plaintiffs' renewed motion for certification of subclasses. When considering dates, the parties should bear in mind the Court's very strong interest in maintaining all current deadlines, including the existing pretrial and trial dates.

**IT IS SO ORDERED.**

Dated: 2/7/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge