| | |
|---|---|
| Guy B. Wallace – 176151 | Gay Crosthwait Grunfeld – 121944 |
| Mark T. Johnson – 76904 | Jenny S. Yelin – 273601 |
| Jennifer U. Bybee – 302212 | Benjamin Bien-Kahn – 267933 |
| Travis C. Close – 308673 | Adrienne Spiegel – 330482 |
| Rachel L. Steyer – 330064 | **ROSEN BIEN** |
| **SCHNEIDER WALLACE** | **GALVAN & GRUNFELD LLP** |
| **COTTRELL KONECKY LLP** | 101 Mission Street, Sixth Floor |
| 2000 Powell Street, Suite 1400 | San Francisco, California 94105-1738 |
| Emeryville, California 94608-1863 | Telephone: (415) 433-6830 |
| Telephone: (415) 421-7100 | Facsimile: (415) 433-7104 |
| Facsimile: (415) 421-7105 | Email: ggrunfeld@rbgg.com |
| Email: gwallace@schneiderwallace.com | jyelin@rbgg.com |
| mjohnson@schneiderwallace.com | bbien-kahn@rbgg.com |
| juhrowczik@schneiderwallace.com | aspiegel@rbgg.com |
| | |
| Kathryn A. Stebner – 121088 | David T. Marks – *pro hac vice* |
| Brian S. Umpierre – 236399 | **MARKS, BALETTE, GIESSEL** |
| **STEBNER GERTLER & GUADAGNI** | **& YOUNG, P.L.L.C.** |
| **A Professional Law Corporation** | 7521 Westview Drive |
| 870 Market Street, Suite 1285 | Houston, Texas 77055 |
| San Francisco, California 94102-2918 | Telephone: (713) 681-3070 |
| Telephone: (415) 362-9800 | Facsimile: (713) 681-2811 |
| Facsimile: (415) 362-9801 | Email: davidm@marksfirm.com |
| Email: kathryn@sgg-lawfirm.com | jacquesb@marksfirm.com |
| brian@sgg-lawfirm.com | |

Attorneys for Plaintiffs and the Certified Subclasses

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STACIA STINER et al., | Case No. 4:17-cv-03962-HSG (LB) |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER RE: TOPICS RAISED AT AUGUST 1, 2024 CASE MANAGEMENT CONFERENCE** |
| v. | |
| BROOKDALE SENIOR LIVING, INC.; BROOKDALE SENIOR LIVING COMMUNITIES, INC.; and DOES 1 through 100, | |
| Defendants. | Judge: Hon. Haywood S. Gilliam, Jr. |

**STIPULATION**

WHEREAS, on August 1, 2024, the Court conducted a case management conference in this case at which the Court and the parties agreed that, in terms of structure for the January 2025 trial, the claims of the injunctive relief subclasses should be tried first, followed by Plaintiffs' other claims;

WHEREAS, at the case management conference, the Court directed the parties to submit, by August 8, 2024:  (1) a stipulation and proposed order setting a briefing schedule for the summary judgment/dispositive motions that gives the Court as much time as possible to consider the motions by the hearing date, (2) a stipulation and proposed order setting a briefing schedule on Plaintiffs' anticipated motion to certify an issue for interlocutory appeal; and (3) a list of magistrate judges that the parties mutually find suitable for conducting a settlement conference in this case;

WHEREAS, at the case management conference, the Court directed the parties to meet and confer about how Plaintiffs should provide notice of the access barriers at issue following the access re-inspections conducted in 2024;

WHEREAS, the parties met and conferred on these topics and reached agreement on each of them, subject to the Court's approval, as detailed below;

WHEREAS, in light of the parties' and the Court's agreement about the sequence of the trial, Plaintiffs also proposed that the parties meet and confer regarding whether to stay the remaining pre-trial deadlines related to the Plaintiffs' individual staffing-related claims under the Americans with Disabilities Act and California law, in order to the avoid the time and expense of conducting expert depositions on the staffing-related claims at this time, and to allow all parties to focus their attention on the class claims that will be tried starting in January 2025;

WHEREAS, the parties met and conferred on this proposal and reached an agreement to stay the remaining pre-trial deadlines  on the Plaintiffs' individual staffing-related claims, including expert depositions and dispositive motions, subject to certain conditions, detailed below;

WHEREAS, the parties request, as part of the agreement to stay the remaining pre-trial deadlines on Plaintiffs' staffing-related claims, that the Court bifurcate the Plaintiffs' staffing-

1 related claims for a separate trial following the completion of the trial on the claims of the certified

2 classes and the non-staffing-related claims of the named Plaintiffs commencing on January 27,

3 2025, and that the Court permit the parties to appeal an unfavorable verdict after the first trial in

4 accordance with Fed. R. Civ. Proc. 54(b), without having to wait for a final judgment on

5 Plaintiffs' other claims;

6       NOW, THEREFORE, IT IS HEREBY STIPULATED, subject to this Court's approval, as

7 follows:

8       1.    With respect to the briefing schedule for summary judgment/dispositive motions:

9          a.    Dispositive motions shall be filed by September 5, 2024;

10          b.    Responses shall be filed by September 26, 2024;

11          c.    Replies shall be filed by October 10, 2024; and

12          d.    The dispositive motion hearing shall be continued for two weeks' time, to

13 October 31, 2024, subject to the availability of the Court.

14       2.    With respect to the briefing schedule on Plaintiffs' anticipated motion to certify an

15 issue for interlocutory appeal:

16          a.    Plaintiffs' motion shall be filed by August 15, 2024;

17          b.    Defendants' response shall be filed by August 29, 2024; and

18          c.    Plaintiffs' reply shall be filed by September 5, 2024.

19       3.    With respect to the referral for a settlement conference, the parties mutually find

20 Magistrate Judge Joseph C. Spero suitable for conducting a settlement conference in this case;

21       4.    Plaintiffs shall not be required to amend the Complaint to comply with the rule in

22 *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), in order to provide notice of the

23 access barriers they plan to litigate at trial. Instead, Plaintiffs shall provide Defendants with a

24 complete and final list of access barriers they will litigate at trial by a date certain. Defendants

25 shall not raise as a defense that they have not received adequate notice of the access barriers on the

26 ground that the updated list of access barriers is not included in the Complaint, so long as the final

27 list does not contain additional barriers not already identified in Plaintiffs' expert reports;

28       5.    Plaintiffs' staffing-related claims under the Americans with Disabilities Act and

California law shall be bifurcated for a separate trial, pursuant to Fed. R. Civ. Proc. 42(b), to be scheduled following the completion of the trial on the claims of the certified classes and the non-staffing-related claims of the named Plaintiffs commencing on January 27, 2025, and the Court shall permit the parties to appeal an unfavorable verdict after the first trial in accordance with Fed. R. Civ. Proc. 54(b), without waiting for a final judgment on Plaintiffs' other claims.

6. Further, the remaining pre-trial deadlines related to the Plaintiffs' staffing-related claims under the Americans with Disabilities Act and California law, including expert depositions and dispositive motions, is stayed pending the completion of the first trial, under the following conditions:

a. The parties shall still serve all rebuttal expert disclosures, including for staffing-related experts, by the current rebuttal expert disclosure deadline of August 15, 2024;

b. The parties shall not serve additional expert disclosures on the staffing-related claims following the trial commencing on January 27, 2025, except pursuant to their duty to supplement expert disclosures under Fed. R. Civ. Proc. 26(a)(2)(E) and/or Fed. R. Civ. Proc. 26(e);

c. Plaintiffs will not request that Defendants supplement their fact discovery responses and document production when expert discovery re-opens on the staffing-related claims, except to the extent that Defendants disclose new facts or evidence that they intend to present or put at issue in this case;

d. Plaintiffs will not seek to amend the Complaint or include additional named plaintiffs for the staffing-related claims.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| DATED: August 8, 2024 | | SCHNEIDER WALLACE<br>COTTRELL KONECKY LLP |
| | By: | *Guy B. Wallace* <br>Guy B. Wallace |
| | | Attorneys for Plaintiffs and the Certified Subclasses |

| | | |
|---|---|---|
| DATED: August 8, 2024 | | MOORE & LEE, P.C. |
| | By: | *Erica Rutner* <br>Erica Rutner |
| | | Attorneys for Defendants |

## ATTORNEY ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest that all other signatures listed, in whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| DATED: August 8, 2024 | | SCHNEIDER WALLACE<br>COTTRELL KONECKY LLP |
| | By: | *Mark T. Johnson* <br>Mark T. Johnson |
| | | Attorneys for Plaintiffs and the Certified Subclasses |

**[PROPOSED] ORDER**

The Court, having considered the above Stipulation of Plaintiffs and Defendants, and good cause appearing therefor, IT IS HEREBY ORDERED as follows:

1. With respect to the briefing schedule for summary judgment/dispositive motions:

    a. Dispositive motions shall be filed by September 5, 2024;

    b. Responses shall be filed by September 26, 2024;

    c. Replies shall be filed by October 10, 2024; and

    d. The dispositive motion hearing shall be continued for two weeks' time, to October 31, 2024.

2. With respect to the briefing schedule on Plaintiffs' anticipated motion to certify an issue for interlocutory appeal:

    a. Plaintiffs' motion shall be filed by August 15, 2024;

    b. Defendants' response shall be filed by August 29, 2024; and

    c. Plaintiffs' reply shall be filed by September 5, 2024.

3. As the parties mutually find Magistrate Judge Joseph C. Spero suitable for conducting a settlement conference in this case, the Court shall make a referral;

4. Plaintiffs shall not be required to amend the Complaint to comply with the rule in *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), in order to provide notice of the access barriers they plan to litigate at trial. Instead, Plaintiffs shall provide Defendants with a complete and final list of access barriers they will litigate at trial by a date certain. Defendants shall not raise as a defense that they have not received adequate notice of the access barriers on the ground that the updated list of access barriers is not included in the Complaint, so long as Plaintiffs final list does not contain additional barriers not already identified in Plaintiffs' expert reports.

5. Plaintiffs' staffing-related claims under the Americans with Disabilities Act and California law shall be bifurcated for a separate trial, pursuant to Federal Rule of Civil Procedure 42(b), following the completion of the trial on the claims of the certified classes and the non-staffing-related claims of the named Plaintiffs commencing on January 27, 2025, and the Court

shall permit the parties to appeal an unfavorable verdict at the first trial in accordance with Fed. R. Civ. Proc. 54(b), without waiting for a final judgment on Plaintiffs' other claims.

6. The remaining pre-trial deadlines related to the Plaintiffs' staffing-related claims under the Americans with Disabilities Act and California law, including expert depositions and dispositive motions, is stayed pending the completion of the first trial, under the following conditions:

   a. The parties shall still serve all rebuttal expert disclosures, including for staffing-related experts, by the current rebuttal expert disclosure deadline of August 15, 2024;

   b. The parties shall not serve additional expert disclosures on the staffing-related claims following the trial commencing on January 27, 2025, except pursuant to their duty to supplement expert disclosures under Fed. R. Civ. Proc. 26(a)(2)(C) and/or Fed. R. Civ. Proc. 26(e);

   c. Plaintiffs will not request that Defendants supplement their fact discovery responses and document production when expert discovery re-opens on the staffing-related claims, except to the extent that Defendants disclose new facts or evidence that they intend to present or put at issue in this case;

   d. Plaintiffs will not seek to amend the Complaint or include additional named plaintiffs for the staffing-related claims.

Good cause appearing, IT IS SO ORDERED.

DATED: _____, 2024

Hon. Haywood S. Gilliam, Jr.
United States District Judge