Guy B. Wallace – 176151
Mark T. Johnson – 76904
Jennifer U. Bybee – 302212
Travis C. Close – 308673
Rachel L. Steyer – 330064
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California  94608-1863
Telephone:  (415) 421-7100
Facsimile:  (415) 421-7105
Email:  gwallace@schneiderwallace.com
    mjohnson@schneiderwallace.com
    juhrowczik@schneiderwallace.com

Kathryn A. Stebner – 121088
Brian S. Umpierre – 236399
**STEBNER GERTLER & GUADAGNI**
**A Professional Law Corporation**
870 Market Street, Suite 1285
San Francisco, California  94102-2918
Telephone:  (415) 362-9800
Facsimile:  (415) 362-9801
Email:  kathryn@sgg-lawfirm.com
    brian@sgg-lawfirm.com

Gay Crosthwait Grunfeld – 121944
Jenny S. Yelin – 273601
Benjamin Bien-Kahn – 267933
Adrienne Spiegel – 330482
**ROSEN BIEN**
**GALVAN & GRUNFELD LLP**
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:  ggrunfeld@rbgg.com
    jyelin@rbgg.com
    bbien-kahn@rbgg.com
    aspiegel@rbgg.com

David T. Marks – *pro hac vice*
**MARKS, BALETTE, GIESSEL**
**& YOUNG, P.L.L.C.**
7521 Westview Drive
Houston, Texas  77055
Telephone:  (713) 681-3070
Facsimile:  (713) 681-2811
Email:  davidm@marksfirm.com
    jacquesb@marksfirm.com

Attorneys for Plaintiffs and the Certified Subclasses

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STACIA STINER et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>BROOKDALE SENIOR LIVING, INC.; BROOKDALE SENIOR LIVING COMMUNITIES, INC.; and DOES 1 through 100,<br><br>            Defendants. | Case No. 4:17-cv-03962-HSG<br><br>**STIPULATION AND ORDER RE: TOPICS RAISED AT AUGUST 1, 2024 CASE MANAGEMENT CONFERENCE (as modified)**<br><br>Judge:   Hon. Haywood S. Gilliam, Jr. |

**STIPULATION**

WHEREAS, on August 1, 2024, the Court conducted a case management conference in this case at which the Court and the parties agreed that, in terms of structure for the January 2025 trial, the claims of the injunctive relief subclasses should be tried first, followed by Plaintiffs' other claims;

WHEREAS, at the case management conference, the Court directed the parties to submit, by August 8, 2024:  (1) a stipulation and proposed order setting a briefing schedule for the summary judgment/dispositive motions that gives the Court as much time as possible to consider the motions by the hearing date, (2) a stipulation and proposed order setting a briefing schedule on Plaintiffs' anticipated motion to certify an issue for interlocutory appeal; and (3) a list of magistrate judges that the parties mutually find suitable for conducting a settlement conference in this case;

WHEREAS, at the case management conference, the Court directed the parties to meet and confer about how Plaintiffs should provide notice of the access barriers at issue following the access re-inspections conducted in 2024;

WHEREAS, the parties met and conferred on these topics and reached agreement on each of them, subject to the Court's approval, as detailed below;

WHEREAS, in light of the parties' and the Court's agreement about the sequence of the trial, Plaintiffs also proposed that the parties meet and confer regarding whether to stay the remaining pre-trial deadlines related to the Plaintiffs' individual staffing-related claims under the Americans with Disabilities Act and California law, in order to the avoid the time and expense of conducting expert depositions on the staffing-related claims at this time, and to allow all parties to focus their attention on the class claims that will be tried starting in January 2025;

WHEREAS, the parties met and conferred on this proposal and reached an agreement to stay the remaining pre-trial deadlines  on the Plaintiffs' individual staffing-related claims, including expert depositions and dispositive motions, subject to certain conditions, detailed below;

WHEREAS, the parties request, as part of the agreement to stay the remaining pre-trial deadlines on Plaintiffs' staffing-related claims, that the Court bifurcate the Plaintiffs' staffing-

related claims for a separate trial following the completion of the trial on the claims of the certified classes and the non-staffing-related claims of the named Plaintiffs commencing on January 27, 2025, and that the Court permit the parties to appeal an unfavorable verdict after the first trial in accordance with Fed. R. Civ. Proc. 54(b), without having to wait for a final judgment on Plaintiffs' other claims;

NOW, THEREFORE, IT IS HEREBY STIPULATED, subject to this Court's approval, as follows:

1. With respect to the briefing schedule for summary judgment/dispositive motions:

    a. Dispositive motions shall be filed by September 5, 2024;

    b. Responses shall be filed by September 26, 2024;

    c. Replies shall be filed by October 10, 2024; and

    d. The dispositive motion hearing shall be continued for two weeks' time, to October 31, 2024, subject to the availability of the Court.

2. With respect to the briefing schedule on Plaintiffs' anticipated motion to certify an issue for interlocutory appeal:

    a. Plaintiffs' motion shall be filed by August 15, 2024;

    b. Defendants' response shall be filed by August 29, 2024; and

    c. Plaintiffs' reply shall be filed by September 5, 2024.

3. With respect to the referral for a settlement conference, the parties mutually find Magistrate Judge Joseph C. Spero suitable for conducting a settlement conference in this case;

4. Plaintiffs shall not be required to amend the Complaint to comply with the rule in *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), in order to provide notice of the access barriers they plan to litigate at trial. Instead, Plaintiffs shall provide Defendants with a complete and final list of access barriers they will litigate at trial by a date certain. Defendants shall not raise as a defense that they have not received adequate notice of the access barriers on the ground that the updated list of access barriers is not included in the Complaint, so long as the final list does not contain additional barriers not already identified in Plaintiffs' expert reports;

5. Plaintiffs' staffing-related claims under the Americans with Disabilities Act and

California law shall be bifurcated for a separate trial, pursuant to Fed. R. Civ. Proc. 42(b), to be scheduled following the completion of the trial on the claims of the certified classes and the non-staffing-related claims of the named Plaintiffs commencing on January 27, 2025, and the Court shall permit the parties to appeal an unfavorable verdict after the first trial in accordance with Fed. R. Civ. Proc. 54(b), without waiting for a final judgment on Plaintiffs' other claims.

6. Further, the remaining pre-trial deadlines related to the Plaintiffs' staffing-related claims under the Americans with Disabilities Act and California law, including expert depositions and dispositive motions, is stayed pending the completion of the first trial, under the following conditions:

a. The parties shall still serve all rebuttal expert disclosures, including for staffing-related experts, by the current rebuttal expert disclosure deadline of August 15, 2024;

b. The parties shall not serve additional expert disclosures on the staffing-related claims following the trial commencing on January 27, 2025, except pursuant to their duty to supplement expert disclosures under Fed. R. Civ. Proc. 26(a)(2)(E) and/or Fed. R. Civ. Proc. 26(e);

c. Plaintiffs will not request that Defendants supplement their fact discovery responses and document production when expert discovery re-opens on the staffing-related claims, except to the extent that Defendants disclose new facts or evidence that they intend to present or put at issue in this case;

d. Plaintiffs will not seek to amend the Complaint or include additional named plaintiffs for the staffing-related claims.

IT IS SO STIPULATED.

DATED: August 8, 2024  SCHNEIDER WALLACE
COTTRELL KONECKY LLP

By: *Guy B. Wallace*
Guy B. Wallace

Attorneys for Plaintiffs and the Certified Subclasses

DATED: August 8, 2024  MOORE & LEE, P.C.

By: *Erica Rutner*
Erica Rutner

Attorneys for Defendants

## ATTORNEY ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest that all other signatures listed, in whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 8, 2024  SCHNEIDER WALLACE
COTTRELL KONECKY LLP

By: *Mark T. Johnson*
Mark T. Johnson

Attorneys for Plaintiffs and the Certified Subclasses

**ORDER**

The Court, having considered the above Stipulation of Plaintiffs and Defendants, and good cause appearing therefor, IT IS HEREBY ORDERED as follows:

1. With respect to the briefing schedule for summary judgment/dispositive motions:

    a. Dispositive motions shall be filed by September 5, 2024;

    b. Responses shall be filed by September 26, 2024;

    c. Replies shall be filed by October 10, 2024; and

    d. The dispositive motion hearing shall be continued for two weeks' time, to October 31, 2024 at 2 p.m..

2. With respect to the briefing schedule on Plaintiffs' anticipated motion to certify an issue for interlocutory appeal:

    a. Plaintiffs' motion shall be filed by August 15, 2024;

    b. Defendants' response shall be filed by August 29, 2024; and

    c. Plaintiffs' reply shall be filed by September 5, 2024.

3. As the parties mutually find Magistrate Judge Joseph C. Spero suitable for conducting a settlement conference in this case, the Court shall make a referral;

4. Plaintiffs shall not be required to amend the Complaint to comply with the rule in *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), in order to provide notice of the access barriers they plan to litigate at trial. Instead, Plaintiffs shall provide Defendants with a complete and final list of access barriers they will litigate at trial by a date certain. Defendants shall not raise as a defense that they have not received adequate notice of the access barriers on the ground that the updated list of access barriers is not included in the Complaint, so long as Plaintiffs final list does not contain additional barriers not already identified in Plaintiffs' expert reports.

5. Plaintiffs' staffing-related claims under the Americans with Disabilities Act and California law shall be bifurcated for a separate trial, pursuant to Federal Rule of Civil Procedure 42(b), following the completion of the trial on the claims of the certified classes and the non-staffing-related claims of the named Plaintiffs commencing on January 27, 2025, and the Court

shall permit the parties to appeal an unfavorable verdict at the first trial in accordance with Fed. R. Civ. Proc. 54(b), without waiting for a final judgment on Plaintiffs' other claims.

6. The remaining pre-trial deadlines related to the Plaintiffs' staffing-related claims under the Americans with Disabilities Act and California law, including expert depositions and dispositive motions, is stayed pending the completion of the first trial, under the following conditions:

   a. The parties shall still serve all rebuttal expert disclosures, including for staffing-related experts, by the current rebuttal expert disclosure deadline of August 15, 2024;

   b. The parties shall not serve additional expert disclosures on the staffing-related claims following the trial commencing on January 27, 2025, except pursuant to their duty to supplement expert disclosures under Fed. R. Civ. Proc. 26(a)(2)(C) and/or Fed. R. Civ. Proc. 26(e);

   c. Plaintiffs will not request that Defendants supplement their fact discovery responses and document production when expert discovery re-opens on the staffing-related claims, except to the extent that Defendants disclose new facts or evidence that they intend to present or put at issue in this case;

   d. Plaintiffs will not seek to amend the Complaint or include additional named plaintiffs for the staffing-related claims.

Good cause appearing, IT IS SO ORDERED.

DATED: 8/9/2024

*[signature]*
Hon. Haywood S. Gilliam, Jr.
United States District Judge