UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA STINER, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BROOKDALE SENIOR LIVING, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03962-HSG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO THE BROOKHURST SUBCLASS' ACCESS BARRIER CLAIMS**<br><br>Re: Dkt. Nos. 856, 984, 985 |

In its Order Granting in Part and Denying in Part the Cross-Motions for Summary Judgment ("Summary Judgment Order"), the Court deferred ruling on Plaintiffs' motion for partial summary judgment as to Plaintiffs' access barrier claims. Dkt. No. 978; *Stacia Stiner, et al., v. Brookdale Senior Living Inc., et al.*, No. 17-CV-03962-HSG, 2024 WL 5112480 (N.D. Cal. Dec. 13, 2024). The Court now addresses those claims, and for the reasons discussed below DENIES Plaintiffs' motion for summary judgment as to the Brookhurst subclass' access barrier claims.

**I.　PROCEDURAL BACKGROUND**

The substance and nature of the relief that Plaintiffs sought at the summary judgment stage regarding their access barrier claims was not clear from the parties' briefing. Accordingly, in its Summary Judgment Order, the Court deferred ruling on Plaintiffs' motion for partial summary judgment as to those claims. Dkt. No. 978. Shortly thereafter, at the parties' pretrial conference, both sides raised new arguments about how the claims should be resolved and the implications of any resolution on the forthcoming jury trial. Plaintiffs have now submitted a proposed order that would grant summary judgment for Plaintiffs on certain ADA access barrier claims, which arise from 42 alleged barriers at Brookdale's Fountaingrove, Hemet, and Brookhurst facilities. Dkt.

No. 984.  Brookdale filed a response in opposition.  Dkt. No. 985.[1]

## II. DISCUSSION

Based on their representations at the pretrial conference, the parties appear to agree that (1) the access barriers listed in Plaintiffs' Motion for Partial Summary Judgment exist as described in that motion and (2) these barriers do not comply with the applicable ADA Architectural Guidelines (ADAAG).  Plaintiffs' order proposes "a final adjudication of the 42 ADAAG barriers included in Plaintiffs' Motion for Partial Summary Judgment at the Brookdale Brookhurst facility and the former Brookdale Fountaingrove and Brookdale Hemet barriers—8 barriers at Brookhurst, 18 at Fountaingrove, and 16 at Hemet—concluding as a matter of law that each of them constitutes a violation of the ADA."  Dkt. No. 984 at 2.  Brookdale opposes this proposed conclusion of law on standing grounds.

### A. Standing and Summary Judgment – Legal Standard

As relevant to the upcoming trial, where only the Brookhurst subclass may bring access barrier claims, the standing of Brookhurst class representative Jeanette Algarme is at issue.  According to Plaintiffs, the Court's Summary Judgment Order established Plaintiff Algarme's standing for summary judgment purposes.  Dkt. No. 984 at 3.  Brookdale disagrees, arguing that "the Court cannot enter summary judgment on any of Ms. Algarme's claims" because Plaintiffs did not "demonstrate[] the absence of a triable issue of fact on standing."  Dkt. No. 985 at 3.

Plaintiffs' reliance on the Court's Summary Judgment Order is misplaced.  Plaintiffs claim that in that Order "[t]he Court . . . clearly found that Ms. Algarme has made a sufficient showing regarding her standing at the summary judgment stage."  Dkt. No. 984 at 3.  But the Court's Summary Judgment Order only addressed Plaintiff Algarme's standing in the context of denying Brookdale's Motion for Summary Judgment on standing grounds.  Faced with cross-motions for summary judgment, the Court must "rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule

---

[1] The Court instructed the parties to brief this issue in conjunction with other disputed issues. Although the Court anticipated receiving this briefing as part of the pretrial conference filings due on January 8, 2025, the parties' filings and representations at the December 17, 2024 pretrial conference have sufficiently clarified their respective positions.

56 standard." *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015). "The denial of one motion does not necessarily require the grant of another." *Regents of Univ. of Cal. v. Micro Therapeutics, Inc.*, 507 F. Supp. 2d 1074, 1078 (N.D. Cal. 2007). Put another way, a party moving for summary judgement faces a different burden than a party merely seeking to survive it. Brookdale sought summary judgment on the ground that Plaintiff Algarme lacked standing. To avoid summary judgment on this ground, Plaintiffs did not need to "establish that they in fact have standing, but only that there is a genuine question of material fact as to the standing elements." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002). The Court's finding that Brookdale was not entitled to summary judgment based on Plaintiff Algarme's allegedly deficient standing did not mean that Plaintiff Algarme demonstrated standing sufficient to grant summary judgment *in Plaintiffs' favor*.

When Plaintiffs moved for partial summary judgment on their ADA access barrier claims, they "had the obligation to establish that there was 'no genuine dispute as to any material fact' regarding [their] Article III standing and that [they were] 'entitled to judgment as a matter of law.'" *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1056 (9th Cir. 2023) (quoting Fed. R. Civ. P. 56(a)). *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316, 329 (1999) ("To prevail on a Federal Rule of Civil Procedure 56 motion for summary judgment . . . a plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits."). Brookdale's failure to prevail on its theory—and the Court's accompanying decision to deny Brookdale summary judgment—does not satisfy Plaintiffs' obligation.

**B. Plaintiff Algarme's Standing**

The Ninth Circuit has held that a plaintiff seeking injunctive relief under the ADA may establish standing for injunctive relief (1) by showing "[s]he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or (2) by demonstrating that "discriminatory architectural barriers deter h[er] from returning to a noncompliant accommodation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th

3

1  Cir. 2011).[2] Plaintiff Algarme represented under oath that she "would return to visit the
2  Brookdale Brookhurst facility, but only if it were made accessible to people with mobility
3  disabilities by the removal of all of the current access barriers." Dkt. No. 740-15. Citing Plaintiff
4  Algarme's serious medical conditions, which include paralysis in her legs, Brookdale argues that
5  she does not have a legitimate intent to return to Brookhurst. Dkt. No. 857-7. Plaintiff Algarme
6  requires assistance to move in bed and to leave her bed. *Id*. Although she has stated that she does
7  not leave her current facility to "go out into the world," Plaintiff Algarme attended weekly medical
8  appointments outside her facility as recently as July 2024. Dkt. No. 857-7, 857-8. Viewing this
9  evidence in the light most favorable to Brookdale, the Court concludes that genuine disputes of
10 material fact exist as to whether Plaintiff Algarme can show the required intent to return to
11 Brookhurst. Accordingly, the Court DENIES Plaintiffs' Motion for Partial Summary Judgment as
12 to the Brookhurst subclass' access barrier claims. Plaintiff Algarme's standing will be determined
13 at the forthcoming trial.

### C. Next Steps

The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. Rule Civ. Proc. 56(e), 28 U.S.C. App., p. 626). Based on the parties' briefing and representations to the Court, there is no evident need for a factfinder to assess at trial whether the specific Brookhurst access barriers outlined in Plaintiffs' motion for summary judgment exist or whether those barriers comply with the ADAAG, since the parties do not dispute either issue. The Court directs the parties to meet and confer to discuss how to present these undisputed matters to the jury (i.e., a joint stipulation, a motion for summary adjudication, etc.). The parties' pre-trial filings,

---

[2] Plaintiffs seeking injunctive relief on behalf of a (b)(2) class are not required to show that every class member has suffered an injury of this variety, but need only show that the proposed (b)(2) class representatives have standing to seek injunctive relief. *See, e.g.*, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022) (collecting authorities); *Rodriguez v. Hayes*, 591 F.3d 1105, 1125-26 (9th Cir. 2010). And class representatives must support their standing for injunctive relief "at each stage of the litigation in the same manner as any other essential element of the case." *Cent. Delta Water Agency*, 306 F.3d at 947.

due on January 8, 2025, should include a concrete proposal on this issue, including the specific mechanism the parties will use to present this information to jurors.

But Plaintiff Algarme's standing remains contested. At trial, Plaintiffs "must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Brookdale is entitled to challenge "the specific facts set forth by the plaintiff to support standing." *Id.*; *see California v. Ross*, 362 F. Supp. 3d 749, 753 (N.D. Cal. 2018).

### III.   CONCLUSION

Plaintiffs moved for summary judgment on (1) the Brookhurst subclass' access barrier claims and (2) individual Plaintiffs' access barrier claims at the Hemet and Fountaingrove facilities. Dkt. No. 856 at 26–47. The Court DENIES Plaintiffs' motion for summary judgment as to the Brookhurst subclass' access barrier claims arising under both the ADA and Unruh Act. Since neither party addressed individual Plaintiffs' standing as it relates to the Hemet and Fountaingrove individual access barrier claims and because the forthcoming trial does not involve claims brought by individual Plaintiffs, the Court reserves ruling on those claims.

**IT IS SO ORDERED.**

Dated:   12/26/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge