Guy B. Wallace - 176151
Mark T. Johnson - 76904
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608-1863
Telephone:     (415) 421-7100
Facsimile:     (415) 421-7105
Email:  gwallace@schneiderwallace.com
         mjohnson@schneiderwallace.com

Gay Crosthwait Grunfeld - 121944
Jenny S. Yelin - 273601
Benjamin Bien-Kahn - 267933
Amy Xu - 330707
**ROSEN BIEN GALVAN & GRUNFELD LLP**
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Tel:           (415) 433-6830
Fax:           (415) 433-7104
Email:  ggrunfeld@rbgg.com
         jyelin@rbgg.com
         bbien-kahn@rbgg.com
         axu@rbgg.com

Attorneys for Plaintiffs and
the Certified Class

**MOORE & LEE, P.C.**
Erica Rutner (SBN 344880)
e.rutner@mooreandlee.com
John A. Bertino (VBN 93393) (*Pro Hac Vice*)
j.bertino@mooreandlee.com
110 SE 6th Street, Suite 1980
Fort Lauderdale, Florida 33301
Telephone: (703) 940-3763
Facsimile: (703) 506-2051

**SEYFARTH SHAW LLP**
Michael Jacobsen (IL SBN 6303584) (*Pro Hac Vice*)
mjacobsen@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

**SEYFARTH SHAW LLP**
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendants
BROOKDALE SENIOR LIVING INC. and
BROOKDALE SENIOR LIVING COMMUNITIES, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA STINER, et al., | Case No. 4:17-cv-03962-HSG |
| Plaintiffs, | **PARTIES' STIPULATION AND ORDER RE CLARIFICATION OF SUMMARY JUDGMENT ORDER** |
| v. | |
| BROOKDALE SENIOR LIVING INC., et al. | Judge: Hon. Haywood S. Gilliam, Jr. |
| Defendants. | |

Plaintiffs and Defendants (collectively, the "Parties"), by their undersigned counsel, respectfully stipulate as follows:

WHEREAS, the parties filed cross motions for summary judgment on September 5, 2024 [ECF Nos. 856, 861].

WHEREAS, Defendants argued in their motion for summary judgment [ECF No. 861] that, *inter alia*, retroactive application of the ADA to Defendants' assisted living communities would result in a violation of due process. Defendants raised the same argument in their opposition to Plaintiffs' motion for summary judgment [ECF No. 885]. Plaintiffs opposed Defendants' due process argument in their Opposition to Defendants' motion for summary judgment and their Reply in support of Plaintiffs' motion for summary judgment, as well as pretrial filings.  [ECF Nos. 884, 902].

WHEREAS, Defendants also argued in their motion for summary judgment that the injunctive relief claims of the Wheelchair and Scooter Users Subclass were mooted by a recent change to the transportation policy underlying the claims of this subclass. Defendants raised the same argument in their opposition to Plaintiffs' motion for summary judgment. Plaintiffs opposed Defendants' mootness argument.

WHEREAS, the Court issued an omnibus order on the parties' cross motions for summary judgment on December 13, 2024 [ECF No. 978] (the "MSJ Order").

WHEREAS, in the MSJ Order, the Court held that "[the] issue of [whether Brookdale's assisted living facilities are places of public accommodation] has already been extensively litigated, nothing relevant has changed, and Brookdale's arguments do not undermine the Court's prior conclusions." MSJ Order 7, n. 4.  The Court did not expressly address Defendants' due process argument or the case law the parties cited in support of and against the argument. Defendants were therefore unclear as to whether they still needed to raise their due process argument at trial to preserve their appellate rights or whether the Court had entered summary judgment against them on the issue of due process.

WHEREAS, in the MSJ Order, the Court addressed Defendants' mootness argument by stating that "mootness is not a basis to grant summary judgment as to Plaintiffs' Fleet Safety Policy claims." MSJ Order at 14. Based on this language, Defendants were unclear to whether the Court held that Defendants'

mootness argument was insufficient to warrant summary judgment in Defendants' favor such that Defendants still needed to raise the issue at trial to preserve their appellate rights or whether the Court had entered final judgment against them on the issue of mootness.

WHEREAS, during the January 14, 2025 Pretrial Conference, the Court addressed these issues by stating that it had considered the parties' briefs on these issue and ruled on and rejected both Defendants' due process argument and Defendants' mootness argument with finality and that these were not issues to be raised at trial.

WHEREAS, to ensure the record is clear as to the Court's ruling, the Court ordered Defendants to present something to the Court such that it could clarify and close the record on these issues and ensure that Defendants' appellate positions on these issues would be preserved.

WHEREAS, to accomplish that objective, Defendants initially contemplated filing a motion for clarification. However, upon conferring with Plaintiffs, it was apparent that the parties did not need to present disputed briefing to the Court as they did not have any dispute about the nature of the MSJ Order following the Court's direction at the January 14, 2025 Pretrial Conference.

WHEREAS, given the lack of dispute, the parties discussed and agreed that a stipulation and proposed order would be sufficient to clarify the record and preserve their respective positions for appeal.

WHEREAS, for the foregoing reasons, the parties agree that the Court granted summary judgment for Plaintiffs on both Defendants' due process argument and Defendants' mootness argument and that these issues are now preserved for appeal without the need to present evidence on them at trial.

THEREFORE, IT IS HEREBY STIPULATED, subject to the approval of the Court, that the Court entered summary judgment against Defendants on both Defendants' due process argument and on Defendants' mootness argument and that these issues are preserved for appeal without the need to present evidence on them at trial.

IT IS SO STIPULATED

DATED: January 17, 2025                     MOORE & LEE, P.C.,

/s/ *Erica Rutner*
Erica Rutner
Attorneys for Defendants

DATED: January 17, 2025                     ROSEN BIEN GALVAN & GRUNFELD LLP

/s/ *Jenny S. Yelin*
Jenny S. Yelin
Attorneys for Plaintiffs and the Certified Classes

## ATTORNEY ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest that all other signatures listed, in whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *Erica Rutner*
Erica Rutner

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ *Erica Rutner*
Erica Rutner

**ORDER**

Pursuant to Stipulation, and for good cause shown, the Parties Stipulation is GRANTED.

The Court clarifies its December 13, 2024 Order [ECF No. 978] and states that it has entered summary judgment against Defendants on both Defendants' due process argument and on Defendants' mootness argument and these issues are preserved for appeal without the need to present evidence on them at trial.

IT IS SO ORDERED.

DATED: 1/17/2025

HON. HAYWOOD S. GILLIAM, JR.
United States District Judge