Guy B. Wallace – 176151
Mark T. Johnson – 76904
Jennifer U. Bybee – 302212
Travis C. Close – 308673
Rachel L. Steyer – 330064
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California  94608-1863
Telephone:    (415) 421-7100
Facsimile:    (415) 421-7105
Email:    gwallace@schneiderwallace.com
        mjohnson@schneiderwallace.com
        juhrowczik@schneiderwallace.com
        tclose@schneiderwallace.com
        rsteyer@schneiderwallace.com

Gay Crosthwait Grunfeld – 121944
Jenny S. Yelin – 273601
Benjamin Bien-Kahn – 267933
Adrienne Spiegel – 330482
Maya Campbell – 345180
**ROSEN BIEN**
**GALVAN & GRUNFELD LLP**
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email: ggrunfeld@rbgg.com
jyelin@rbgg.com
bbien-kahn@rbgg.com
bmunoz@rbgg.com
aspiegel@rbgg.com

Kathryn A. Stebner – 121088
Brian S. Umpierre – 236399
**STEBNER GERTLER & GUADAGNI**
**A Professional Law Corporation**
870 Market Street, Suite 1285
San Francisco, California  94102-2918
Telephone:    (415) 362-9800
Facsimile:    (415) 362-9801
Email: kathryn@sgg-lawfirm.com
        brian@sgg-lawfirm.com

David T. Marks – *pro hac vice*
**MARKS, BALETTE, YOUNG & MOSS,**
**P.L.L.C.**
7521 Westview Drive
Houston, Texas  77055
Telephone:    (713) 681-3070
Facsimile:    (713) 681-2811
Email: davidm@marksfirm.com

Attorneys for Plaintiffs and the Certified
Subclasses

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| STACIA STINER, et al., on behalf of themselves and similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKDALE SENIOR LIVING, INC.; BROOKDALE SENIOR LIVING COMMUNITIES, INC., et al.,<br><br>Defendants. | Case No.:  4:17-cv-03962-HSG (LB)<br><br>DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Date:    October 16, 2025<br>Time:    2:00 p.m.<br>Ctrm:    2, Fourth Floor |

[4738315.1]

I, Richard M. Pearl, declare as follows:

1.      I am a member in good standing of the California State Bar.  I am in private practice as the principal of my own law firm, the Law Offices of Richard M. Pearl, in Berkeley, California.  I specialize in issues relating to court-awarded attorney fees, including the representation of parties in fee litigation and appeals, serving as an expert witness and or consultant of fee issues; and serving as a mediator and arbitrator in disputes concerning attorney fees and related issues.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.      I make this declaration in support of the Motion for Award of Attorneys' Fees, Costs, and Expenses filed in the instant action by Plaintiffs' Counsel.  More specifically, I have been retained to express my opinion regarding the reasonableness of the hourly rates requested by Plaintiffs' Counsel in this motion.

## MY BACKGROUND AND EXPERIENCE

3.      Briefly summarized, my professional background is as follows:  I am now in my 56th year of legal practice.  I graduated in 1969 from Berkeley School of Law (then Boalt Hall), University of California, Berkeley.  I took the California Bar Examination in August 1969 and learned that I had passed it in November of that year, but because I was working as an attorney in Atlanta, Georgia for the Legal Aid Society of Atlanta ("LASA"), I was not formally admitted to the California Bar until February 1970.  I also passed the Georgia Bar Exam and worked for LASA until the summer of 1971.  I then went to work in California's Central Valley for California Rural Legal Assistance, Inc. ("CRLA"), a statewide legal services program. From mid 1971 until mid-1974, I was a Staff Attorney, then Directing Attorney of CRLA's four-attorney office in McFarland, Kern County.  From 1974 to 1977, I was the Directing Attorney of CRLA's Statewide "Backup Center" in San Francisco, a four-attorney program tasked with assisting other legal services programs with their impact litigation as well as carrying our own impact litigation caseload.  From 1977 to 1982, I was CRLA's Director of Litigation, supervising more than fifty attorneys as well as handling my own impact litigation caseload.

4.    In 1982–1983, I transitioned into private practice, first in a small law firm, then as a sole practitioner.  Martindale Hubbell rates my law firm "AV."  A true and correct copy of my Resume is attached as **Exhibit A**.

5.    Since 1982, my legal work has focused on general civil litigation and appellate practice.  More recently, my focus has been almost exclusively on cases and appeals involving court-awarded attorney fees.  I have lectured and written extensively on both court-awarded fees, fees as damages, and attorney-client fee disputes.  I am the author of *California Attorney Fee Awards* (3d ed., Cal. Cont. Ed. Of Bar 2010) ("Cal. Fee Awards") and its cumulative annual Supplements and Updates between 2011 and April 2025.  I also was the author of *California Attorney Fee Awards* (2d Ed., Cal. Cont. Ed. of Bar 1994), and its 1995 through 2008 annual Supplements.  Several courts have referred to this treatise as "[t]he leading California attorney fee treatise."  *Calvo Fisher & Jacob LLP v. Lujan*, 234 Cal.App.4th 608, 621 (2015); *see also, e.g.*, *Int'l Billing Servs., Inc. v. Emigh*, 84 Cal.App.4th 1175, 1193 (2000) ("the leading treatise"); *Stratton v. Beck*, 30 Cal.App.5th 901, 911 (2018) ("a leading treatise"); *Orozco v. WPV San Jose, LLC*, 36 Cal.App.5th 375, 409 (2019) ("a leading treatise on California attorney's fees").  My treatise also has been cited by the California Supreme Court and the California Court of Appeal on numerous occasions.  *See, e.g.*, *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 576, 584 (2004); *Lolley v. Campbell*, 28 Cal.4th 367, 373 (2002); *In re Conservatorship of Whitley*, 50 Cal.4th 1206, 1214–15, 1217 (2010); *Sonoma Land Trust v. Thompson*, 63 Cal.App.5th 978, 986 (2021); *Yost v. Forestiere*, 51 Cal.App.5th 509, 530 n.8 (2020); *Highland Springs Conference & Training Ctr. v. City of Banning*, 42 Cal.App.5th 416, 428 n.11 (2019); *Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*, 36 Cal.App.5th 970, 988 (2019); *Hardie v. Nationstar Mortg. LLC*, 32 Cal.App.5th 714, 720 (2019); *Syers Props III, Inc. v. Rankin*, 226 Cal.App.4th 691, 698, 700 (2014).  California Superior Courts also cite my treatise with approval. *See, e.g., Davis v. St. Jude Hosp.*, No. 30201200602596CUOECX, 2018 WL 7286170, at *4 (Orange Cnty. Super. Ct. Aug. 31, 2018); *Hartshorne v. Metlife, Inc.*, No. BC576608, 2017 WL 1836635, at *10 (Los Angeles Super. Ct. May 02, 2017). Federal courts also have cited my treatise with approval.  *See, e.g.*, *In re Hurtado*, No. 09-16160-A-13, 2015 WL 6941127, at *4

3

1    n.1 (E.D. Cal. Nov. 6, 2015); *TruGreen Companies LLC v. Mower Brothers, Inc.,* 953 F. Supp.

2    2d 1223, 1236 nn.50, 51 (D. Utah 2013).  I also authored the 1984 through 1993 annual

3    Supplements to the predecessor treatise, CEB's *California Attorney's Fees Award Practice*.

4    In addition, I authored a federal manual on attorney fees entitled, "Attorneys' Fees: A Legal

5    Services Practice Manual," published by the Legal Services Corporation.  I also co-authored

6    the chapter on "Attorney Fees" in Volume 2 of CEB's Wrongful Employment Termination

7    Practice, 2d Ed. (1997).

8           6.      More than 98% of my current practice is devoted to issues involving attorney fees.

9    I have appeared as an attorney of record in connection with over 200 attorney fee applications in

10   state and federal courts, both trial and appellate.  I have served as a consultant and expert witness

11   in hundreds more.  I also have been a member of the California State Bar's Attorneys' Fees Task

12   Force and have testified before the State Bar Board of Governors and the California Legislature

13   on attorney fee issues.

14          7.      I have briefed and argued more than 40 appeals, at least 30 of which have involved

15   attorney fees issues, and have been selected as a Northern California "Super Lawyer" in

16   Appellate Law for 2005-08 and 2010-25.

17          8.      I have won five cases in the California Supreme Court involving court-awarded

18   attorney fees: (1) *Maria P. v. Riles*, 43 Cal.3d 1281 (1987), which upheld a C.C.P. section 1021.5

19   fee award based on a preliminary injunction obtained against the State Superintendent of

20   Education, despite the fact that the case ultimately was dismissed under C.C.P. section 583;

21   (2) *Delaney v. Baker*, 20 Cal.4th 23 (1999), which held that heightened remedies, including

22   attorney fees, are available in suits against nursing homes under California's Elder Abuse Act;

23   (3) *Ketchum v. Moses*, 24 Cal.4th 1122 (2001), which reaffirmed that contingent risk multipliers

24   are an essential consideration under California attorney fee law; (4) *Flannery v. Prentice*, 26

25   Cal.4th 572 (2001), which held that under California law, in the absence of an agreement to the

26   contrary, statutory attorney fees belong to the attorney whose services they are based upon; and

27   (5) *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553 (2004), which held, *inter alia,* that the

28   "catalyst" theory of fee recovery remained viable under California law and that lodestar

multipliers could be applied to fee motion work.  I also represented and argued on behalf of *amicus curiae* in *Conservatorship of McQueen*, 59 Cal.4th 602 (2014), which held that attorney fees incurred for appellate work were not "enforcement fees" subject to California's Enforcement of Judgments law. Along with Richard Rothschild of the Western Center on Law and Poverty, I also prepared and filed an *amicus curiae* brief in *Vasquez v. State of California*, 45 Ca1.4th 243 (2009).  An expanded list of some of the reported decisions in cases I have handled is set out in **Exhibit A** at pages 4–8.

9.      Until the mid-2010's, my primary area of practice was representing other attorneys, and occasionally myself, on contested fee motions and appeals. Since then, my practice has shifted to primarily serving as a consultant and/or expert witness on attorney fee issues. As such, I am very familiar with the hourly rates that are charged and awarded for complex litigation in California, especially in the San Francisco Bay Area.  I estimate that I have prepared opinions and/or live testimony on attorney fee matters in over two hundred cases, and numerous federal and state courts have relied expressly on my testimony on attorney fee issues. For example, in *Wit v. United Behavioral Health*, 578 F.Supp.3d 1060, 1079 (N.D. Cal. Jan. 5, 2022), *vacated and remanded on the merits*, 2023 U.S. App. LEXIS 33343 (9th Cir. 2023), the Court's Fee Order stated that "the Court place[d] significant weight on Pearl's opinion that the rates charged by all of the timekeepers listed above are reasonable and 'in line with the standard hourly noncontingent rates charged by Bay Area law firms that regularly engage in civil litigation of comparable complexity.' . . . Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in determining reasonable billing rates." Other examples from the Northern District of California include: *Human Rights Defense Center v. County of Napa*, No. 20-cv-01296, 2021 WL 1176640, at *11 (N.D. Cal. Mar. 28, 2021); *Andrews v. Equinox Holdings, Inc.,* No. 20-cv-00485 (N.D. Cal. Nov. 9, 2021), Dkt. 110 (Order on Motion for Attorney Fees and Costs) at 4; *Stonebrae, L.P. v. Toll Bros., Inc.*, 2011 U.S. Dist. LEXIS 39832, at *9 (N.D. Cal. 2011) (thorough discussion), *aff'd*, 2013 U.S. App. LEXIS 6369 (9th Cir. 2013); *A.D. v. California Highway Patrol*, 2009 U.S. Dist. LEXIS 110743, at *4 (N.D. Cal. 2009), *rev'd on*

*other grounds*, 712 F.3d 446 (9th Cir. 2013), *reaffirmed and additional fees awarded on remand*, 2013 U.S. Dist. LEXIS 169275 (N.D. Cal. 2013). A more complete list of the reported state and federal decisions that have relied on or favorably cite my testimony is attached hereto as **Exhibit B.**  Numerous other courts also have relied on my testimony in unreported fee determinations.

10.     Through my writing and practice, I have become familiar with the non-contingent market rates charged by attorneys in the San Francisco Bay Area and elsewhere.  I have developed this familiarity by: (a) handling attorney fee litigation; (b) discussing fees with other attorneys; (c) obtaining declarations regarding prevailing market rates in cases in which I represent attorneys seeking fees; and (d) reviewing attorney fees applications and awards in other cases, as well as articles on attorney fees in the legal newspapers and treatises.  I also have testified before trial courts and arbitrators on numerous occasions and have submitted expert testimony by declaration on hundreds of occasions.  Each of these efforts required me to be aware of the hourly rates being charged in the relevant community, especially in the San Francisco Bay Area where I have practiced since 1974.

## A SUMMARY OF MY OPINION

11.     In my opinion, Counsel's hourly rates are well within the range of hourly rates that the San Francisco Bay Area legal marketplace would compensate them for similar services accomplishing similar results.  To form my opinions in this case, I have familiarized myself generally with the history of the litigation, the nature of the legal work it required, the results achieved, and the attorneys' fees that Counsel request.  To this end, I reviewed Plaintiffs' draft fees motion; the supporting declarations of Guy Wallace, Gay Grunfeld, Kathryn Stebner, and David Marks, Plaintiffs Preliminary Approval papers, the Court's prior orders, and other documents from the merits of the case.  I have also consulted with Plaintiffs' attorneys about this motion and the underlying facts and procedural history of the case.  Further, I familiarized myself with the experience, credentials, and qualifications of the attorneys involved.

## COUNSEL'S HOURLY RATES ARE REASONABLE

12.     It is my understanding that Plaintiffs' fee request here is based on the following

2025 hourly rates:

| Timekeeper | Title | Bar Admission/ JD Date | Rate |
|---|---|---|---|
| **Schneider Wallace** | | | |
| Guy B. Wallace | Partner | 1993 | $1350 |
| Mark T. Johnson | Of Counsel | 1977 | $1150 |
| Sarah Colby | Senior Associate | 1997 | $995 |
| Jennifer Bybee | Of Counsel | 2009 | $925 |
| Travis Close | Senior Associate | 2015 | $850 |
| Rachel Steyer | Associate | 2019 | $750 |
| | | | |
| **Rosen Bien Galvan Grunfeld** | | | |
| Michael Bien | Partner | 1980 | $1675 |
| Sanford Jay Rosen | Partner | 1962 | $1625 |
| Gay Grunfeld | Partner | 1984 | $1325 |
| Ernest Galvan | Partner | 1997 | $1150 |
| Lisa Ells | Partner | 2005 | $1025 |
| Jenny Yelin | Partner | 2010 | $925 |
| Ben Bien-Kahn | Senior Counsel | 2009 | $900 |
| Christopher Hu | Associate | 2013 | $775 |
| Devin Mauney | Associate | 2013 | $775 |
| Amy Xu | Associate | 2015 | $700 |
| Ginger Jackson-Gleich | Associate | 2018 | $575 |
| Brenda Muñoz | Associate | 2019 | $550 |
| Adrienne Spiegel | Associate | 2019 | $550 |
| Benjamin Hattem | Associate | 2020 | $525 |
| Maya Campbell | Associate | 2021 | $500 |
| Karen Stilber | Senior Paralegal | | $470 |
| Linda Woo | Senior Paralegal | | $470 |
| F. Gail LaPurja | Senior Paralegal | | $445 |
| Grace Brew | Law Clerk | | $425 |
| Alexandra Daniels | Law Clerk | | $425 |
| Ines Diaz | Law Clerk | | $425 |
| Nya Hardaway | Law Clerk | | $425 |
| Jessica Santillo | Law Clerk | | $425 |
| Rebecca Berman | Paralegal | | $350 |
| Kedra Chan | Paralegal | | $350 |
| Darcy Edmunson | Paralegal | | $350 |
| Ellinor Heywood | Paralegal | | $350 |
| Fely Villadelgado | Paralegal | | $350 |
| Hanna Wallace | Paralegal | | $350 |
| Luke Weitzenberg | Paralegal | | $350 |
| | | | |

| Stebner Gertler & Guadagni | | | |
|---|---|---|---|
| Kathryn A. Stebner | Partner | 1985 | $1300 |
| Sarah Colby | Of Counsel | 1997 | $995 |
| Brian Umpierre | Attorney | 2005 | $925 |
| Kelly Knapp | Attorney | 2007 | $925 |
| George Kawamoto | Attorney | 2011 | $900 |
| | | | |
| Marks Balette Young & Moss | | | |
| David T. Marks | Partner | 1978 | $1050 |
| Jacques Balette | Partner | 1997 | $850 |
| Jim Thornton | Attorney | 1995 | $800 |
| Blake Peters | Sr. Data Analyst (non-attorney) | | $275 |

13.     Under federal law, Plaintiffs' Counsel's rates are reasonable if they are "in line with" the non-contingent market rates charged by Bay Area attorneys of reasonably comparable experience, skill, and expertise for reasonably comparable services.  *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).  California law is essentially the same:  Counsel's hourly rates are reasonable if they are within the range of reasonable rates charged by and judicially awarded to comparable attorneys for comparable work.  *See Children's Hosp. & Med. Ctr. v. Bonta,* 97 Cal.App.4th 740, 783  (2002).[1]  Here, it is my opinion that the 2025[2] hourly rates Counsel request are well within the range of the non-contingent market rates charged by similarly qualified San Francisco Bay Area attorneys who regularly engage in civil litigation of comparable complexity.[3] The following factors support my opinion:

14.     **Factor One: My Experience and Expertise.** Initially, my opinion is based on my long experience and expertise regarding attorneys' fees, both as an advocate and as a recognized

---

[1] Citations to legal authorities are not presented as legal argument but to clarify and define the legal standards on which my opinions are based.

[2] Plaintiffs' Counsel are appropriately seeking their fees based on their 2025 rates. Fee awards are almost always determined based on current rates, *i.e.*, the attorney's rate at the time a motion for fees is made, rather than the historical rate at the time the work was performed. This is a common and accepted practice to compensate attorneys for the delay in being paid, *See, e.g., Perdue v Kenny A.,* 559 U.S. 542, 555 (2010);*Graham v. DaimlerChrysler Corp*,34 Cal. 4th 553 (2004); *Robles v. Employment Dev. Dept.*, 38 Cal. App. 5th 191, 205 (2019); Pearl, Cal. Fee Awards (3d ed., Mar. 2025 Update) § 9.113, p. 9-134.

[3] Bay Area rates also apply to the Marks, Balette firm even though it is based in Houston, Texas because "forum" rates apply. See  *Camacho v Bridgeport Fin., Inc.I,* 523 F.3d 973, 979 (9th Cir. 2008).

fee expert.  *See, e.g.*, *Wit v. United Behav. Health*, *supra*, 578 F. Supp. 3d at 1079  ("the Court places significant weight on Pearl's opinion"); *Human Rights Defense Center v. County of Napa*, *supra*, 2021 U.S. Dist. LEXIS 59778, *32, 2021 WL 1176640 ("Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts")  Through my writing and practice, I have become familiar with the non-contingent market rates charged by attorneys in California and elsewhere, especially in the Bay Area.  This familiarity has been obtained in several ways: (a) by handling attorneys' fee litigation; (b) by discussing fees with other attorneys; (c) by obtaining declarations regarding prevailing market rates in cases in which I represent attorneys seeking fees; and (d) by reviewing attorneys' fees applications and awards in other cases, as well as surveys and articles on attorneys' fees in the legal newspapers and treatises.  As I explained above, I have testified before trial courts and arbitrators on numerous occasions, and have submitted expert testimony by declaration on hundreds of occasions.  Each of those efforts require me to be aware of the hourly rates being charged in the relevant community, especially those charged in the San Francisco Bay and Los Angeles areas. Indeed, as shown above (¶ 9and Exh. B), my expert opinions on hourly rates have been cited repeatedly by this Court.

15.    **Factor Two: Counsel's Stellar Credentials, Experience, and Performance**. My opinion is also based on my assessment of Plaintiffs' Counsel's exceptional levels of skill, experience, and reputation, all of which would justify their rates as well within the range of reasonable rates charged by and judicially awarded comparable Bay Area attorneys for comparably complex civil litigation. I have reviewed Plaintiffs' Counsel's qualifications, backgrounds, experience, work product, and the results they have achieved. These materials include, for example, the declarations of Plaintiffs' Class Counsel -- Schneider Wallace's Guy Wallace, Rosen Bien Galvan & Grunfeld ("RBGG")'s Gay Grunfeld, the Marks' firm's David Marks, and the Stebner firm's Kathryn Stebner --  which describe the background and experience of their firms'  attorneys whose work on this action is being claimed, their roles in the case, and the reasonableness of their hourly rates.

16.    I am especially familiar with the work of the Schneider Wallace and RBGG firms,

1   having worked previously with them on numerous matters.  See, e.g., *Nevarez v Forty Niners*

2   *Football Co, LLC.*, 474 F.Supp.3d 1041, 1050 (N.D. Cal. 2020); *United States v. Academy*

3   *Mortgage Corporation*, No. 3:16-cv-02120-EMC, Dkt. 500, 2024 WL 5424428 (N.D. Cal.

4   May 31, 2024) ("*Thrower*").  As a result, I am quite familiar with the high quality of work they

5   produce, as well the excellent and well-deserved reputation for high-quality representation they

6   enjoy. Indeed, they are among the premier public interest law firms in the state.

7          17.     Based on the information I reviewed and my own experience, it is my opinion that

8   a high level of skill and experience was necessary to secure the settlement that Plaintiffs' Counsel

9   were able to achieve here.  I also am quite impressed by the efficiency with which such broad

10   relief was obtained.  This is especially so in light of the extensive billing judgment Counsel have

11   exercised. In my opinion, these reductions and the capped amount of fees and costs established by

12   the settlement agreement, totaling approximately 67% of the their actual lodestar, alleviates any

13   concern that they may be billing for inefficient or improperly delegated work that should have

14   been performed at lower rates. Although concededly a large number of attorneys and

15   paraprofessionals were involved, the use of multiple attorneys in cases of this nature is the norm

16   and is commonly paid by fee-paying clients and found reasonable by the courts. For example, in

17   *Nevarez v. Forty-Niners Football Co.*, 474 F.Supp.3d 1041, in which I also submitted a

18   supporting expert opinion, the plaintiffs' team included 22 attorneys and 7 paraprofessionals who

19   billed 30 or more hours. Here, Ms. Grunfeld's declaration explains in great detail how Counsel

20   each performed different roles in the litigation throughout the various stages.  *See* Grunfeld Decl.

21   ¶¶ 25-26; see also Wallace Decl. ¶¶ 110-111.  In my opinion, the rates Counsel have requested for

22   Counsel's briefing and other projects in this long-standing, complex case—including

23   communicating with and at times interviewing and obtaining declarations from numerous class

24   members—are entirely appropriate, especially in light of the extensive billing judgment

25   reductions they have made.

26

27          18.     **Factor Three: Counsel's Prior Fee Awards.**  The courts have found many of

28   Plaintiffs' Counsel's rates reasonable many times over the past several years.  *See* Wallace Decl.

¶¶ 112-117; Grunfeld Decl. ¶ 22; Stebner Decl. ¶ 50 and Exh. B. These prior awards are strong evidence that Counsel's current rates are reasonable. *See, e.g.*, *United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[R]ate determinations in other cases, *particularly those setting a rate for the plaintiffs' attorney*, are satisfactory evidence of the prevailing market rate." (emphasis added)); *Margolin v. Regional Planning Comm'n*, 134 Cal. App. 3d 999, 1005 (1982) (same).

19.     Counsel's current 2025 rates reflect only very modest increases over those prior determinations and are firmly justified by rate increases in the legal marketplace.  In fact, listed billing rates, court awards, and published articles show that attorney rates continue to grow rapidly.  For example, the Wolters Kluwer Real Rate Reports data for San Francisco partner/litigators shows that Third Quartile partner rates rose 12.6% between 2022 and 2024, while associate rates rose 23.4% over the same two-year period. *See* ¶¶ 27-28, *infra* (discussing **Exhibit D**).

20.     The legal media also confirms these significant rate increases in the legal marketplace, as well as the much higher hourly rates -- $2,000 per hour and more -- charged by many firms that practice in the Bay Area. *See, e.g.*, David Thomas & Mike Scarcella, *More lawyers join the $3,000-an-hour club, as other firms close in*, Reuters (Feb. 27, 2025), https://www.reuters.com/legal/legalindustry/$3000-an-hour-lawyer-isnt-unicorn-anymore-2025-02-27/ (top partners at Quinn Emanuel Urquhart & Sullivan and Susman Godfrey charging $3,000 an hour, with several other firms charging hourly rates above $2,500); Matt Hamilton & David Zahniser, *DWP secures law firm, at up to $1,975 an hour, to defend against Palisades fire lawsuits*, LA Times (Feb. 14, 2025), https://www.latimes.com/california/story/2025-02-14/law-firm-1975-an-hour-defend-against-palisades-fire-lawsuits (Los Angeles Department of Water and Power approved $10-million contract with Munger, Tolles & Olson to defend against lawsuits from residents of homes destroyed in Palisades fire, with partners charging $1,975 an hour). Debra Cassens Weiss, *Some top partners in BigLaw will bill nearly $3,000 per hour next year, data says*, ABA Journal (Sept. 26, 2024), https://www.abajournal.com/news/article/some-top-partners-in-biglaw-will-bill-nearly-3000-an-hour-next-year-report-saysd (listing BigLaw 2024 rates for partners

that range up to $2,720 per hour at California's Wilson Sonsini Goodrich & Rosati); Dan Roe, *Top Big Law Partners Are Earning More Than $2,400 Now, As Rates Continue to Climb*, Law.com (Jan. 10, 2024), https://www.law.com/americanlawyer/2024/01/10/top-restructuring-partners-are-earning-more-than-2400-per-hour-as-rates-continue-to-climb/?slreturn=20250329-35134 (listing numerous Big Law firm rates, some approaching $2,600 per hour).  Similarly, Wells Fargo's Legal Specialty Group reports that its 2023 year-end survey of 130 law firms' rates showed an 8.3% increase for 2023; its most recent survey showed average rate increases of 9.1% over the first six-months of 2024.  In light of the increased skill, experience, and reputations Plaintiffs' Counsel have achieved and enjoyed over the past several years, as well as significant rate increases in the legal marketplace generally, it is my opinion that their current 2025 rates are reasonable.

21.    **Factor Four: Recent Hourly Rate Determinations by Bay Area Courts.** In addition to my background and experience, my opinion is based on the hourly rates found reasonable for comparably qualified Bay Area attorneys providing similar services.  Those rates are highly probative evidence that the rates requested here are reasonable. See *United Steelworkers v. Phelps Dodge Corp.*, *supra,* 896 F.2d at 407; *Margolin, supra,* 134 Cal. App. 3d at 1005.  As the following examples show, the rates requested here are squarely in line with the hourly rates found reasonable by this and other Bay Area courts:

### 2024 Rates

- In *Sutter's Place, Inc. dba Bay 101 v. S.J. Bayshore Development, Inc.*, Santa Clara Superior Ct. No. 22CV397119, Order After Hearing on Plaintiff/Cross-Defendants' Motion for Attorney Fees, filed Dec. 23, 2024, a business contract dispute in which the fee award was based on a contractual fee clause, the following hourly rates were determined to be reasonable:

| Firm | Role | Law School Grad. Year | Rate |
|------|------|------|------|
| **Coblentz, Patch Duffy & Bass LLP** | Overall lead attorney and lead for trial | 1979 | $1,225 (2022) $1,310 (2023) $1,450 (2024) |
| | Partner and second chair | 1994 | $990 (2022) $1090 (2023) $1200 (2024) |

| Firm | Role | Law School Grad. Year | Rate |
|------|------|------|------|
| | Partner | 2011 | $775 (2023) $870 (2024) |
| | | 2013 | $680 (2022) $775 (2023) $870 (2024) |
| | Associate and Partner | 2015 | $565 (2022) $650 (2023) $770 (2024) |
| | Associate | 2017 | $535 (2022) $600 (2023) $680 (2024) |
| | Senior associate | 2018 | $550 (2023) $640 (2024) |
| | | 2018 | $465 (2022) $525 (2023) $630 (2024) |
| | Associate | 2020 | $600 (2024) |
| | Senior Paralegal | N/A | $340 (2022) $400 (2023) $450 (2024) |
| | | N/A | $320 (2022) $400 (2023) $450 (2024) |
| | | N/A | $285 (2022) $400 (2024) |
| | Trial Technician | N/A | $270 (2023) $300 (2024) |

- In *Smith v. Kaiser Foundation Health Care Plan, Inc.,* JAMS Arbitration Nos. 1100115944, Ruling on Attorney Fees Application filed October 21, 2024, an action challenging Kaiser's wheelchair replacement policies, the Honorable Wynne Carvill (Ret.), found, based in large part on my declaration, that the following hourly rates were reasonable:

| Timekeeper | Position | Law School Class | 2024 Rate |
|------|------|------|------|
| | **RBGG** | | |
| | Partner | 1997 | $1,100 |
| | Senior Counsel | 2011 | $800 |
| | Associate | 2017 | $575 |

| Timekeeper | Position | Law School Class | 2024 Rate |
|---|---|---|---|
| **DREDF** | | | |
| | Legal Director | 1992 | $995 |
| | Public Policy Director | 2002 | $880 |
| | Senior Staff Attorney | 2014 | $535 |
| | Attorney | 2017 | $490 |
| | Paralegal | N/A | $290 |

- In *Toscano v. City of Oakland*, Alameda County Superior Ct. No. RG21094864, Fee Order filed August 22, 2024, an individual employment discrimination and retaliation case, the court found, citing my declaration, that the following rates for plaintiff's counsel were reasonable (before applying a 1.4 lodestar multiplier):

| Firm | Role | Law School Grad. Year | Rate |
|---|---|---|---|
| **Vinick Hyams LLP** | Attorney | 1982 | $1,100 |
| | Attorney and Co-lead at trial | 1987 | $1,100 |
| | Law Clerk | N/A | $250 |
| | Paralegal/Legal Assistant | N/A | $225 |
| **Law Offices of Wendy Musell** | Partner | 1999 | $1,000 |
| | | 2000 | $950 |
| | Senior Counsel and Co-lead at trial | 2021 | $875 |
| | Law Clerks | N/A | $250 |
| | Paralegal | N/A | $225 |

- In *United States of America v. Academy Mortgage Corp.*, N.D. Cal. No. 16-cv-02120-EMC, Order Granting in Part Relator Gwen Thrower's Motion re Accrual of Interest and for Supplemental Attorneys' Fees (Doc. No 519), filed September 13, 2024, 2024 U.S Dist. LEXIS 165565, 2024 WL 4194800 ("*Thrower*"), a qui tam action, the court found the following 2023 hourly rates reasonable for counsel's fee motion work:

| Firm | Role | Law School Grad. Year | Rate |
|---|---|---|---|
| **Rosen Bien Galvan & Grunfeld LLP** | Attorney | 1962 | $1,475 |
| | | 2008 | $875 |
| | | 2005 | $925 |
| | | 2018 | $525 |
| | | 2008 | $825 |
| | Paralegal | N/A | $435 |
| | | N/A | $405 |
| | | N/A | $435 |

- In an earlier award in the same case, *United States of America v. Academy Mortgage Corp.* (*Gwen Thrower, Relator*), No. 3:16-cv-02120-EMC, Dkt. 500 (N.D. Cal. May 31, 2024) (Doc 500) , the court awarded Plaintiffs' fees counsel their fees based on their 2017 hourly rates, including a finding that $1,000 per hour was reasonable for a 55-year attorney (a rate which had increased to $1,475 per hour in 2023).

- In *Prison Legal News v. Ryan*, United States Court of Appeal for the Ninth Circuit, Order filed March 21, 2023, the Appellate Commissioner found the following hourly rates reasonable for the Plaintiff-Appellee's appellate work:

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|----------------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** | Partner | 1962 | $1,350 |
| | | 2006 | $850 |
| | Associate | 2016 | $575 |
| | Paralegal | N/A | $400 |

**2022 Rates**

- In *Bronshteyn v. State of California*, Los Angeles County Superior Ct. No. 19SMCV00057, Order Granting Plaintiff's Motion for Statutory Attorneys' Fees and Costs filed March 30, 2023, an individual FEHA action brought by two Bay Area law firms (Levy, Vinick, Burrell & Hyams LLP and Law Offices of Wendy Musell, the court found the following 2022 hourly rates reasonable (before applying a 1.75 lodestar multiplier for work up to and through the verdict):

| Firm | Role | Law School Grad. Year | Rate |
|------|------|----------------------|------|
| **Levy, Vinick, Burrell & Hyams LLP** | Co-lead at trial | 1989 | $1,100 |
| | Attorney | 1982 | $1,000 |
| | | 1987 | $1,000 |
| | | 1995 | $1,000 |
| | Law Student | N/A | $300 |
| | Paralegal/Legal Assistant | N/A | $225 |
| **Law Offices of Wendy Musell** | Overall Lead and Co-lead at trial | 1999 | $1,000 |
| | Senior Associate | 2000 | $850 |
| | Associate | 2021 | $425 |
| | Law Clerks | N/A | $350 |
| | Paralegal | N/A | $225 |

- In *Richmond Compassionate Care Collective v. Richmond Patient's Group et al.*, Contra Costa Superior Ct. No. MSC16-01426, Order Granting Plaintiff RCCC's Motion for Attorneys' Fees etc., filed November 1, 2022, an antitrust case, as part of its lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiff's attorneys were reasonable:

[4738315.1]

15

DECL. OF RICHARD M. PEARL ISO PLTFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES
*STINER ET AL. v. BROOKDALE SENIOR LIVING, INC.ET AL.*, CASE NO. 4:17-CV-03962-HSG (LB)

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **Alioto Law Firm** | Joseph M. Alioto | 53 | $1,500 |
| **Foreman & Brasso** | Ronald D. Foreman | 48 | $1,050 |

### 2021 Rates

- In *Yo LLC v. Krucker*, Santa Clara Superior Ct. No. 17CV306261, Fee Order filed February 9, 2022, a contractual fee case involving a disputed lease, the court found the following hourly rates billed by the prevailing Defendant's attorneys reasonable:

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Cooley LLP** | Partner | 1994 | $1,275 |
| | Special Counsel | 1994 | $1,090 |
| | Associate (2020 rate) | 2009 | $1,010 |

- In *West Pueblo Partners, LLC v. Stone Brewing Co., LLC,* Napa County Superior Ct. No. 21CV000498, Order After Hearing Granting Plaintiff's Motion for Attorneys' Fees filed March 11, 2022, another contractual fee case, the court found that the following hourly rates billed by the prevailing plaintiff's attorneys were reasonable:

| Firm | Title | Law School Grad. Year | Rate (discounted to client) |
|---|---|---|---|
| **Munger, Tolles & Olson LLP** | Partner | 1988 | $1,043.58 |
| | | 1989 | $981.86 |
| | Associate | 2017 | $800.10 |
| | | 2015 | $674.45 |

- In *Kang v. Wells Fargo Bank NA*, 2021 U.S. Dist. LEXIS 235254, at *53 (N.D. Cal. Dec. 8, 2021), a consumer class action, the court found that plaintiffs' appellate attorneys' rates of $640-$1,150 and trial counsel's rates of $325-$950 were "in line with other fee awards in this district for similarly experienced attorneys".

- In *Wit v. United Behavioral Health*, 578 F.Supp.3d 1060 (N.D. Cal. Jan. 5, 2022), the court found the following 2021 hourly rates reasonable:

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **Zuckerman Spaeder LLP** | Partner | 39 | $1,145 |
| | | 35 | $1,145 |
| | | 24 | $1,040 |
| | | 21 | $980 |
| | Associate | 6 | $595 |
| | Paralegals | N/A | $250-$390 |

DECL. OF RICHARD M. PEARL ISO PLTFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES
*STINER ET AL. v. BROOKDALE SENIOR LIVING, INC.ET AL.*, CASE NO. 4:17-CV-03962-HSG (LB)

- In *Andrews v. Equinox Holdings, Inc.*, No. 20-cv-00485 (N.D. Cal. Nov. 9, 2021), Dkt. 110 (Order on Motion for Attorney Fees and Costs), an individual age discrimination case that settled by acceptance of the defendant's Fed. R. Civ. P. Rule 68 offer, the court found the following 2021 rates reasonable (before applying a 1.3 lodestar multiplier):

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| Rosen Bien Galvan & Grunfeld LLP | Partner | 1962 | $1,250 |
| | | 1997 | $875 |
| | Senior Counsel | 2010 | $600 |
| | Associate | 2018 | $350 |
| | Summer Associates | N/A | $300 |
| | Paralegals | N/A | $240-$275 |

**2020 Rates**

- In *UFCW & Employers Benefit Trust et al v. Sutter Health, et al.*, San Francisco County Superior Court, Case No. CGC-14-538451, consolidated with Case No. CGC-18-565398, Order re Plaintiffs' Counsel's Joint Motion for Attorneys' Fees, Costs, and Service Award, filed August 27, 2021, the court found the following 2020 rates reasonable as part of its lodestar-cross check, including the then current rates charged by two of Betchart's law firms, Farella Braun and Cohen Milstein, including at least three attorneys for whom fees are requested here (Daniel A. Small, Christopher C. Wheeler, and Matthew W. Ruan):

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| Pillsbury & Coleman, LLP | Of Counsel | 1979 | $960 |
| | Partner | 1976 | $675 |
| | Associate | 2010 | $475 |
| | Paralegal | N/A | $225 |
| Farella Braun + Martel LLP | Partner | 2002* (Christopher C. Wheeler) | $785 |
| | | 1994* | $895 |
| | | 1972* | $1250 |
| | | 1980* | $975 |
| | | 1985* | $935 |
| | | 1982* | $925 |
| | | 1991* | $795 |
| | Associate | 2012* | $675 |
| | | 2014* | $650 |
| | | 2015* | $560 |
| | | 2018* | $515 |
| | | 2017* | $460 |

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|-----------------------|------|
| | Paralegals | N/A | $355-$190 |
| | Litigation Support | N/A | $325-$285 |
| **McCracken, Stemerman & Holsberry LLP** | Partner | 1975 | $850 |
| | | 1983 | $850 |
| | | 1990 | $800 |
| | | 2008 | $750 |
| | Associate | 2011 | $575 |
| | | 2012 | $575 |
| | | 2014 | $575 |
| | | 2014 | $575 |
| | | 2017 | $400 |
| | | 2018 | $400 |
| | | 2019 | $400 |
| **Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.** | Partner | 1995* | $1,095 |
| | | 2005* | $890 |
| | | 2011* | $890 |
| | | 1997* | $890 |
| | Of Counsel | 1988* | $835 |
| | Associate | 2014* | $805 |
| | | 2015* | $750 |
| | | 2017* | $690 |
| | | 2017* | $690 |
| | | 2016* | $635 |
| | | 2018* | $535 |
| | Staff Attorney | 2007* | $460 |
| | | 2000* | $460 |
| | | 1997* | $460 |
| | | 2002* | $460 |
| | | 1998* | $400 |
| | | 1977* | $400 |
| | | 1999* | $460 |
| | | 1991* | $460 |
| | | 2012* | $400 |
| | Paralegal Director | N/A | $430 |
| | Paralegals | N/A | $430-$275 |
| | Summer Associates | N/A | $185 |
| | Research Manager | N/A | $260 |
| | Research Analyst | N/A | $160 |
| | IT Director | N/A | $200 |
| | Litigation Support Specialist | N/A | $145 |
| | Trial Coordinator | N/A | $115 |
| **Cohen Milstein Sellers & Toll PLLC** | Partner | 1975 | $975 |
| | | 1983 | $995 |
| | | 1986 (Daniel A. Small) | $975 |

DECL. OF RICHARD M. PEARL ISO PLTFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES
*STINER ET AL. v. BROOKDALE SENIOR LIVING, INC.ET AL.*, CASE NO. 4:17-CV-03962-HSG (LB)

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|-----------------------|------|
|  |  | 2005 | $720 |
|  |  | 2007 | $680 |
|  | Of Counsel | 2003 (Matthew W. Ruan) | $725 |
|  | Associate | 2009 | $650 |
|  |  | 2014 | $535 |
|  | Discovery Counsel | 2002 | $550 |
|  | Staff Attorney | 1993 | $445 |
|  |  | 2002 | $430 |
|  |  | 2005 | $415 |
|  |  | 2006 | $415 |
|  | Investigator | N/A | $515 |
|  | Paralegals | N/A | $325-$310 |

*Bar admission date.

- In *Human Rights Defense Center v. County of Napa*, No. 20-cv-01296 (N.D. Cal. March 28, 2021), Dkt. 50 at 18 (Order Granting In Part And Denying In Part Motion For Attorneys' Fees, Costs And Expenses), a prisoner rights action, the court found that counsel's 2020 hourly rates listed below were reasonable:

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|-----------------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** | Partner | 1962 | $1,110 |
|  |  | 1981 | $950 |
|  | Senior Counsel | 2009 | $625 |
|  | Senior Paralegal | N/A | $350 |

- In *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2020 WL 7626410, at *3 & n.4 (N.D. Cal. Dec. 22, 2020), a RICO action challenging the defendants' invasive tactics, the court found that Plaintiffs' counsel's 2020 hourly rates were "reasonable given the scope and complexity of this case, as well as in light of rates approved in this District for partners, associates, and paralegals for similarly experienced counsel and staff at similar firms."

| Firm | Title | Bar Admission Date | Rate |
|------|-------|--------------------|------|
| **Arnold & Porter Kaye Scholer LLP** | Partner | 1974 | $1,280 |
|  |  | 1993 | $1,150 |
|  |  | 1990 | $1,085 |
|  |  | 2005 | $1,015 |
|  |  | 2002 | $925 |
|  | Senior Associate | 2005 | $910 |
|  |  | 2012 | $910 |
|  |  | 2015 | $815 |

[4738315.1]

DECL. OF RICHARD M. PEARL ISO PLTFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES
*STINER ET AL. v. BROOKDALE SENIOR LIVING, INC.ET AL.*, CASE NO. 4:17-CV-03962-HSG (LB)

| Firm | Title | Bar Admission Date | Rate |
|---|---|---|---|
| | Associate | 2018 | $675 |
| | Staff Attorney | 2008 | $545 |
| | Paralegal | N/A | $405 |
| | | N/A | $390 |
| **Planned Parenthood** | General Counsel | 1982 | $1,115 |
| | Sr. Staff Attorney | 2012 | $910 |

- In *Schneider v. Chipotle Mexican Grill*, 336 F.R.D. 588, 601 (N.D. Cal. 2020), a consumer class action, the court found that counsel for the putative class's 2020 hourly rates listed below were "on the high end, although in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation."

| Firm | Title | Bar Admission Date | Rate |
|---|---|---|---|
| **Kobre & Kim LLP** | Partner | 1993 | $1,275 |
| | | 1987 | $1,275 |
| | | 1997 | $995 |
| | Associate | 2011 | $695 |
| | Analyst | N/A | $495 |
| | Legal Assistant | N/A | $195 |
| | | N/A | $195 |

- In *Lashbrook v. City of San Jose*, No. 20-cv-01236, Order Granting Approval of Class Action Settlement, Awarding Attorneys' Fees and Service Award; Judgment (N.D. Cal. Sep. 2, 2020), Doc 25, a disability access class action, the court found the following hourly rates reasonable:

| Firm | Title | Bar Admission Date | Rate |
|---|---|---|---|
| **Goldstein, Borgen, Dardarian & Ho** | Partner | 1987 | $945 |
| | | 2006 | $750 |
| | Associate | 2017 | $415 |
| | Senior Paralegal | N/A | $325 |
| | Paralegal | N/A | $285 |

- In *Lee One, LLC v. Facebook, Inc.*, No. 4:16-cv-06232 (N.D. Cal. June 26, 2020), Dkt. 211 (Order and Judgment Granting Motion for Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Costs, and Service Awards), a class action challenge to Facebook's systems for justifying the rates charged advertisers, the court approved a fee constituting 30% of the $40 million settlement fund, and in cross-checking that fee against counsel's lodestar, found the following 2019 hourly rates reasonable (before applying a 1.68 lodestar multiplier):

| Firm | Title | Bar Admission Date | Rate |
|---|---|---|---|
| Cohen Milstein Sellers & Toll PLLC | Partner | 1983 | $940 |
| | | 2000 | $790 |
| | | 2004 | $740 |
| | Associate | 2012 | $545 |
| | | 2014 | $505 |
| | Staff Attorney | 2012 | $395 |
| | Law Clerk | 2019 | $290 |
| | Contract Attorney | 2003 | $395 |
| | | 2014 | $250 |
| | | 2017 | $250 |
| The Gibbs Law Group | Partner | 1995 | $910 |
| | | 2000 | $750 |
| | | 2003 | $720 |
| | | 2007 | $710 |
| | Associate | 2014 | $460 |
| | | 2016 | $430 |
| Eglet Adams | Partner | 1988 | $870 |
| | | 1998 | $800 |
| | | 1999 | $690 |
| | | 1999 | $650 |
| | Associate | 2011 | $450 |
| | Contract Attorney | 1998 | $200 |
| | Investigator | N/A | $490 |
| | Paralegals | N/A | $300-$315 |

- In *Perez v. Rash Curtis & Associates*, No. 4:16-cv-03396 (N.D. Cal. Apr. 17, 2020), Dkt. 427 (Order, *inter alia*, Granting in Part and Denying in Part Motion for an Award of Attorneys' Fees, Costs, and Expenses), a consumer protection action under both federal and state law resulting in a $267 million judgment, the court awarded counsel a percentage-based common fund fee of 25% of the fund, cross-checked against a lodestar-based fee comprised of a $634.48 blended rate, and a lodestar multiplier ranging from 13.42 to 18.15 depending on the number of hours eventually spent. The 2020 hourly rates from which the blended rate was derived were as follows:

| Firm | Title | Bar Admission Date | Rate |
|---|---|---|---|
| Bursor & Fisher, P.A. | Partner | 1997 | $1,000 |
| | | 2002 | $850 |
| | | 2006 | $750 |
| | | 2009 | $650 |
| | | 2013 | $550 |
| | Associate | 2010 | $550 |

DECL. OF RICHARD M. PEARL ISO PLTFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES
*STINER ET AL. v. BROOKDALE SENIOR LIVING, INC.ET AL.*, CASE NO. 4:17-CV-03962-HSG (LB)

| Firm | Title | Bar Admission Date | Rate |
|---|---|---|---|
| | | 2013 | $525 |
| | | 2016 | $400 |
| | | 2017 | $375 |
| | | 2019 | $325 |
| | Law Clerk | N/A | $300 |
| | Senior Litigation Support Specialist | N/A | $275-$300 |
| | Litigation Support Specialist | N/A | $200-$250 |

- In *In re Wells Fargo & Company Shareholder Derivative Litigation*, No. 16-cv-05541 (N.D. Cal. Apr. 7, 2020), Dkt. 312 (Order Granting Motion for Final Approval and Motion for Attorneys' Fees), a shareholder derivative class action, the court found the following 2020 hourly rates reasonable:

| Firm | Title | Law School Graduation Year | Rate |
|---|---|---|---|
| **Lieff Cabraser Heimann & Bernstein LLP** | | 1972 | $1,075 |
| | | 1998 | $950 |
| | | 1993 | $900 |
| | | 1984 | $850 |
| | Partners | 2000 | $775 |
| | | 2001-2002 | $700 |
| | | 2005 | $650 |
| | | 2007 | $590 |
| | | 2008 | $560 |
| | | 2012 | $480-$510 |
| | Associates | 2015 | $440 |
| | | 2017 | $395 |
| | Law Clerk | N/A | $375-$395 |
| | Paralegal/Clerk | N/A | $345-$390 |
| | Litigation Support/Research | N/A | $345-$495 |

Counsel's hourly rates are in line with the range of rates found reasonable in these cases.

22.    **Factor Five: The Rates Reported by Bay Area Law Firms.**  My opinion that Counsel's rates are in line with the local legal marketplace for comparable services also is based on the standard non-contingent hourly rates for complex litigation charged by many Bay Area law firms or law firms with offices or practices in the Bay Area.  I pride myself on keeping up to date on hourly rates being charged and awarded in California, and that expertise has been recognized by

1    this Court. See, e.g., *Human Rights Defense Center v. County of Napa*, No. 20-cv-01296, 2021 WL

2    1176640, at *11 (N.D. Cal. Mar. 28, 2021) (stating that it had "place[d] significant weight on the

3    opinion of Mr. Pearl that the rates charged by all of the timekeepers listed above are reasonable and

4    in line with the rates charged by law firms that engage in federal civil litigation in the San Francisco

5    Bay Area.  Mr. Pearl has extensive experience in the area of attorney billing rates in this district

6    and has been widely relied upon by both federal and state courts in Northern California [] in

7    determining reasonable billing rates".

8          23.    The reported rates that I have compiled from court filings, sworn declarations and

9    depositions, surveys, and other reliable sources, including direct communications with law firms,

10    show that the rates paid here are in line with the Bay Area marketplace. Indeed, the rates requested

11    here by RBGG are the same rates they actually bill to and are paid by fee-paying clients.  Grunfeld

12    Decl. ¶ 21-22. *See Carson v Billings Police Dep't,* 470 F.3d 889, 892 (9th Cir. 2006) ("that a lawyer

13    charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because

14    the lawyer and his clients are part of the market"). The following examples lend further support to

15    my opinion:

| Firm – Year | Level | Rates |
| --- | --- | --- |
| **Boies Schiller & Flexner LLP – 2023** | Partners | Up to $2,110 |
| | Paralegals | $350 |
| | Staff | $430-$500 |
| | Litig. Support | $350-$380 |
| **Kirkland & Ellis LLP – 2024** | Partners | $1,195 - $2,465 |
| | Associates | $745 - $1,495 |
| **Kirkland & Ellis LLP – 2021** | Partners | $1,085-$1,895 |
| | Of Counsel | $625-1,895 |
| | Associates | $625-$1,195 |
| | Paraprofessional | $255-475 |
| | Paraprofessional | $255-475 |
| **Morrison & Foerster LLP – 2021** | Attorney (2002 graduate) | $1,200 |
| | Attorney (2011 graduate) | $1,075 |
| | Attorney (2014 graduate) | $925 |
| | Attorney (2018 graduate) | $745 |
| | Paralegal | $295 |
| **Morrison & Foerster LLP – 2020** | Attorney (2002 graduate) | $1,125 |
| | Attorney (2011 graduate) | $975 |
| | Attorney (2014 graduate) | $810 |

|  | Attorney (2018 graduate) | $640 |
|---|---|---|
|  | Paralegal | $275 |
| **Wilson Sonsini Goodrich & Rosati P.C. – 2023** | Attorney (1992 graduate) | $1,430 |
|  | Attorney (2013 graduate) | $1,010 |
|  | Attorney (2010 graduate) | $1,010 |
|  | Attorney (2017 graduate) | $875 |
|  | Support Staff | $250-$500 |
| **Wilson Sonsini Goodrich & Rosati P.C. – 2022** | Members | $975-$2,220 |
|  | Associates | $550-$1,175 |
|  | Of Counsel | $640-$1,875 |
|  | Staff | $225-$935 |
|  | Library Personnel | $200-$300 |

24.    I also am aware of the following rates from reliable sources:

- In 2022, Munger, Tolles & Olson, billed a 19-year attorney at $1,210 per hour and a 9-year attorney at $850.

- In 2021, Morrison Foerster LLP billed $1,200 for a 2002 law school grad, $1,075 for a 2011 law school grad, and $745 for a 2018 law school grad.

- In 2021, Cooley LLP billed $1,415 for a partner with 27 years of experience. And in 2020, Cooley billed $1,275 for a partner with 26 years experience and $1,120 for an associate with 12 years of experience.

- In 2020, Paul Hastings LLP billed a 25-year attorney at $1,425 per hour and a 7-year associate at $885 per hour.[4]

25.    I also am aware that in 2020, Gibson Dunn & Crutcher LLP was billing its senior partners at $1,395 to $1,525 per hour, senior associates at $960 per hour, and paralegals at $480 per hour. In June 2021, it was reported that Gibson Dunn had offered to represent the California Redistricting Commission at rates ranging from $775 to $1,625 per hour. *See* Tiffany Steckler, *Gibson Dunn Layers Hired by California Redistricting Commission* (June 30, 2021), https://news.bloomberglaw.com/business-and-practice/gibson-dunn; *see also Herring Networks, Inc. v. Maddow*, 2021 U.S. Dist. LEXIS 23163, at *15-16 (S.D. Cal. Feb. 5, 2021) (anti-SLAPP

---

[4] Bankruptcy rates are relevant here because under Bankruptcy Court rules, attorneys claiming fees must attest that the rates being charged are their regular hourly rates charged to non-bankruptcy clients. *See supra* Ex. C (Summary Sheet) Doc. #6331 ¶ 17 (attesting that pursuant to applicable Guidelines, rates charged for PG&E case are same rates charged for comparable bankruptcy and non-bankruptcy services).

[4738315.1]

1    action in which Gibson Dunn stated that its 2020 Los Angeles area rates were $1,525 and $1,395

2    for attorneys with "over 30 years of legal experience" and $960 for an attorney with "over ten

3    years of legal experience").  Adjusted for the passage of time during an inflationary period, these

4    Gibson Dunn rates are significantly higher than the rates Plaintiffs Counsel are requesting here.

5            26.    The filings of PG&E's law firm in the PG&E Bankruptcy case, N.D. Bankr. Case

6    No. 19-30088, also support my opinion.  The attached **Exhibit C** shows that in July 2020,

7    PG&E's attorneys billed two attorneys with 31 years' experience at $1,640 per hour, an attorney

8    with 21 years' experience at $1,535, and an attorney with 15 years' experience at $1,220 per

9    hour.  By comparison, and factoring in four years of rate increases, described further in paragraph

10   30 below, the hourly rates Plaintiffs' Counsel request here are certainly in line with those rates.

11           27.    **Factor Six: The Rates Data Reported in Credible Surveys**.  My opinion also is

12   confirmed by the 2024 Real Rate Report published by Wolters Kluwer, relevant excerpts of

13   which are attached as **Exhibit D.**  The Real Rate Report surveys and analyzes hundreds of law

14   firm invoices to determine the range of hourly rates actually charged in a particular locale.  For

15   counsel with high-level experience, expertise, and skills, the Report's Third Quartile rates—*i.e.*,

16   rates that, by definition, are lower than those charged by the top 25% of Bay Area billers—can be

17   used as a starting point to help assess whether the rates requested are in line with local rates that

18   are actually paid.  *See, e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 U.S. Dist. LEXIS

19   211875, at *69 (C.D. Cal. Oct. 6, 2023) (citing to Report's Third Quartile rates); *French v. City of*

20   *Los Angeles*, No. 20-cv-00416, 2022 WL 2189649, at *18 (C.D. Cal. May 10, 2022) ("[T]his

21   Court has found that the [2021] Real Rate Report provides a helpful reference point and consults

22   it here," citing Report's Third Quartile rates).

23           28.    As applied here, the 2024 Report squarely confirms that Counsel's requested rates

24   are "in line with" the rates charged in the San Francisco Bay Area legal services marketplace for

25   comparable services.  For example, page 22 of the 2024 Report describes the rates charged by

26   166 San Francisco Area "Litigation" partners.  For this category, the Third Quartile San Francisco

27   Area rate was $1,208 per hour.  Likewise, page 32 of the same Report finds that the Third

28

Quartile rate charged by 338 San Francisco partners was $1,188 per hour. Given that rates have tended to increase by at least 4-6% since mid-2024, Counsel's rates are in line with this Report.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed August 7, 2025, in Berkeley, California.

Richard M. Pearl

[4738315.1]

DECL. OF RICHARD M. PEARL ISO PLTFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES
*STINER ET AL. v. BROOKDALE SENIOR LIVING, INC. ET AL.*, CASE NO. 4:17-CV-03962-HSG (LB)

# Exhibit A

# RESUME OF RICHARD M. PEARL

**RICHARD M. PEARL**
**LAW OFFICES OF RICHARD M. PEARL**
1816 Fifth Street
Berkeley, CA 94710
(510) 649-0810
(510) 548-3143 (facsimile)
rpearl@interx.net (e-mail)

## EDUCATION

University of California, Berkeley, B.A., Economics (June 1966)
Berkeley School of Law (formerly Boalt Hall), Berkeley, J.D. (June 1969)

## BAR MEMBERSHIP

Member, State Bar of California (admitted February 1970)
Member, State Bar of Georgia (admitted June 1970) (inactive)
Admitted to practice before all California State Courts; the United States Supreme Court; the United States Court of Appeals for the District of Columbia and Ninth Circuits; the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California, for the District of Arizona, and for the Northern District of Georgia; and the Georgia Civil and Superior Courts and Court of Appeals.

## EMPLOYMENT

LAW OFFICES OF RICHARD M. PEARL (April 1987 to Present): Civil litigation practice (AV rating), with emphasis on court-awarded attorney fees, class actions, and appellate practice. Selected Northern California "Super Lawyer" in Appellate Law for 2005, 2006, 2007, 2008, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, 2024, and 2025.

QUALIFIED APPELLATE MEDIATOR, APPELLATE MEDIATION PROGRAM, California Court of Appeal, First Appellate District (October 2000 to 2013) (program terminated).

ADJUNCT PROFESSOR, HASTINGS COLLEGE OF THE LAW (January 1988 to 2014): Taught *Public Interest Law Practice*, a 2-unit course that focused on the history, strategies, and issues involved in the practice of public interest law.

PEARL, McNEILL & GILLESPIE, Partner (May 1982 to March 1987): General civil litigation practice, as described above.

1

CALIFORNIA RURAL LEGAL ASSISTANCE, INC. (July 1971 to September 1983) (part-time May 1982 to September 1983):

>Director of Litigation (July 1977 to July 1982)
>Responsibilities: Oversaw and supervised litigation of more than 50 attorneys in CRLA's 15 field offices; administered and supervised staff of 4-6 Regional Counsel; promulgated litigation policies and procedures for program; participated in complex civil litigation.

>Regional Counsel (July 1982 to September 1983 part-time)
>Responsibilities: Served as co-counsel to CRLA field attorneys on complex projects; provided technical assistance and training to CRLA field offices; oversaw CRLA attorney's fee cases; served as counsel on major litigation.

>Directing Attorney, Cooperative Legal Services Center (February 1974 to July 1977) (Staff Attorney February 1974 to October 1975)
>Responsibilities: Served as co-counsel on major litigation with legal services attorneys in small legal services offices throughout California; supervised and administered staff of four senior legal services attorneys and support staff.

>Directing Attorney, CRLA McFarland Office (July 1971 to February 1974) (Staff Attorney July 1971 to February 1972)
>Responsibilities: Provided legal representation to low income persons and groups in Kern, King, and Tulare Counties; supervised all litigation and administered staff of ten.

HASTINGS COLLEGE OF THE LAW, Instructor, Legal Writing and Research Program (August 1974 to June 1978)
Responsibilities: Instructed 20 to 25 first year students in legal writing and research.

CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, Staff Attorney, General Counsel's Office (November 1975 to January 1976, while on leave from CRLA)
Responsibilities: Prosecuted unfair labor practice charges before Administrative Law Judges and the A.L.R.B. and represented the A.L.R.B. in state court proceedings.

ATLANTA LEGAL AID SOCIETY, Staff Attorney (October 1969 to June 1971)
Responsibilities: Represented low-income persons and groups as part of 36-lawyer legal services program located in Atlanta, Georgia.

**PUBLICATIONS**

Pearl, *California Attorney Fee Awards, Third Edition* (Cal. Cont. Ed. Bar 2010) and February 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, and March 2024 Supplements

Pearl, *California Attorney Fee Awards, Second Edition* (Cal. Cont. Ed. Bar 1994), and 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Supplements

*Best Practices for Litigating a Civil Code Section 1717 Motion for Attorney Fees,* with the Hon. Elizabeth R. Feffer (Ret.), California Litigation (The Journal of the Litigation Section of the California Lawyers Association, Vol. 35, No. 1, 2022)

*Graham v. DaimlerChrysler Corp.* and *Tipton-Whittingham v. City of Los Angeles*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Feb. 2005)

*Current Issues in Attorneys' Fee Litigation*, California Labor and Employment Law Quarterly (September 2002 and November 2002)

*Flannery v. Prentice: Shifting Attitudes Toward Fee Agreements and Fee-Shifting Statutes*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Nov. 2001)

*A Practical Introduction to Attorney's Fees*, Environmental Law News (Summer 1995)

*Wrongful Employment Termination Practice, Second Edition* (Cal. Cont. Ed. Bar 1997) (co-authored chapter on "Attorney Fees")

*California Attorney's Fees Award Practice* (Cal. Cont. Ed. Bar 1982) (edited), and 1984 through 1993 Supplements

Program materials on attorney fees for numerous trainings, including for California Continuing Education of the Bar, the California Employment Lawyers Association, the California Lawyers Association, the California Department of Fair Housing and Employment, the Environmental Law, Labor Law, and Appellate Sections of the California State Bar, the California Academy of Appellate Lawyers, and many others.

*Settlors Beware/The Dangers of Negotiating Statutory Fee Cases* (September 1985) Los Angeles Lawyer

Program Materials on Remedies Training (Class Actions), sponsored by Legal Services Section, California State Bar, San Francisco (May 1983)

Attorneys' Fees: A Legal Services Practice Manual (Legal Services Corporation 1981)

**PUBLIC SERVICE**

Member, Attorneys' Fee Task Force, California State Bar

Member, Board of Directors, California Rural Legal Assistance Foundation

Former Member, Border of Directors, Meals on Wheels of San Francisco (former)

**RECOGNITION**

"AV" Rating -- Martindale Hubbell

Northern California "Super Lawyer" in Appellate Law: 2005 – 2008; 2010 -2025.

**REPRESENTATIVE CASES**

*ACLU of N. Cal. v. DEA*
          (N.D. Cal. 2012) 2012 U.S.Dist.LEXIS 190389

*Alcoser v. Thomas*
          (2011) 2011 Cal.App.Unpub.LEXIS 1180

*Arias v. Raimondo*
          (2018) 2018 U.S.App.LEXIS 7484

*Boren v. California Department of Employment*
          (1976) 59 Cal.App.3d 250

*Cabrera v. Martin*
          (9th Cir. 1992) 973 F.2d 735

*Camacho v. Bridgeport Financial, Inc.*
          (9th Cir. 2008) 523 F.3d 973

*Campos v. E.D.D.*
          (1982) 132 Cal.App.3d 961

*Center for Biological Diversity v. County of San Bernardino*
          (2010) 185 Cal.App.4th 866

*Children & Families Commission of Fresno v. Brown*
          (2014) 228 Cal.App.4th 45

*Committee to Defend Reproductive Rights v. A Free Pregnancy Center*
          (1991) 229 Cal.App.3d 633

**REPRESENTATIVE CASES (cont.)**

*David C. v. Leavitt*
       (D. Utah 1995) 900 F.Supp. 1547

*Delaney v. Baker*
       (1999) 10 Cal.4th 23

*Dixon v. City of Oakland*
       (2014) 2014 U.S.Dist.LEXIS 169688

*Employment Development Dept. v. Superior Court (Boren)*
       (1981) 30 Cal.3d 256

*Environmental Protection Info. Ctr. v Department of Forestry & Fire Protection*
       (2010) 190 Cal.App.4th 217

*Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*
       (N.D. Cal. 2002) 229 F. Supp.2d 993, *aff'd* (9th Cir. 2004) 103 Fed. Appx. 627

*Flannery v Prentice*
       (2001) 26 Cal. 4th 572

*Graham v. DaimlerChrysler Corp.*
       (2004) 34 Cal. 4th 553

*Guerrero v. Cal. Dept. of Corrections etc.*
       (2016) 2016 U.S.Dist.LEXIS 78796, *aff'd in relevant part,* (9th Cir. 2017) 701
       Fed.Appx. 613

*Heron Bay Home Owners Assn. v. City of San Leandro*
       (2018) 19 Cal.App.5[th] 376

*Horsford v. Board of Trustees of Univ. of Calif.*
       (2005) 132 Cal.App.4th 359

*Ketchum v. Moses*
       (2001) 24 Cal.4th 1122

*Kievlan v. Dahlberg Electronics*
       (1978) 78 Cal.App.3d 951, *cert. denied* (1979)
       440 U.S. 951

*Lealao v. Beneficial  California, Inc.*
       (2000) 82 Cal.App.4th 19

**REPRESENTATIVE CASES (cont.)**

*Lewis v. California Unemployment Insurance Appeals Board*
        (1976) 56 Cal.App.3d 729

*Local 3-98 etc. v. Donovan*
        (N.D. Cal. 1984) 580 F.Supp. 714,
        *aff'd* (9th Cir. 1986) 792 F.2d 762

*Mangold v. California Public Utilities Commission*
        (9th Cir. 1995) 67 F.3d 1470

*Maria P. v. Riles*
        (1987) 43 Cal.3d 1281

*Martinez v. Dunlop*
        (N.D. Cal. 1976) 411 F.Supp. 5,
        *aff'd* (9th Cir. 1977) 573 F.2d 555

*McQueen, Conservatorship of*
        (2014) 59 Cal.4th 602 (argued for *amici curiae*)

*McSomebodies v. Burlingame Elementary School Dist.*
        (9th Cir. 1990) 897 F.2d 974

*McSomebodies v. San Mateo City School Dist.*
        (9th Cir. 1990) 897 F.2d 975

*Molina v. Lexmark International*
        (2013) 2013 Cal.App. Unpub. LEXIS 6684

*Moore v. Bank of America*
        (9th Cir. 2007) 2007 U.S. App. LEXIS 19597

*Moore v. Bank of America*
        (S.D. Cal. 2008) 2008 U.S. Dist. LEXIS 904

*Mora v. Chem-Tronics, Inc.*
        (S.D. Cal. 1999) 1999 U.S. Dist. LEXIS 10752,
        5 Wage & Hour Cas. 2d (BNA) 1122

*Nadaf-Rahrov v. Nieman Marcus Group*
        (2014) 2014 Cal.App. Unpub. LEXIS 6975

**REPRESENTATIVE CASES (cont.)**

*Orr v. Brame*
        (9th Cir. 2018) 727 Fed.Appx. 265, 2018 U.S.App.LEXIS 6094

*Orr v. Brame*
        (9th Cir. 2019) 793 Fed.Appx. 485

*Pena v. Superior Court of Kern County*
        (1975) 50 Cal.App.3d 694

*Ponce v. Tulare County Housing Authority*
        (E.D. Cal 1975) 389 F.Supp. 635

*Ramirez v. Runyon*
        (N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20544

*Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd on merits (fees not appealed)* 269 F.3d 1066 (9th Cir. 2020)

*Robles v. Employment Dev. Dept.*
        (2019) 38 Cal.App.5[th] 191

*Rubio v. Superior Court*
        (1979) 24 Cal.3d 93 (amicus)

*Ruelas v. Harper*
        (2015) 2015 Cal.App. Unpub.LEXIS 7922

*Sokolow v. County of San Mateo*
        (1989) 213 Cal. App. 3d. 231

*S.P. Growers v. Rodriguez*
        (1976) 17 Cal.3d 719 (amicus)

*Swan v. Tesconi*
        (2015) 2015 Cal.App. Unpub. LEXIS 3891

*Tongol v. Usery*
        (9th Cir. 1979) 601 F.2d 1091,
        *on remand* (N.D. Cal. 1983) 575 F.Supp. 409,
        *revs'd* (9th Cir. 1985) 762 F.2d 727

**REPRESENTATIVE CASES (cont.)**

*Tripp v. Swoap*
　　　　　(1976) 17 Cal.3d 671 (amicus)

*United States (Davis) v. City and County of San Francisco*
　　　　　(N.D. Cal. 1990) 748 F.Supp. 1416, *aff'd in part
　　　　　and revs'd in part sub nom Davis v. City and County
　　　　　of San Francisco* (9th Cir. 1992) 976 F.2d 1536,
　　　　　*modified on rehearing* (9th Cir. 1993) 984 F.2d 345

*United States v. City of San Diego*
　　　　　(S.D.Cal. 1998) 18 F.Supp.2d 1090

*Vasquez v. State of California*
　　　　　(2008) 45 Cal.4th 243 (*amicus*)

*Velez v. Wynne*
　　　　　(9th Cir. 2007) 2007 U.S. App. LEXIS 2194

**FEBRUARY 2025**

# Exhibit B

## **EXIBIT B – List of Reported Decisions Citing My Testimony**

Numerous reported federal and state courts that have relied expressly on my testimony on attorney fee issues, including the following:

## **Federal Courts**

a.    In *Wit v. United Behavioral Health*, 578 F.Supp.3d 1060, 1079 (N.D. Cal. Jan. 5, 2022), *vacated and remanded on the merits*, 2023 U.S. App. LEXIS 33343 (9th Cir. 2023), the Court's Fee Order stated that "the Court place[d] significant weight on Pearl's opinion that the rates charged by all of the timekeepers listed above are reasonable and 'in line with the standard hourly noncontingent rates charged by Bay Area law firms that regularly engage in civil litigation of comparable complexity.' . . . Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in determining reasonable billing rates."

b.    In *Human Rights Defense Center v. County of Napa*, No. 20-cv-01296, 2021 WL 1176640, at *11 (N.D. Cal. Mar. 28, 2021), the Court expressly stated that it had "place[d] significant weight on the opinion of Mr. Pearl that the rates charged by all of the timekeepers listed above are reasonable and in line with the rates charged by law firms that engage in federal civil litigation in the San Francisco Bay Area.  Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California [] in determining reasonable billing rates."

c.    Subsequently, in *Andrews v. Equinox Holdings, Inc.,* No. 20-cv-00485 (N.D. Cal. Nov. 9, 2021), Dkt. 110 (Order on Motion for Attorney Fees and Costs) at 4, the court quoted the above language from the *Human*

1

*Rights Defense Center* case and concluded the same: "This Court similarly finds Pearl's opinions well supported and persuasive."

In addition to the *Wit*, *HRDC*, and *Andrews* awards, the following reported federal decisions also have referenced my testimony favorably:

- *Prison Legal News v. Ryan*, No. 19-17449 (9th Cir. Mar. 21, 2023), Order filed March 21, 2023, at 4;

- *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 08-55867 (9th Cir. 2012), Order filed Dec. 26, 2012, at 6;

- *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (the expert declaration referred to is mine);

- *Roe v. SFBSC Mgmt., LLC*, 2022 U.S. Dist. LEXIS 215122 (N. D. Cal. Nov. 29, 2022);

- *Independent Living Center of S. Cal. v. Kent*, 2020 U.S. Dist. LEXIS 13019, at *11-12 (C.D. Cal. Jan. 24, 2020);

- *Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd*, 269 F.3d 1066 (9th Cir. 2020);

- *Beaver v. Tarsadia Hotels*, 2017 U.S. Dist. LEXIS 160214, at *40 (S.D. Cal. Sep. 28, 2017);

- *Notter v. City of Pleasant Hill*, 2017 WL 5972698, at *3 (N.D. Cal. Nov. 30, 2017);

- *Villalpondo v. Exel Direct, Inc.*, 2016 U.S. Dist. LEXIS 182521, at *3(N.D. Cal. Dec. 12, 2016);

- *State Compensation Insurance Fund v. Khan et al.*, No. 12-cv-01072 (C.D. Cal. July 6, 2016),Dkt. 408 (Order Granting in Part and Denying in Part the Zaks Defendants' Motion for Attorneys' Fees);

- *In re Cathode Ray Tube Antitrust Litig.*, 2016 U.S. Dist. LEXIS 24951 (N.D. Cal. Jan. 28, 2016) (Report And Recommendation Of Special Master Re Motions (1) To Approve Indirect Purchaser Plaintiffs' Settlements With the Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, And Technologies Displays Americas Defendants, and (2) For Award Of Attorneys' Fees, Reimbursement Of Litigation Expenses, And Incentive Awards To Plaintiffs' Representative), *adopted in relevant part*, 2016 U.S. Dist. LEXIS 88665;

- *Gutierrez v. Wells Fargo Bank*, 2015 U.S. Dist. LEXIS 67298, at *14 (N.D. Cal. May 21, 2015);

- *Holman v. Experian Information Solutions, Inc.*, 2014 U.S. Dist. LEXIS 173698, at *13 (N.D. Cal. Dec. 12, 2014);

- *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2013 U.S. Dist. LEXIS 49885 (N.D. Cal. Nov. 9, 2012) (Report and Recommendation of Special Master Re Motions for Attorneys' Fees And Other Amounts By Indirect-Purchaser Plaintiffs' Plaintiffs And State Attorneys General);

- *Walsh v. Kindred Healthcare*, 2013 U.S. Dist. LEXIS 176319 (N.D. Cal. 2013);

- *A.D. v. California Highway Patrol*, 2009 U.S. Dist. LEXIS 110743, at *4 (N.D. Cal. 2009), *rev'd on other grounds*, 712 F.3d 446 (9th Cir. 2013), *reaffirmed and additional fees awarded on remand*, 2013 U.S. Dist. LEXIS 169275 (N.D. Cal. 2013);

- *Hajro v. United States Citizenship & Immigration Service*, 900 F.Supp.2d 1034, 1054 (N.D. Cal. 2012);

- *Rosenfeld v. United States Dep't of Justice*, 904 F. Supp. 2d 988, 1002 (N.D. Cal. 2012);

- *Stonebrae, L.P. v. Toll Bros., Inc.*, 2011 U.S. Dist. LEXIS 39832, at *9 (N.D. Cal. 2011) (thorough discussion), *aff'd*, 2013 U.S. App. LEXIS 6369 (9th Cir. 2013);

- *Armstrong v. Brown*, 2011 U.S. Dist. LEXIS 87428 (N.D. Cal. 2011);

- *Lira v. Cate,* 2010 WL 727979, at *3 (N.D. Cal. Feb. 26, 2010);

- *Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 2010 U.S. Dist. LEXIS 141030 (N.D. Cal. 2010);

- *Nat'l Federation of the Blind v. Target Corp.*, 2009 U.S. Dist. LEXIS 67139 (N.D. Cal. 2009);

- *Prison Legal News v. Schwarzenegger,* 561 F.Supp.2d 1095, 1106 (N.D. Cal. 2008) (an earlier motion);

- *Bancroft v. Trizechahn Corp.,* No. 02-cv-02373 (C.D. Cal. Aug. 14, 2006), Dkt. 278 (Order Granting Plaintiffs Reasonable Attorneys' Fees and Costs In the Amount of $168,886.76);

- *Willoughby v. DT Credit Corp.,* No. 05-cv-05907 (C.D. Cal. July 17, 2006), Dkt. 65 (Order Awarding Attorneys' Fees After Remand);

- *Oberfelder v. City of Petaluma,* 2002 U.S. Dist. LEXIS 8635 (N.D. Cal. 2002), *aff'd*, 2003 U.S. App. LEXIS 11371 (9th Cir. 2003).

## California Courts

California state courts also have recognized my expertise.  For example:

a. In *Sonoma Land Trust v. Thompson,* 63 Cal.App.5th 978. 986 (2021), the Court of Appeal expressly held that my expert declaration provided evidentiary support for the trial court's fee determination.

b. In *Kerkeles v. City of San Jose*, 243 Cal.App.4th 88, 96 (2015), the Court

4

of Appeal expressly cited my expert declaration as indicative of the type of evidence properly considered in a case under 42 U.S.C. § 1983.

c.  My declaration also was cited favorably by the Second District of the California Court of Appeal in *Wood v. Los Angeles County Waterworks Dist. No. 40 (Antelope Valley Groundwater Cases)*, 2021 Cal.App. Unpub. LEXIS 5506 (2nd Dist. Div. 2021).

In addition to the *Sonoma Land Trust, Kerkeles,* and *Antelope Valley Groundwater* cases, the following California appellate and reported trial court cases also have referenced my testimony favorably:

- *Gajanan v. City & County of San Francisco,* No. A168328, 2025 WL 1076796, at *3, *17 (Cal. Ct. App. Apr. 10, 2025);

- *Laffitte v. Robert Half Int'l Inc.*, 231 Cal.App.4th 860 (2014), *aff'd*, 1 Cal.5th 480 (2016);

- *Habitat and Watershed Caretakers v. City of Santa Cruz*, 2015 Cal. App. Unpub. LEXIS 7156 (2015);

- *In re Tobacco Cases I*, 216 Cal.App.4th 570 (2013);

- *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972 (2013);

- *Wilkinson v. South City Ford*, 2010 Cal. App. Unpub. LEXIS 8680 (2010);

- *Children's Hospital & Medical Center v. Bonta*, 97 Cal.App.4th 740 (2002);

- *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628 (1996).

- *Kaku v. City of Santa Clara*, No. 17CV319862, 2019 WL 331053, at *3 (Santa Clara Cnty. Super. Ct. Jan. 22, 2019), *aff'd*, 59 Cal. App. 5th 385, 431 (2020);

- *Davis v. St. Jude Hosp.*, No. 30201200602596CUOECX, 2018 WL 7286170, at *4 (Orange Cnty. Super. Ct. Aug. 31, 2018);

- *Hartshorne v. Metlife, Inc.*, No. BC576608, 2017 WL 1836635, at *10 (Los Angeles Super. Ct. May 2, 2017).

# Exhibit C

1 | Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2 | 2475 Hanover Street
Palo Alto, CA 94304
3 | Telephone: (650) 251-5000
Facsimile: (650) 252-5002
4

5 | Nicholas Goldin
Kathrine A. McLendon
6 | Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
7 | 425 Lexington Avenue
New York, NY 10017
8 | Telephone: (212) 455-2000
Facsimile: (212) 455-2502
9

*Counsel for the Board of Each of PG&E Corporation
10 | and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

11

12 | **UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

13 | **SAN FRANCISCO DIVISION**

14

15 | **In re:**

16 | **PG&E CORPORATION,**

17 | **- and –**

18

19 | **PACIFIC GAS AND ELECTRIC
COMPANY,**

20 | **Debtors.**

21 | ☐ Affects PG&E Corporation

22 | ☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

23

24 | *\* All papers shall be filed in the Lead Case No.
19-30088 (DM).*

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**SUMMARY SHEET TO FOURTH
INTERIM AND FINAL APPLICATION OF
SIMPSON THACHER & BARTLETT LLP
FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND
REIMBURSEMENT OF EXPENSES
FOR THE FOURTH INTERIM PERIOD
OF JANUARY 1, 2020 THROUGH JULY 1,
2020 AND THE FINAL PERIOD FROM
JANUARY 29, 2019 THROUGH JULY 1,
2020**

**Hearing Date to be Set**

Place:  United States Bankruptcy Court
            Courtroom 17, 16th Floor

*(sidebar, left margin)* **Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

San Francisco, CA 94102

**Objection Deadline:** September 17, 2020 at 4:00 p.m. (Pacific Time)

2

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

| *General Information* | |
|---|---|
| Name of Applicant | Simpson Thacher & Bartlett LLP |
| Name of Client | Board of Each of PG&E Corporation and Pacific Gas and Electric Company and Certain Current and Former Independent Directors |
| Petition Date | January 29, 2019 |
| Retention Date | May 10, 2019 *nunc pro tunc* to January 29, 2019 |

| *Summary of Fees and Expenses Sought in the Fourth Interim Application* | |
|---|---|
| Time Period Covered by Application | January 1, 2020 – July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $4,856,392.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $2,108,488.00 |
| Amount of Compensation Sought Pursuant to Section 363 | $2,747,904.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 327(e) | $5,535.63 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 363 | $37,156.64 |

| *Total Fees and Expenses in Fourth Interim Application Paid But Not Yet Allowed* | |
|---|---|
| Total Compensation Paid But Not Yet Allowed | $1,845,634.80 |
| Total Expenses Paid But Not Yet Allowed | $21,490.38 |

| *Summary of Rates and Related Information for Fourth Interim Application* | |
|---|---|
| Number of Timekeepers in Fourth Interim Application | 37 (29 attorneys, 8 paraprofessionals) |
| Hours Billed by Timekeepers in Fourth Interim Compensation Period | 3,944.00 |
| Blended Rate for Attorneys | $1,251.74 |
| Blended Rate for all Professionals | $1,231.34 |

This is a(n) __X__ Interim _____Final Application

3

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

| *Summary of Fees and Expenses Sought in the Final Application* | |
| --- | --- |
| Time Period Covered by Application | January 29, 2019 – July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $12,071,175.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $5,066,244.50 |
| Amount of Compensation Sought Pursuant to Section 363 | $7,004,931.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 327(e) | $45,680.93 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 363 | $117,225.79 |
| *Total Fees and Expenses in Final Application Paid But Not Yet Allowed* | |
| Total Compensation Paid But Not Yet Allowed (*i.e.,* compensation paid for Fourth Interim Compensation Period) | $1,845,634.80 |
| Total Expenses Paid But Not Yet Allowed (*i.e.,* costs paid for Fourth Interim Compensation Period) | $21,490.38 |
| *Total Fees and Expenses Allowed Under First, Second and Third Interim Applications* | |
| Total  Compensation Allowed on Interim Basis  (*i.e.,* compensation allowed under First-Third Interim Applications) | $7,214,783.00[1] |
| Total Expenses Allowed on Interim Basis (*i.e.,* costs allowed under First-Third Interim Applications) | $120,214.45[2] |
| *Summary of Rates and Related Information* | |
| Number of Timekeepers in Final Application | 67 (47 attorneys and 20 paraprofessionals) |
| Hours Billed by Timekeepers for Total Compensation Period | 10,568.40 |
| Blended Rate for Attorneys | $1,188.47 |
| Blended Rate for all Professionals | $1,166.80 |

This is a(n) _____ Interim ___X___ Final Application

---

[1] This amount reflects the reduction of $260,000 pursuant to the compromises between Simpson Thacher and the Fee Examiner regarding the First Interim Application and the Second and Third Interim Applications.

[2] Simpson Thacher was paid an additional $22,000 in expenses that were ultimately not "allowed" because Simpson Thacher agreed, pursuant to its compromise with the Fee Examiner, to reduce the expenses requested under the First, Second and Third Interim Applications by $22,000 ($2,000 under the First Interim Application and $20,000 under the Second and Third Interim Applications).  This $22,000 reduction has been accounted for by subtracting it from the total outstanding amount requested to be paid pursuant to this Fourth Interim and Final Application.

4

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

## SUMMARY OF FOURTH INTERIM AND FINAL APPLICATION

| Date Filed | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Originally Requested for Compensation Period | | Total Amount Paid to Date | | Amounts Unpaid and Outstanding[3] |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | 80% of Undisputed Fees | Expenses (@ 100%) | Fees | Expenses | |
| First Interim (7/23/19) | 01/29/19 – 04/30/19 | $1,931,632.00 | $16,579.35 | $1,545,305.60 | $16,579.35 | $1,851,632.00 | $14,579.35 | N/A |
| Second Interim (11/15/19) | 05/1/19 – 08/31/19 | $2,837,908.50 | $51,945.60 | $2,243,331.60 | $51,945.60 | $2,243,331.60 | $51,945.60 | $494,576.90 |
| Third Interim (3/16/20) | 09/1/19 – 12/31/19 | $2,705,242.50 | $73,689.50 | $1,770,766.00 | $73,689.50 | $1,770,766.00 | $73,689.50 | $834,476.50 |
| Fourth Interim | 01/1/20 – 07/1/20 | $4,856,392.50 | $42,692.27 | $3,885,114.00 | $42,692.27 | $1,845,634.80 | $21,490.38 | $3,031,959.59 |
| **Total** | | **$12,331,175.50** | **$184,906.72** | **$9,444,517.20** | **$184,906.72** | **$7,711,364.40** | **$161,704.83** | **$4,361,012.99** |

[3] The amounts unpaid and outstanding include: (1) $494,576.90 outstanding under the Second Interim Application, which (x) includes $33,744 in fees objected to by PERA (defined below) and $560,832.90 as the Holdback Amount, (y) reflects Simpson Thacher's compromise with the Fee Examiner to reduce fees by $90,000 and expenses by $10,000, and (z) was approved in full by this Court on an interim basis; (2) $834,476.50 outstanding under the Third Interim Application, which (x) includes $491,785 objected to by PERA and $442,691.50 as the Holdback Amount, (y) reflects Simpson Thacher's compromise with the Fee Examiner to reduce fees by $90,000 and expenses by $10,000, and (z) was approved in full by this Court on an interim basis; (3) $3,031,959.59 outstanding under the Fourth Interim Application, which includes $971,278.50 as the Holdback Amount, $2,039,479.20 in currently unpaid fees under the Thirteenth-Sixteenth Monthly Fee Statements and $21,201.89 in currently unpaid expenses under the Thirteenth-Sixteenth Monthly Fee Statements.

The Public Employees Retirement Association of New Mexico ("**PERA**") objected to fees (collectively, the "**Objection Amount**") in Simpson Thacher's Fourth through Seventh Monthly Fee Statements, which are contained within the Second and Third Interim Applications. PERA did not continue to object beyond the Seventh Monthly Fee Statement and did not pursue its prior objections in connection with Simpson Thacher's request for approval of the Second and Third Interim Applications. Pursuant to the *Docket Text Order* dated August 3, 2020, Simpson Thacher's Second and Third Interim Applications, as amended by Simpson Thacher's compromise with the Fee Examiner, were allowed on an interim basis, which such allowance will be formally ordered in the *Order Granting Second Interim Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2019 Through August 31, 2019* [Dkt. __] (the "**Second Interim Approval Order**") and the *Order Granting Third Interim Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 1, 2019 Through December 31, 2019* [Dkt. __] (the "**Third Interim Approval Order**") to be entered by this Court.

Simpson Thacher expects that it will be paid (1) the remaining allowed amounts under the Second and Third Interim Applications pursuant to the Second and Third Interim Approval Orders (totaling $1,329.053.40) and (2) the remaining 80% of the fees and 100% of the expenses requested under the Fourth Interim Application (totaling $2,060,681.09 not inclusive of the $971,278.50 Holdback Amount) prior to the hearing on this Fourth Interim and Final Application.

5

**SUMMARY OF COMPENSATION FOR
JANUARY 29, 2019 THROUGH JULY 1, 2020**

The attorneys and professionals who rendered professional services in these Chapter 11

Cases during the Total Compensation Period are:

| NAME OF PARTNERS AND COUNSEL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Blake, Stephen | Litigation | 2008 | $1,325 | 141.70 | $187,752.50 |
| Brentani, William B. | Corporate | 1990 | $1,535 | 5.10 | $7,828.50 |
| Coll-Very, Alexis | Litigation | 1997 | $1,480 | 0.30 | $444.00 |
| Curnin, Paul C. | Litigation | 1988 | $1,640 | 723.90 | $1,187,196.00 |
| Frahn, Harrison J. | Litigation | 1997 | $1,535 | 0.50 | $767.50 |
| Frankel, Andrew T. | Litigation | 1990 | $1,535 | 26.80 | $41,138.00 |
| Goldin, Nicholas | Litigation | 2000 | $1,480 | 853.90 | $1,263,772.00 |
| Goldin, Nicholas | Litigation | 2000 | $740 | 17.70 | $13,098.00 |
| Grogan, Gregory T. | ECEB | 2001 | $1,535 | 151.20 | $232,092.00 |
| Kelley, Karen H. | Corporate | 2003 | $1,425 | 12.70 | $18,097.50 |
| Kreissman, James G. | Litigation | 1989 | $1,640 | 3.50 | $5,740.00 |
| Lesser, Lori E. | Litigation | 1994 | $1,535 | 0.30 | $460.50 |
| Ponce, Mario A. | Corporate | 1989 | $1,640 | 1,284.20 | $2,106,088.00 |
| Purcell, Andrew B. | Tax | 2009 | $1,325 | 2.40 | $3,180.00 |
| Purushotham, Ravi | Corporate | 2010 | $1,325 | 489.60 | $648,720.00 |
| Qusba, Sandy | Corporate | 1994 | $1,535 | 839.00 | $1,287,865.00 |
| Steinhardt, Brian M. | Corporate | 1999 | $1,640 | 4.50 | $7,380.00 |
| Torkin, Michael H. | Corporate | 1999 | $1,535 | 233.90 | $359,036.50 |
| Webb, Daniel N. | Corporate | 2002 | $1,480 | 0.80 | $1,184.00 |
| Alcabes, Elisa | Litigation | 1989 | $1,220 | 313.40 | $382,348.00 |
| DeLott, Steven R. | Corporate | 1988 | $1,220 | 18.40 | $22,448.00 |
| Koslowe, Jamin R. | ECEB | 1996 | $1,220 | 2.50 | $3,050.00 |
| McLendon, Kathrine | Corporate | 1985 | $1,220 | 301.10 | $367,342.00 |
| Nadborny, Jennifer L. | Corporate | 2005 | $1,220 | 0.70 | $854.00 |
| Brunner, Janice G. | Corporate | 2001 | $1,190 | 4.00 | $4,760.00 |
| Kofsky, Andrew M. | ECEB | 2000 | $1,190 | 11.90 | $14,161.00 |
| Rapp, James I. | Corporate | 1999 | $1,190 | 0.20 | $238.00 |
| Ricciardi, Sara A. | Litigation | 2003 | $1,190 | 639.70 | $761,243.00 |
| Wiseman, Stephen M. | Corporate | 1986 | $1,190 | 33.60 | $39,984.00 |
| **Total Partners and Counsel:** | | | | **6,117.50** | **$8,968,268.00** |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| NAME OF PROFESSIONAL ASSOCIATES | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Calderon, Justin | Litigation | 2018 | $700 | 157.20 | $110,040.00 |
| Campbell, Eamonn W. | Litigation | 2016 | $915 | 217.40 | $198,921.00 |
| Duran, Raul G. | Litigation | 2018 | $590 | 78.30 | $46,197.00 |
| Duran, Raul G. | Litigation | 2018 | $295 | 0.50 | $147.50 |
| Egenes, Erica M. | Corporate | 2018 | $840 | 324.60 | $272,664.00 |
| Fell, Jamie | Corporate | 2015 | $995 | 306.90 | $305,365.50 |
| Hay, Jasmine N. | Tax | 2016 | $915 | 3.80 | $3,477.00 |
| Hinckson, Shanice D. | Litigation | 2019 | $590 | 13.40 | $7,906.00 |
| Isaacman, Jennifer | Litigation | 2019 | $590 | 561.30 | $331,167.00 |
| Kinsel, Kourtney J. | Litigation | 2018 | $590 | 519.80 | $306,682.00 |
| Levine, Jeff P. | Corporate | 2016 | $915 | 180.70 | $165,340.50 |
| Lundqvist, Jacob | Litigation | 2019 | $590 | 195.50 | $115,345.00 |
| Mahboubi, Aria | Corporate | 2018 | $700 | 4.30 | $3,010.00 |
| Phillips, Jacob M. | ECEB | 2017 | $840 | 149.60 | $125,664.00 |
| Phillips, Jacob M.[4] | ECEB | 2017 | $700 | 16.00 | 11,200.00 |
| Sparks Bradley, Rachel | Litigation | 2013 | $1,095 | 497.50 | $544,762.50 |
| Sussman, Rebecca A. | Litigation | 2017 | $840 | 578.60 | $486,024.00 |
| Sussman, Rebecca A. | Litigation | 2017 | $420 | 3.00 | $1,260.00 |
| Vallejo, Melissa A. | Litigation | 2019 | $590 | 297.80 | $175,702.00 |
| Yeagley, Alexander | Corporate | 2018 | $700 | 58.50 | $40,950.00 |
| **Total Associates:** | | | | **4,164.70** | **$3,251,825.00** |

| NAME OF PROFESSIONAL STAFF ATTORNEYS | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Penfold, John | Litigation | | $375 | 19.10 | $7,162.50 |
| Rossi, Adrian D. | Litigation | | $375 | 38.40 | $14,400.00 |
| **Total Staff Attorneys:** | | | | **57.50** | **$21,562.50** |

| NAME OF PARAPROFESSIONAL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| DeVellis, Mary | Resource Center | | $265 | 1.00 | $265.00 |
| Franklin, Janie Marie | Paralegal – Litigation | | $455 | 44.10 | $20,065.50 |
| Fuller, Devin | Resource Center | | $265 | 0.70 | $185.50 |

---

[4] *Jacob M. Phillips was mistakenly billed at the hourly rate of $700 for the month of February rather than his typical hourly rate of $840.

2

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| Gampper, Krista | Paralegal | | $265 | 0.50 | $132.50 |
|---|---|---|---|---|---|
| Gedrich, Evan | Resource Center | | $265 | 1.50 | $397.50 |
| Henderson, Douglas | Paralegal - Litigation | | $375 | 2.50 | $937.50 |
| Jacovatos, Nicholas | Resource Center | | $265 | 1.00 | $265.00 |
| Kortright, Magallie | Paralegal – Litigation | | $400 | 23.60 | $9,440.00 |
| Laspisa, Rosemarie | Paralegal – Litigation | | $400 | 56.50 | $22,600.00 |
| Magsino, Luke | Resource Center | | $265 | 1.00 | $265.00 |
| Mierski, Nathan | Resource Center | | $265 | 2.60 | $689.00 |
| O'Connor, Elizabeth | Paralegal - Litigation | | $265 | 10.60 | $2,809.00 |
| Scott, Eric Dean | Resource Center | | $265 | 4.30 | $1,139.50 |
| Terricone, Cyrena | Paralegal - Litigation | | $400 | 7.50 | $3,000.00 |
| Welman, Timothy | Resource Center | | $265 | 12.30 | $3,259.50 |
| Azoulai, Moshe | Knowledge Management | | $455 | 7.40 | $3,367.00 |
| Carney, Michael | Knowledge Management | | $420 | 0.90 | $378.00 |
| Kovoor, Thomas G. | Knowledge Management | | $420 | 44.30 | $18,606.00 |
| Rovner, Grace | Paralegal - Corporate | | $265 | 5.90 | $1,563.50 |
| Tripodi, Lou | Library | | $310 | 0.50 | $155.00 |
| **Total Paraprofessionals:** | | | | **228.70** | **$89,520.00** |

| **PROFESSIONALS** | **BLENDED HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Partners and Counsel | $1,466.00 | 6,117.50 | $8,968,268.00 |
| Associates | $780.81 | 4,164.70 | $3,251,825.00 |
| Staff Attorneys | $375.00 | 57.50 | $21,562.50 |
| Paraprofessionals | $391.43 | 228.70 | $89,520.00 |
| Blended Attorney Rate | $1,188.47 | | |
| **Total Fees Incurred** | | **10,568.40** | **$12,331,175.50** |

3

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

**SUMMARY OF COMPENSATION BY WORK TASK CODE FOR
THE PERIOD JANUARY 29, 2019 THROUGH JULY 1, 2020**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| AA | Asset Analysis and Recovery | | |
| AD | Asset Disposition | | |
| BO | Business Operations | | |
| BU | Budgeting (Case) | | |
| CA | Case Administration | 13.20 | $13,046.00 |
| CC | Creditor Communications | | |
| CG | Corporate Governance and Board Matters | 5,482.70 | $6,802,970.00 |
| CH | Court Hearings | 99.50 | $118,468.00 |
| CM | Claims Administration and Objections | 88.70 | $79,286.00 |
| EC | Executory Leases and Contracts | | |
| EE | Employee Benefits/Pensions | 16.00 | $24,560.00 |
| ES | Equityholder Communications | | |
| FA | Fee/Employment Applications | 611.10 | $665,866.00 |
| FI | Financings/Cash Collateral | | |
| FO | Fee/Employment Application Objections | 25.30 | $27,134.50 |
| FR | Fact Analysis and Related Advice | 1.90 | $1,800.00 |
| IC | Intercompany Issues | | |
| IP | Intellectual Property Issues | | |
| LI | Litigation: Contested Matters and Adversary Proceedings | 72.40 | $75,725.50 |
| LS | Relief From Stay Proceedings | | |
| PL | Plan/Disclosure Statement | 1,518.80 | $2,219,067.50 |
| RE | Reporting | 0.20 | $238.00 |
| TV[5] | Non-Working Travel Time | 41.20 | $44,235.50 |
| TX | Tax Issues | | |
| VA | Valuation | | |
| L110 | Fact Investigation/Development | 1,565.30 | $1,235,737.50 |
| L120 | Analysis/Strategy | 102.90 | $106,368.50 |

[5] Time billed to this task code is billed in accordance with the Fee Guidelines and the Second Amended Fee Procedures Order as of October 24, 2019.

4

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| L130 | Experts/Consultants | | |
| L143 | Discovery - Identification and Preservation | | |
| L160 | Settlement/Non-Binding ADR | | |
| L200 | Pre-Trial Pleadings and Motions | 890.60 | $898,472.50 |
| L241 | Motion to Dismiss: Preemption | | |
| L242 | Motion to Dismiss: Lack of Subject Matter Jurisdiction | | |
| L243 | Motion for Summary Judgment: Kongros | | |
| L244 | Motion for Summary Judgment: Causation | | |
| L245 | Motion for Summary Judgment: Employment | | |
| L246 | Motion for Summary Judgment: Recreational Use Immunity | | |
| L310 | Written Discovery | | |
| L330 | Depositions | | |
| L350 | Discovery Motions | | |
| L400 | Trial Preparation and Trial | | |
| L500 | Appeal | | |
| L600 | eDiscovery - Identification | | |
| L610 | eDiscovery - Preservation | | |
| L620 | eDiscovery - Collection | 3.50 | $1,332.50 |
| L630 | eDiscovery - Processing | 21.60 | $9,027.00 |
| L650 | eDiscovery - Review | 0.20 | $91.00 |
| L653 | eDiscovery - First Pass Document Review | 13.00 | $7,670.00 |
| L654 | eDiscovery - Second Pass Document Review | | |
| L655 | eDiscovery - Privilege Review | | |
| L656 | eDiscovery - Redaction | | |
| L670 | eDiscovery - Production | 0.30 | $79.50 |
| L671 | eDiscovery - Conversion of ESI to Production | | |
| L680 | eDiscovery - Presentation | | |
| L800 | Experts/Consultants | | |
| L900 | Settlement Process | | |
| **TOTAL** | | **10,568.40** | **$12,331,175.50** |

5

Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **FOURTH INTERIM AND FINAL APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FOURTH INTERIM PERIOD OF JANUARY 1, 2020 THROUGH JULY 1, 2020 AND THE FINAL PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020** |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | **Hearing Date: To Be Set** **Place**:  United States Bankruptcy Court Courtroom 17, 16th Floor |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

6

San Francisco, CA 94102

**Objection Deadline:** September 17, 2020 at 4:00 p.m. (Pacific Time)

Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), as counsel for (i) the Board of Directors (the "**Board**") of each of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), as the Board may be constituted from time to time, and for the members of the Board from time to time in their capacities as members of the Board, and (ii) certain current and former independent directors in their individual capacities who serve or served as independent directors prior to and/or as of the Petition Date (as defined below) (each an "**Independent Director**" and collectively, the "**Independent Directors**"), pursuant to sections 330(a), 331 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby submits this combined fourth interim application and final application (this "**Fourth Interim and Final Application**") for (I) the allowance and payment of compensation for professional services performed in the amount of $4,856,392.50 and for reimbursement of actual and necessary expenses incurred in the amount of $42,692.27 for the period commencing January 1, 2020 through and including July 1, 2020 (the "**Fourth Interim Compensation Period**") and (II) the allowance and payment on a final basis of compensation for professional services performed in the amount of $12,071,175.50 and for reimbursement of actual and necessary expenses incurred in the amount of $162,906.72 for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Total Compensation Period**"), and in support thereof, respectfully states as follows:

<u>**Preliminary Statement**</u>

1.      Since January 29, 2019, and throughout the Total Compensation Period, Simpson Thacher has served as counsel for and has provided important and necessary legal advice to the Board and Independent Directors.  Specifically, during the Total Compensation Period, Simpson Thacher has, among other things, provided representation and legal advice in connection with (i) these chapter 11 cases (the "**Chapter 11 Cases**") and material aspects of the

7

bankruptcy process, including the negotiation of various settlements underlying the Debtors'
proposed plan of reorganization (the "**Plan**") and financing commitments for implementation of
the Plan; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors,
the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and
related issues; (iv) the exercise of the Board's fiduciary duties, including with respect to
maximizing the value of the Debtors' estates for all stakeholders; (v) director liability insurance
and indemnification matters; (vi) the review of disclosures to be made with the Securities and
Exchange Commission (the "**SEC**"); (vii) director and officer compensation matters; and (viii)
general corporate governance matters.

2.    Simpson Thacher's advice to the Board and the Independent Directors and
representation of them in connection with the aforementioned matters during the Total
Compensation Period were of substantial benefit to the Board and the Independent Directors, and
the professional services performed and expenses incurred in connection therewith were actual
and necessary.  Importantly, the Board is entitled to engage and retain advisors and experts it
determines are necessary and appropriate to properly discharge its fiduciary duties to the
Debtors, and the Independent Directors were entitled to maintain the representation of
independent counsel in order to continue providing advice on the number of ongoing related
matters that were not stayed during the pendency of these Chapter 11 Cases.  Moreover, Simpson
Thacher has worked closely with the Debtors' legal and financial advisors to ensure there has
been no duplication of efforts with respect to legal matters affecting the Debtors.  In light of the
size and complexity of these Chapter 11 Cases, Simpson Thacher's fees for services rendered
and incurred expenses are reasonable under the applicable standards as set forth in more detail
herein.  Simpson Thacher therefore respectfully requests that the Court grant this Fourth Interim
Application and allow interim compensation for professional services performed and
reimbursement for expenses as requested herein for the Fourth Interim Compensation Period and
grant this Final Application and finally allow compensation for professional services performed
and reimbursement for expenses as requested herein for the Total Compensation Period.

8

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

3.        This Fourth Interim and Final Application has been prepared in accordance with and submitted pursuant to the sections 105, 330(a), 331 and 363 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* dated February 27, 2019 [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013 (the "**UST Guidelines**") and the *Revised Fee Examiner Protocol,* dated October 24, 2019 [Docket No. 4473] (as approved and modified by the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures*, dated January 30, 2020 [Docket No. 5572] (the "**Second Amended Fee Procedures Order**") (the "**Fee Examiner Protocol**," and, together with the Local Guidelines, collectively, the "**Fee Guidelines**").

4.        The Interim Compensation Order provides that professionals may file a Monthly Fee Statement or a Consolidated Monthly Fee Statement (each as defined in the Interim Compensation Order) and serve it upon certain designated notice parties.  If there is no objection within twenty-one (21) days after service of the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees (with the remaining 20% of the fees requested referred to herein as the "**Holdback Amount**") and 100% of the expenses requested.  If there is an objection to the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees and 100% of the expenses that are not subject to an objection.

5.        On March 30, 2020, April 30, 2020, May 29, 2020, June 30, 2020, July 23, 2020 and July 28, 2020, Simpson Thacher filed and served, respectively, a Tenth Monthly

9

Fee Statement covering the period from January 1, 2020 through and including January 31, 2020 [Docket No. 6533] (the "**Tenth Monthly Fee Statement**"), an Eleventh Monthly Fee Statement covering the period from February 1, 2020 through and including February 29, 2020 [Docket No. 7012] (the "**Eleventh Monthly Fee Statement**"), a Twelfth Monthly Fee Statement covering the period from March 1, 2020 through and including March 31, 2020 [Docket No. 7655] (the "**Twelfth Monthly Fee Statement**"), a Thirteenth Monthly Fee Statement covering the period from April 1, 2020 through and including April 30, 2020 [Docket No. 8217] (the "**Thirteenth Monthly Fee Statement**"), a Fourteenth Monthly Fee Statement covering the period from May 1, 2020 through and including May 31, 2020 [Docket No. 8504] (the "**Fourteenth Monthly Fee Statement**"), a Fifteenth Monthly Fee Statement covering the period from June 1, 2020 through and including June 30, 2020 [Docket No. 8553] (the "**Fifteenth Monthly Fee Statement**"), and a Sixteenth Monthly Fee Statement covering July 1, 2020 [Docket No. 8554] (the "**Sixteenth Monthly Fee Statement**" and collectively, the "**Monthly Fee Statements**").

6. In these Monthly Fee Statements with respect to the Fourth Interim Compensation Period, Simpson Thacher requested payment of $3,885,114.00 (80% of total fees, of which $1,686,790.40 was in respect of representation of the Board under section 327(e) and $2,198,323.60 was in respect of representation of the Independent Directors under section 363) as compensation for professional services and $42,692.27 (100% of expenses, of which of which $5,535.63 was in respect of representation of the Board under section 327(e) and $37,156.64 was in respect of representation of the Independent Directors under section 363) as reimbursement for actual and necessary expenses. The total Holdback Amount for the Fourth Interim Compensation Period is $971,278.50 (20% of undisputed fees). To date, Simpson Thacher has received payment of $1,845,634.80 in fees for professional services rendered and $21,490.38 for expenses incurred during the Fourth Interim Compensation Period.

7. The deadlines for any objections to the Tenth through Sixteenth Monthly Fee Statements have passed, and no objections were filed. Consistent with the Interim Compensation Order, Simpson Thacher seeks approval for the allowance and payment (to the

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

10

extent not paid prior to the hearing on this Application) of all outstanding amounts requested under the Monthly Fee Statements, including the Holdback Amount. This request is consolidated with Simpson Thacher's concurrent request for final review and approval of all compensation and expenses in these Chapter 11 Cases.

8.      In addition, with respect to the remainder of the Total Compensation Period, Simpson Thacher previously filed its First Consolidated Monthly Fee Statement covering the period from January 29, 2019 through and including April 30, 2019 (the "**First Interim Compensation Period**"), which is reflected in the First Interim Application [Docket No. 3157]; its Second Monthly Fee Statement through Fifth Monthly Statement collectively covering the period from May 1, 2019 through and including August 31, 2019 (the "**Second Interim Compensation Period**"), which is reflected in the Second Interim Application [Docket No. 4767]; and its Sixth Monthly Fee Statement through Ninth Monthly Fee Statement collectively covering the period from September 1, 2019 through and including December 31, 2019 (the "**Third Interim Compensation Period**"), which is reflected in the Third Interim Application [Docket No. 6331].

9.      Under the First Interim Application, Simpson Thacher requested payment of $1,931,632.00 in fees for professional services rendered (including both the initial 80% requested under the First Consolidated Monthly Fee Statement and the 20% Holdback Amount) and $16,579.35 for expenses incurred during the First Interim Compensation Period. Simpson Thacher reached a compromise with the Fee Examiner to reduce the outstanding fees sought by $80,000 and the expenses by $2,000. This Court approved the First Interim Application as amended by the compromise pursuant to the *Order Granting Amended First Interim Fee Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of January 29 2019 Through April 30, 2019* [Docket No. 6446]. Accordingly, Simpson Thacher has been paid a total of $1,851,632.00 in allowed fees and $14,579.35 for allowed expenses on account of the First Interim Compensation Period.

10.     Under the Second Interim Application, Simpson Thacher requested payment of $2,837,908.50 in fees for professional services rendered (including both the initial 80% requested under the Second, Third, Fourth and Fifth Monthly Fee Statements plus the applicable portion of the Objection Amount and the 20% Holdback Amount) and $51,945.60 for expenses incurred during the Second Interim Compensation Period.  Under the Third Interim Application, Simpson Thacher requested $2,705,242.50 in fees for professional services rendered (including both the initial 80% requested under the Sixth, Seventh, Eighth and Ninth Monthly Statements plus the applicable portion of the Objection Amount and the 20% Holdback Amount) and $73,689.50 for expenses incurred during the Third Interim Compensation Period.  Simpson Thacher reached a consolidated compromise with the Fee Examiner to reduce the outstanding fees requested under the Second and Third Interim Applications by $180,000 and the expenses by $20,000.  The Court approved  the Second Interim Application and Third Interim Application, each as amended, by amended docket text order [Docket No. 6331], and the Second Interim Approval Order and the Third Interim Approval Order have been submitted and are awaiting entry by the Court. The total outstanding amount to be paid to Simpson Thacher under the Second Interim Application and the Third Interim Application, each as amended, is $1,329,053.40.  As of the date of filing of this Fourth Interim and Final Application, Simpson Thacher has not yet received payment of this amount.

### Jurisdiction

11.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

12.     On January 29, 2019 (the "**Petition Date**"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015.

13.    On February 12, 2019, the Acting United States Trustee for Region 3 (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors [Docket No. 409], which was amended on March 20, 2019 [Docket No. 962]. On February 15, 2019, the U.S. Trustee appointed the Official Committee of Tort Claimants [Docket No. 453], which was amended on February 21, 2019 [Docket No. 530].

14.    Additional information regarding the events leading to these chapter 11 cases is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

15.    On June 19, 2020, this Court confirmed the Debtors' Plan. The Plan provides that any final fee applications must be filed within sixty (60) days of the Effective Date (as defined therein). The Effective Date of the Plan occurred on July 1, 2020 [Docket No. 8252].

16.    Simpson Thacher was first engaged to represent the Independent Directors in December 2017 to (i) provide legal advice regarding legislation concerning dividends and related issues, (ii) represent the Independent Directors regarding alleged breaches of fiduciary duties and other claims arising out of the 2017 and 2018 wildfires and (iii) advise the Independent Directors in connection with a number of ongoing litigations and inquiries.

17.    On April 2, 2019, the Debtors filed an application to retain Simpson Thacher as counsel for the Independent Directors under section 363 of the Bankruptcy Code (the "**Retention Application**"). After the filing of the Retention Application, Simpson Thacher was also asked to represent the Board and the members of the Board from time to time in their capacities as members of the Board. The U.S. Trustee then requested that the retention of Simpson Thacher to represent the Board be approved under section 327(e) of the Bankruptcy Code. *See Supplemental Declaration of Michael H. Torkin in Support of the Motion Pursuant to 11 U.S.C. §363 Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E Corp. (as Modified as Described*

13

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

*Herein)* [Docket No. 1802] (as amended from time to time, the "**STB Retention Declaration**"). The Retention Application, as modified, was approved by this Court on May 10, 2019 [Docket No. 1979] (the "**Retention Order**"). The Retention Order is attached hereto as **Exhibit A**.

18.     The Retention Order authorizes the Debtors to employ and retain Simpson Thacher *nunc pro tunc* to January 29, 2019 as attorneys for the Board and Independent Directors in accordance with Simpson Thacher's normal hourly rates and disbursement policies, as described in the Retention Application. Further, the Retention Order authorizes the Debtors (i) pursuant to section 327(e) of the Bankruptcy Code, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection with the Board Representation (as defined in the Retention Order), including with respect to "all matters related to corporate governance" and "other related matters"; and (ii) pursuant to section 363, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection the Independent Director Representation (as defined in the Retention Order), including with respect to "representation in ongoing litigation and regulatory inquiries," "fact-gathering," and "related matters."

### Summary of Professional Compensation and Reimbursement of Expenses Requested Under Fourth Interim Application

19.     Simpson Thacher seeks the interim allowance and payment of (i) compensation for professional services performed during the Fourth Interim Compensation Period in the amount of $4,856,392.50, of which $971,278.50 has been held back as the Holdback Amount; and (ii) $42,692.27 as reimbursement for actual and necessary expenses incurred for the months covered by the Fourth Interim Compensation Period. As of the date of this Fourth Interim and Final Application, $1,845,634.80 in fees and $21,490.38 in expenses have been paid to Simpson Thacher in respect of the Fourth Interim Compensation Period.

20. There is no agreement or understanding between Simpson Thacher and any other person, other than members of the firm, for the sharing of compensation to be received for

14

services rendered in these Chapter 11 Cases.  Except as otherwise described herein, no payments have heretofore been made or promised to Simpson Thacher for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

21. The fees charged by Simpson Thacher in these cases are billed in accordance with Simpson Thacher's normal and existing billing rates and procedures in effect during the Compensation Period.  The rates charged by Simpson Thacher for professional and paraprofessional services in these Chapter 11 Cases are the same rates that Simpson Thacher charges for comparable bankruptcy and non-bankruptcy representations.[6]  Such fees are reasonable based on the customary compensation by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

22. Attached hereto as **Exhibit B** is a certification regarding Simpson Thacher's compliance with the Fee Guidelines.

23. Attached hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Simpson Thacher's timekeepers in all domestic offices to non-bankruptcy matters during the prior twelve (12) month rolling period and the blended hourly rates billed to the Debtors during the Compensation Period.

24. With respect to the Independent Director Representation, Simpson Thacher discussed its rates, fees and staffing with the Independent Directors and Debtors at the outset of these Chapter 11 Cases.  A summary of Simpson Thacher's budget is attached hereto as **Exhibit D.**  Simpson Thacher estimated its fees for the Fourth Interim Compensation Period in

---

[6] By agreement with the Debtors, Simpson Thacher deferred implementation of normal step rate increases for attorneys advancing in seniority, which increases customarily would have taken effect in September, and normal rate increases for all professionals, which increases customarily would have taken effect on January 1.

15

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

connection with the Independent Director Representation would be approximately $3,076,630, and the fees sought for the Fourth Interim Compensation Period are lower than that estimate.

25. With respect to the Board Representation, professional services were or are being provided on the basis of specific assignments, and accordingly no budget was prepared. However, as set forth in the Retention Motion and the STB Retention Declaration, Simpson Thacher's rates, fees and staffing for the Board Representation are the same as those used in connection with the Independent Director Representation. The Board did not request that Simpson Thacher prepare a budget.

26. The attorneys and paraprofessionals assigned to this matter were necessary to assist with the Board's and Independent Directors' exercise of their fiduciary duties to the Debtors, the preservation of the Debtors' estates, and the other matters described herein. The Debtors are aware of the complexities of these cases, the number of issues to be addressed, the various disciplines and specialties involved in Simpson Thacher's representation, and the number of factors arising in these cases impacting staffing needs. Simpson Thacher has coordinated closely with the Debtors' professionals to ensure there has been no duplication of efforts with respect to any legal matters impacting the Debtors in or outside of these Chapter 11 Cases.

27. The compensation and fees sought for the Fourth Interim Compensation Period are reflected in the Monthly Fee Statements and are set forth therein and in **Exhibits E, F** and **H**. **Exhibit E** attached hereto sets forth: (a) the name of each professional and paraprofessional who rendered services and his or her area of practice; (b) whether each professional is a partner, counsel, associate or paraprofessional in the firm; (c) the year that each professional was licensed to practice law; (d) the practice group or specialty of the professional; (e) the number of hours of services rendered by each professional and paraprofessional; and (f) the hourly rate charged by

16

Simpson Thacher for the services of each professional and paraprofessional. **Exhibit F** contains a summary of Simpson Thacher's hours billed using project categories (or "task codes") described therein. **Exhibit H** sets forth the detailed time entries by Simpson Thacher partners, counsel, associates and paraprofessionals, contemporaneously recorded in increments of one-tenth of an hour. Simpson Thacher also maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals in connection with these Chapter 11 Cases. Copies of these computerized records in LEDES format have been furnished to the Debtors, the U.S. Trustee and the Fee Examiner in the format specified in the Fee Guidelines.

28. Simpson Thacher also hereby requests reimbursement of $42,692.27 for actual and necessary costs and expenses incurred in rendering services to the Board and Independent Directors. Of the total amount of costs and expenses sought, $37,156.64 is being requested for reimbursement in connection with Simpson Thacher's Independent Director Representation pursuant to section 363 of the Bankruptcy Code, and $5,535.63 is being requested for reimbursement in connection with Simpson Thacher's Board Representation pursuant to section 327(e) of the Bankruptcy Code. The costs and expenses sought are described in the Tenth through Sixteenth Monthly Fee Statements and are set forth therein and in **Exhibit G**, which sets forth a summary of costs and expenses incurred during the Fourth Interim Compensation Period, and **Exhibit I**, which sets forth an itemized schedule of all such costs and expenses.

### Summary of Services Performed by Simpson Thacher During the Fourth Interim Compensation Period

29. As described above, during the Fourth Interim Compensation Period, Simpson Thacher rendered substantial professional services to the Board and Independent Directors in connection with ongoing litigation, the exercise of their fiduciary duties to the Debtors and their stakeholders, the protection of the Board's and Independent Directors' interests and other matters

17

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

relating to these Chapter 11 Cases. The following is a summary of the professional services rendered by Simpson Thacher during the Fourth Interim Compensation Period,[7] organized in accordance with Simpson Thacher's internal system of task codes.[8]

a. Corporate Governance and Board Matters (Task Code: BCG)
   Fees: $3,393,018.50; Total Hours: 2,843.00

    i. Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings, and prepared presentations and reviewed and provided comments with respect to Board and committee materials;

    ii. Advised in connection with Directors & Officers insurance ("**D&O Insurance**") issues, including reviewing current policies and preparing overviews and analyses, engaging in discussions with insurance providers and risk management personnel regarding policy terms and conditions;

    iii. Advised in connection with resignation of existing board members and selection of new board members, including participation in onboarding sessions with new directors and review and preparation of Board materials in connection therewith;

    iv. Engaged in discussions, advised on strategy and process, conducted diligence, conducted legal and factual research, prepared presentations and other written materials, and participated in calls and meetings regarding numerous issues including Director compensation, fiduciary duties, insurance coverage, and the bankruptcy process, including settlements with key parties, the Debtors' Plan, exit financing and confirmation;

    v. Advised on strategy, process and substance with respect to strategic alternatives and financing commitments;

    vi. Advised with respect to certain management personnel issues;

---

[7] The summary of professional services rendered during the First Interim Compensation Period, the Second Interim Compensation Period and the Third Interim Compensation Period are provided in the First Interim Application, Second Interim Application and Third Interim Application, respectively, which are fully incorporated herein by reference.

[8] Certain services rendered may overlap between more than one task code. If a task code does not appear below, then Simpson Thacher did not bill significant, if any, time to that task code during the Compensation Period.

18

vii.  Engaged in discussions, advised on strategy and process, prepared presentations and other written materials, and participated in numerus calls and meetings regarding various modifications to Backstop Commitment Letter

viii.  Reviewed and commented on various SEC filings.

b.  <u>Court Hearings  (Task Code: BCH)</u>
Fees: $36,514.00; Total Hours: 36.20

i.  Prepared for and attended hearings regarding case status, estimation,  approval of settlements, and confirmation.

c.  <u>Fee/Employment Applications  (Task Code: BFA)</u>
Fees: $190,654.50; Total Hours: 170.20

i.  Reviewed billing records and prepared required monthly fee statements and interim fee applications.

ii.  Reviewed all applicable fee guidelines and updated internal systems and coding as necessary for developments regarding retention and billing matters in connection with these Chapter 11 Cases.

d.  <u>Fee/Employment Objections (Task Code: BFO)</u>
Fees: $10,390.50; Total Hours: 10.20

i.  Reviewed reports from Fee Examiner and provided outlines and responses for discussions with Fee Examiner; drafted notices of amendment and compromise and proposed orders.

e.  <u>Plan/Disclosure Statement</u> (Task Code: BPL)
Fees: $888,376.50; Total Hours: 599.60

i.  Reviewed and researched, conducted diligence and provided analysis and advice regarding exclusivity and termination thereof, chapter 11 plan proposals, proposed settlement term sheets, equity commitments and funding alternatives, and plan confirmation, and reviewed and commented on drafts of Plan and Plan documentation.

ii.  Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings regarding chapter 11 plan proposals, restructuring support agreements, equity commitments, other funding alternatives and related matters.

19

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

f.  <u>Pre-Trial Pleadings and Motions  (Task Code: L200)</u>
Fees: $323,860.50; Total Hours: 274.40

    i.  Reviewed case dockets and filings and engaged in general coordination and case administration.

    ii.  Conducted research, conducted fact diligence and legal analysis, engaged in various meetings and communications in connection with securities and derivative claims, and drafted reply papers on motion to dismiss and related court submissions in connection with securities litigation.

30. The foregoing is merely a summary of the professional services rendered by Simpson Thacher during the Fourth Interim Compensation Period.  The professional services performed by Simpson Thacher were necessary and appropriate to the representation of the Board and Independent Directors, including in connection with these Chapter 11 Cases, and were in the best interests of the Board, the Independent Directors and the Debtors and their estates. The services provided by Simpson Thacher to the Board and Independent Directors were separate from and not duplicative of any of the services provided to the Debtors by their professionals.  The compensation requested for Simpson Thacher's services is commensurate with the complexity, importance and nature of the issues and tasks involved.

31. The professional services rendered by partners, counsel and associates of Simpson Thacher were rendered primarily by the Litigation, Corporate, Executive Compensation and Executive Benefits, and Bankruptcy and Restructuring Departments.  Simpson Thacher has an esteemed and nationally recognized reputation for its expertise in these fields, particularly in connection with the representation of boards of directors in challenging and complex matters.

32. During the Fourth Interim Compensation Period, a total of 3,944 hours were expended by attorneys and paraprofessionals at Simpson Thacher in connection with the aforementioned services performed.  2,411.5 hours were spent on the Independent Director

20

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

Representation pursuant to section 363 of the Bankruptcy Code, and 1,532.5 hours were spent on the Board Representation pursuant to section 327(e) of the Bankruptcy Code.  In the aggregate, the partners and counsel of Simpson Thacher accounted for 2,820.10 hours (approximately 71.5% of time), associates accounted for 1,031.90 hours (approximately 26.2% of time), and staff attorneys and paraprofessionals accounted for 92 hours (approximately 2.3% of time).

33. During the Fourth Interim Compensation Period, Simpson Thacher billed for time expended by attorneys based on hourly rates ranging from $590 to $1,640 per hour for attorneys. Allowance of compensation in the amount requested herein would result in a blended hourly rate for attorneys of approximately $1,251.74, and a blended rate for all professionals and paraprofessionals of approximately $1,231.34.

34. Consistent with the Second Amended Fee Procedures Order, Simpson Thacher capped Non-Working Travel Time (with respect to airplane travel only) at two hours per airplane trip for billing purposes as of October 1, 2019.  Prior to the approval of the Fee Examiner Protocol, Simpson Thacher had discounted Non-Working Travel Time by 50%, which is reflected in Monthly Fee Statements prior to the Seventh Monthly Fee Statement.  This prior billing approach has been explained to and resolved with the Fee Examiner pursuant to the compromise reached in connection with the Second Interim Application and Third Interim Application.

**Actual and Necessary Disbursements of Simpson Thacher**

35. Simpson Thacher has disbursed $42,692.27 as expenses incurred in providing professional services during the Fourth Interim Compensation Period.  These expenses were reasonable and necessary and were essential to, among other things, participate in necessary meetings or hearings, timely respond to client or counsel inquiries and provide effective

21

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

representation in ongoing regulatory and litigation-related matters. The costs and expenses are not incorporated into Simpson Thacher's hourly billing rates because it is Simpson Thacher's policy to charge such costs and expenses to those clients requiring such expenditures in connection with the services rendered to them.

36. Simpson Thacher began applying the rates and guidelines as set forth in the Fee Examiner Protocol as of October 24, 2019. The amounts for which Simpson Thacher is seeking reimbursement for reasonable meal and transportation costs are thus consistent with the Fee Guidelines. Additionally, as of October 24, 2019, Simpson Thacher charged for disbursements in accordance with the Fee Guidelines. With respect to photocopying and duplicating expenses, reimbursement for costs is at an average rate of $.20 per page. Computer-assisted legal research, court conferencing participation and mail services are charged at actual cost. Only clients who use services of the types set forth in **Exhibits G** and **I** are separately charged for such services.

37. Simpson Thacher has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were reasonable, necessary and justified under the circumstances.

**Basis for Allowance of Requested Compensation and Reimbursement for Fourth
Interim Compensation Period and Total Compensation Period**

38. With respect to the Board Representation, section 331 of the Bankruptcy Code provides for the interim compensation of professionals pursuant to the standards set forth in section 330 governing the Court's award of any such compensation. 11 U.S.C. § 331. Section 330 provides that a professional employed under section 327 of the Bankruptcy Code may be awarded "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

22

39. Section 330 further provides that, "[i]n determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent and the value of such services, taking into account" the following factors:

> g.  Time spent on the services performed;
>
> h.  Rates charged for the services performed;
>
> i.  Whether the services performed were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the applicable chapter 11 case;
>
> j.  Whether the services were performed in a reasonable amount of time "commensurate with the complexity, importance, and nature of the problem, issue, or task addressed";
>
> k.  Whether the professional is board certified or otherwise has demonstrated skill and experience in bankruptcy; and
>
> l.  Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than chapter 11 cases.

40. With respect to the Independent Director Representation, section 363 of the Bankruptcy Code applies.  Section 363(b) of the Bankruptcy Code provides that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363.  In considering whether to approve use of estate property under section 363(b), the bankruptcy judge examines whether there is a sound business purpose for the proposed use and in doing so, "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike."  *Walter v. Sunwest Bank (In re Walter),* 83 B.R. 14, 19 (9th Cir. BAP 1988).  Courts have found business justification for and approved the payment of fees and expenses of counsel for a debtor's independent directors pursuant to section 363.  *See, e.g.,*

23

*In re SunEdison, Inc.,* No. 16-10992 (SMB) (Bankr. S.D.N.Y. July 13, 2016) [ECF No. 764]; *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2015) [ECF No. 485]. The Debtors explained in the Retention Motion that (i) the Debtors' Articles of Incorporation and board resolutions authorize the payment of the fees and expenses of professionals for the Independent Directors, and (ii) it is common for a company the size of the Debtors to engage and pay for separate counsel to provide independent advice to its directors, and asserted that the retention of Simpson Thacher by the Board and the payment of its reasonable fees and expenses were an exercise of the Debtor's sound business judgment.

41. Simpson Thacher submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fourth Interim and Final Application were necessary for and beneficial to, among other things, the Board's and the Independent Directors' exercise of their fiduciary duties, the need for the Board and Independent Directors to continue receiving objective and independent legal advice, and the protection of their interests in these unique and challenging circumstances. Specifically, during the Fourth Interim Compensation Period and the Total Compensation Period, Simpson Thacher has represented and advised the Board and Independent Directors in connection with (i) these Chapter 11 Cases and key aspects of the bankruptcy process, including the estimation of wildfire-related claims, the restructuring settlements with subrogation claimholders and tort claimants, the obtaining of backstop commitments and exit financing, discussions with the Governor's Office and the analysis of various chapter 11 plan proposals; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors, the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and related issues; (iv) the exercise of the Board's and the Independent Directors' fiduciary duties to the Debtors and their stakeholders; (v) director

24

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

liability and indemnification matters; (vi) director and officer compensation matters; and (vii) general corporate governance matters applicable to the board of directors and management. Additionally, during the Fourth Interim Compensation Period and the Total Compensation Period, Simpson Thacher reviewed and advised on SEC disclosures; attended and provided legal advice during in-person and telephonic board and committee meetings; reviewed and commented on various pleadings and motions filed in connection with, among other things, the categories listed in this paragraph 41, and advised the Board and Independent Directors on appropriate courses of action; and drafted or participated in the drafting of all necessary motions, applications, stipulations, orders, responses and other papers in support of the positions or interests of the Board and Independent Directors.

42. Simpson Thacher not only has extensive experience in representing directors in such complex situations, but it also had an established history with the Independent Directors prior to the Petition Date regarding many of the matters referenced herein.  The compensation and reimbursement requested herein are reasonable in light of the nature, extent and value of such services to the Board and Independent Directors, and accordingly, should be approved and allowed both for the Fourth Interim Compensation Period and for all fees and disbursements requested in the First, Second, Third and Fourth Interim Applications (as reduced, as applicable in the First, Second and Third Interim Approval Orders) for the Total Compensation Period on a final basis.

**The PERA Fee Objections Should be Overruled on a Final Basis**

43. PERA objected to $525,529 in fees reported in the Fourth, Fifth, Sixth and Seventh Monthly Fee Statements primarily on the grounds that the disputed fees are for services rendered to the Independent Directors in connection with the Securities Litigation and that the

25

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Debtors are not authorized to pay such fees under the Retention Order.  As a threshold matter,

PERA is incorrect regarding the Retention Order, which expressly authorizes the Debtors to pay

Simpson Thacher's fees for services rendered in connection with its representation of the

Independent Directors in "ongoing litigation," which includes the Securities Litigation.

Moreover, the PERA Fee Objections incorrectly classified many Simpson Thacher time entries

as relating directly to the Securities Litigation.  Such fees were not Securities Litigation fees but

rather fees for legal advice and analysis provided to the Board and Independent Directors

regarding matters related to D&O Insurance and/or these Chapter 11 Cases.  Finally, Simpson

Thacher addressed the prior PERA objections and requested that they be overruled on an interim

basis in the Second and Third Interim Applications, which this Court approved on an interim

basis on August 3, 2020 (via docket text order), which Simpson Thacher expects will be

reflected in the Second and Third Interim Approval Orders that have been submitted to the Court

but not yet entered as of the date hereof.  PERA did not respond to Simpson Thacher nor did it

pursue its objections in connection with Simpson Thacher's request for interim approval of the

fees and expenses set forth in the Fourth, Fifth, Sixth and Seventh Monthly Fee Statements.   For

these reasons, Simpson Thacher requests that the PERA Fee Objections be overruled on a final

basis.  If necessary, Simpson Thacher will file separate papers further responding to the PERA

Fee Objections prior to any hearing on this Fourth Interim and Final Application and reserves all

rights with respect thereto.

### Notice and Objections

44. Notice of this Application has been provided to parties in interest (the "**Notice**

**Parties**") in accordance with the Interim Compensation Order, and a joint notice of hearing on

this Application and other interim/final compensation applications will be filed as determined by

26

the Fee Examiner with this Court and served upon all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. Such notice is sufficient and no other or further notice need be provided.

45. In accordance with the Interim Compensation Order, responses and objections (by any party other than the Fee Examiner) to this Fourth Interim and Final Application, if any, must be filed and served on Simpson Thacher and the Notice Parties on or before 4:00 pm on the 20th day (or the next business day if such day is not a business day) following the date this Fourth Interim and Final Application is served.

## Conclusion

46. Simpson Thacher respectfully requests that the Court enter an Order (i) allowing on a final basis Simpson Thacher's (A) compensation for professional services rendered during the Total Compensation Period in the amount of $12,071,175.50, consisting of (x) $7,214,783.00 previously allowed on an interim basis and (y) $4,856,392.50 in undisputed fees requested in the Fourth Interim Application; and (B) reimbursement for actual and necessary costs and expenses incurred during the Total Compensation Period in the amount of $162,906.72, consisting of (x) $120,214.45 previously allowed on an interim basis and (y) $42,692.27 in expenses requested in the Fourth Interim Application; and (ii) granting such other and further relief and this Court deems just.

27

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

1

2    Dated: August 28, 2020

Respectfully submitted,

3    _/s/ Jonathan C. Sanders_____
     Nicholas Goldin
4    Kathrine A. McLendon
     Jamie J. Fell
5
     SIMPSON THACHER & BARTLETT LLP
6
7    *Counsel for the Board of Each of PG&E*
     *Corporation and Pacific Gas and Electric*
8    *Company and for Certain Current and Former*
     *Independent Directors*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

28

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

## NOTICE PARTIES

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn: Janet Loduca, Esq.

Weil Gotshal & Manges
767 Fifth Avenue
New York, NY 10153-0119
Attn: Stephen Karotkin, Esq.,
Rachael Foust, Esq.

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Attn: Tobias S. Keller, Esq.,
Jane Kim, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn: James L. Snyder, Esq.,
Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn: Dennis F. Dunne, Esq.,
Sam A. Khalil, Esq.

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn: Paul S. Aronzon, Esq.,
Gregory A. Bray, Esq.,
Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn: Eric Sagerman, Esq.,
Cecily Dumas, Esq.

Bruce A. Markell
541 N. Fairbanks Court, Suite 2200
Chicago, IL 60611-3710
bamexampge@gmail.com
pge@legaldecoder.com
traceygallegos@gmail.com

29

# Exhibit D



*ELM Solutions*

# 2024 Real
# Rate Report®

The industry's leading
analysis of law firm
rates, trends, and
practices


Wolters Kluwer



**Report Editor**

**Jennifer McIver**
Director, Legal Operations and Industry Insights
Wolters Kluwer ELM Solutions

**Lead Data Analysts**

**Carol Au**
Business Systems Quantitative Analyst
Wolters Kluwer ELM Solutions

**Aaryak Shandilya**
Data Scientist
Wolters Kluwer ELM Solutions

**ELM Solutions Creative**

**David Andrews**
Senior Graphic Designer
Wolters Kluwer ELM Solutions

**Contributing Analysts and Authors**

**Jason Bender**
Legal Analytics Product Manager
Wolters Kluwer ELM Solutions

**Haemi Jung**
Strategic Business Intelligence Manager
Wolters Kluwer ELM Solutions

**Margie Sleboda**
Lead Technology Product Manager
Wolters Kluwer ELM Solutions

**Executive Sponsor**

**Brian Jorgenson**
Vice President, Product Management
Wolters Kluwer ELM Solutions

© 2004 - 2024 Wolters Kluwer ELM Solutions. All rights reserved. This material may not be reproduced, displayed, modified, or distributed in any form without the express prior written permission of the copyright holders. To request permission, please contact:

ELM Solutions, a Wolters Kluwer business
2929 Allen Pkwy Ste 3300
Houston, TX 77019 United States
ATTN: Marketing
ELMSolutionsSales@wolterskluwer.com

**LEGAL CAVEAT**

Wolters Kluwer ELM Solutions has worked to ensure the accuracy of the information in this report; however, Wolters Kluwer ELM Solutions cannot guarantee the accuracy of the information or analyses in all cases. Wolters Kluwer ELM Solutions is not engaged in rendering legal, accounting, or other professional services. This report should not be construed as professional advice on any particular set of facts or circumstances. Wolters Kluwer ELM Solutions is not responsible for any claims or losses that may arise from any errors or omissions in this report or from reliance upon any recommendation made in this report.

# Table of Contents - 2024 Real Rate Report

**A Letter to Our Readers • 4**

**Report Use Considerations • 5**

**Section I: High-Level Data Cuts • 8**
- Partners, Associates, and Paralegals
- Partners and Associates by City and Matter Type
- Partners and Associates by City
- Partners, Associates, and Paralegals by Practice Area and Matter Type
- Partners and Associates by Firm Size and Matter Type
- Partners by City and Years of Experience
- Associates by City and Years of Experience

**Section II: Industry Analysis • 65**
- Partners, Associates, and Paralegals by Industry Group
- Partners and Associates by Industry Group and Matter Type
- Basic Materials and Utilities
- Consumer Goods
- Consumer Services
- Financials (Excluding Insurance)
- Health Care
- Industrials
- Insurance
- Technology and Telecommunications

**Section III: Practice Area Analysis • 88**
- Bankruptcy and Collections
- Commercial
- Corporate: Mergers, Acquisitions, and Divestitures
- Corporate: Regulatory and Compliance
- Corporate: Other
- Employment and Labor
- Environmental
- Finance and Securities
- General Liability (Litigation Only)
- Insurance Defense (Litigation Only)
- Intellectual Property: Other
- Intellectual Property: Patents
- Intellectual Property: Trademarks
- Real Estate

**Section IV: In-Depth Analysis for Select US Cities • 175**
- Boston, MA
- Chicago, IL
- Los Angeles, CA
- New York, NY
- Philadelphia, PA
- San Francisco, CA
- Washington, DC

**Section V: International Analysis • 195**

**Section VI: Matter Staffing Analysis • 220**

**Appendix: Data Methodology • 225**

# A Letter to Our Readers

**Welcome to the latest edition of Wolters Kluwer ELM Solutions Real Rate Report®, the industry's leading data-driven benchmark report for lawyer and paralegal rates.**

Our Real Rate Report has been a relied upon data analytics resource to the legal industry since its inception in 2010 and continues to evolve, providing you with the most comprehensive rate benchmarking insights, trends, and practices. The Real Rate Report is powered by the Wolters Kluwer ELM Solutions LegalVIEW® data warehouse, which has grown to include $180B+ in anonymized legal data.

The depth and granularity of the data within the Real Rate Report empowers users to benchmark and negotiate effectively and make well-informed investment and resourcing decisions for the organization.

As with previous Real Rate Reports, our data is sourced from corporations' and law firms' e-billing and time management solutions. We have included lawyer and paralegal rate data filtered by specific practice and sub-practice areas, metropolitan areas, and types of matters. This level of detail gives legal departments and law firms the precision they need to identify areas of opportunity. We strive to make the Real Rate Report a valuable and actionable reference tool for legal departments and law firms.

As always, we welcome your comments and suggestions on what information would make this publication more valuable to you. We thank our data contributors for participating in this program. And we thank you for making Wolters Kluwer ELM Solutions your trusted partner for legal industry domain expertise, data, and analytics and look forward to continuing to provide market-leading, expert solutions that deliver the best business outcomes for collaboration among legal departments and law firms.

Sincerely,

**Brian Jorgenson**
Vice President, Product Management
Wolters Kluwer ELM Solutions

# Report Use Considerations

**2024 Real Rate Report**
- Examines law firm rates over time
- Identifies rates by location, experience, firm size, areas of expertise, industry, and timekeeper role (i.e., partner, associate, and paralegal)
- Itemizes variables that drive rates up or down

All the analyses included in the report derive from the actual rates charged by law firm professionals as recorded on invoices submitted and approved for payment.

Examining real, approved rate information, along with the ranges of those rates and their changes over time, highlights the role these variables play in driving aggregate legal cost and income. The analyses can energize questions for both corporate clients and law firm principals.

Legal departments might ask whether they are paying the right amount for different types of legal services, while law firm principals might ask whether they are charging the right amount for legal services and whether to modify their pricing approach.

**Some key factors[1] that drive rates[2]:**

**Attorney location -** Lawyers in urban and major metropolitan areas tend to charge more when compared with lawyers in rural areas or small towns.

**Litigation complexity -** The cost of representation will be higher if the case is particularly complex or time-consuming; for example, if there are a large number of documents to review, many witnesses to depose, and numerous procedural steps, the case is likely to cost more (regardless of other factors like the lawyer's level of experience).

**Years of experience and reputation -** A more experienced, higher-profile lawyer is often going to charge more, but absorbing this higher cost at the outset may make more sense than hiring a less expensive lawyer who will likely take time and billable hours to come up to speed on unfamiliar legal and procedural issues.

**Overhead -** The costs associated with the firm's support network (paralegals, clerks, and assistants), document preparation, consultants, research, and other expenses.

**Firm size –** The rates can increase if the firm is large and has various timekeeper roles at the firm. For example, the cost to work with an associate or partner at a larger firm will be higher compared to a firm that has one to two associates and a paralegal.

---

1 **David Goguen, J.D., University of San Francisco School of Law (2020) Guide to Legal Services Billing Retrieved from:**
  https://www.lawyers.com/legal-info/research/guide-to-legal-services-billing-rates.html
2 **Source: 2018 RRR.** Factor order validated in multiple analyses since 2010

# Section I: High-Level Data Cuts

All data and analysis based on data collected thru Q2 2024

# Section I: High-Level Data Cuts

## Cities
By Matter Type

**2024 - Real Rates for Associate and Partner**                                    **Trend Analysis - Mean**

| City | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2024 | 2023 | 2022 |
|------|-------------|------|---|----------------|--------|----------------|------|------|------|
| San Diego CA | Litigation | Partner | 43 | $252 | $400 | $907 | $568 | $539 | $550 |
| | | Associate | 44 | $195 | $250 | $343 | $315 | $303 | $303 |
| | Non-Litigation | Partner | 75 | $401 | $523 | $889 | $678 | $676 | $717 |
| | | Associate | 57 | $250 | $374 | $458 | $412 | $393 | $378 |
| San Francisco CA | Litigation | Partner | 166 | $420 | $825 | $1,208 | $856 | $821 | $760 |
| | | Associate | 120 | $431 | $614 | $824 | $659 | $606 | $534 |
| | Non-Litigation | Partner | 220 | $460 | $770 | $1,172 | $838 | $832 | $790 |
| | | Associate | 167 | $342 | $575 | $860 | $625 | $578 | $566 |
| San Jose CA | Litigation | Partner | 36 | $650 | $830 | $1,303 | $996 | $990 | $899 |
| | | Associate | 29 | $497 | $640 | $833 | $682 | $678 | $674 |
| | Non-Litigation | Partner | 57 | $703 | $931 | $1,350 | $1,069 | $1,097 | $1,046 |
| | | Associate | 46 | $474 | $600 | $1,055 | $752 | $759 | $637 |

# Section I: High-Level Data Cuts

## Cities
By Role

**2024 - Real Rates for Associate and Partner**                    **Trend Analysis - Mean**

| City | Role | n | First Quartile | Median | Third Quartile | 2024 | 2023 | 2022 |
|------|------|---|----------------|--------|----------------|------|------|------|
| Richmond VA | Partner | 81 | $424 | $665 | $878 | $656 | $666 | $640 |
| | Associate | 56 | $320 | $406 | $553 | $457 | $485 | $395 |
| Rochester NY | Partner | 19 | $354 | $440 | $583 | $466 | $426 | $517 |
| Sacramento CA | Partner | 19 | $430 | $556 | $718 | $600 | $531 | $503 |
| | Associate | 14 | $318 | $397 | $431 | $374 | $344 | $316 |
| Salt Lake City UT | Partner | 59 | $291 | $395 | $458 | $404 | $396 | $390 |
| | Associate | 21 | $236 | $315 | $367 | $319 | $292 | $247 |
| San Diego CA | Partner | 102 | $316 | $491 | $904 | $637 | $625 | $661 |
| | Associate | 94 | $225 | $295 | $435 | $365 | $359 | $353 |
| San Francisco CA | Partner | 338 | $430 | $788 | $1,188 | $846 | $828 | $778 |
| | Associate | 265 | $395 | $595 | $849 | $639 | $591 | $553 |
| San Jose CA | Partner | 82 | $693 | $864 | $1,335 | $1,043 | $1,058 | $994 |
| | Associate | 70 | $495 | $600 | $921 | $729 | $735 | $647 |
| San Juan PR | Partner | 12 | $240 | $255 | $385 | $315 | $313 | $248 |