| | |
|---|---|
| Guy B. Wallace – 176151<br>Mark T. Johnson – 76904<br>Jennifer U. Bybee – 302212<br>Travis C. Close – 308673<br>Rachel L. Steyer – 330064<br>**SCHNEIDER WALLACE**<br>**COTTRELL KIM LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, California 94608-1863<br>Telephone: (415) 421-7100<br>Facsimile: (415) 421-7105<br>Email: gwallace@schneiderwallace.com<br>mjohnson@schneiderwallace.com<br>juhrowczik@schneiderwallace.com<br>tclose@schneiderwallace.com<br>rsteyer@schneiderwallace.com | Gay Crosthwait Grunfeld – 121944<br>Jenny S. Yelin – 273601<br>Benjamin Bien-Kahn – 267933<br>Adrienne Spiegel – 330482<br>Maya Campbell – 345180<br>**ROSEN BIEN**<br>**GALVAN & GRUNFELD LLP**<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830<br>Facsimile: (415) 433-7104<br>Email: ggrunfeld@rbgg.com<br>jyelin@rbgg.com<br>bbien-kahn@rbgg.com<br>bmunoz@rbgg.com<br>aspiegel@rbgg.com |
| Kathryn A. Stebner – 121088<br>Brian S. Umpierre – 236399<br>**STEBNER GERTLER & GUADAGNI**<br>**A Professional Law Corporation**<br>870 Market Street, Suite 1285<br>San Francisco, California 94102-2918<br>Telephone: (415) 362-9800<br>Facsimile: (415) 362-9801<br>Email: kathryn@sgg-lawfirm.com<br>brian@sgg-lawfirm.com | David T. Marks – *pro hac vice*<br>**MARKS, BALETTE, YOUNG & MOSS,**<br>**P.L.L.C.**<br>7521 Westview Drive<br>Houston, Texas 77055<br>Telephone: (713) 681-3070<br>Facsimile: (713) 681-2811<br>Email: davidm@marksfirm.com |

Attorneys for Plaintiffs and the Certified Subclasses

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| STACIA STINER, et al., on behalf of themselves and similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKDALE SENIOR LIVING, INC.; BROOKDALE SENIOR LIVING COMMUNITIES, INC., et al.,<br><br>Defendants. | Case No.: 4:17-cv-03962-HSG (LB)<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' DE FACTO OPPOSITION TO MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Date: October 16, 2025<br>Time: 2:00 p.m.<br>Ctrm: 2, Fourth Floor |

---

PLTFS' REPLY TO DEFENDANTS' DE FACTO OPPOSITION TO MOTION FOR
REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner et al. v. Brookdale Senior Living, Inc.et al.*, Case No. 4:17-cv-03962-HSG (LB)

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. DEFENDANTS' "NOTICE" CONSTITUTES AN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS IN VIOLATION OF SECTION 7.1 OF THE SETTLEMENT AGREEMENT ......... 2

III. DEFENDANTS' CONTENTIONS REGARDING "MISREPRESENTATIONS" ARE WITHOUT MERIT .................................... 2

    A. Plaintiffs Prevailed On All of Their Legal Claims .................................. 2

    B. From 2017 to September 2024, Defendants' Residency Agreements Allowed Defendants to Charge Residents with Disabilities For Access Fixes to Their Units; The Settlement Agreement Makes a "Permanent Change" By Precluding Defendants From Charging Class Members for Access Repairs ............................................................. 4

    C. Between 2017 and September 2024, Defendants' Residency Agreements Did Not Contain The Disclosures That Are Now Required by The Stipulated Injunction and That Must Be Maintained Pursuant Thereto ........................................................................................ 6

    D. The Settlement Agreement and Stipulated Injunction Preclude Defendants From Re-Instituting Brookdale's Prior Versions of the Fleet Safety Policy ...................................................................................... 7

    E. This Court's Order Regarding Defendants' Motion for Summary Judgment ................................................................................................... 8

    F. Defendants' Litigation Tactics Increased the Cost of This Litigation ........ 9

    G. It is True that More Than a Thousand Residents Will Benefit from the Settlement ............................................................................................ 9

    H. Any Award of Fees Will Not Reduce Any Relief to the Subclasses ......... 10

IV. CONCLUSION ............................................................................................. 11

PLTFS' REPLY TO DEFENDANTS' OPPOSITION TO MOT. FOR ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner*, *et. al.* v. *Brookdale Senior Living, Inc.*, *et al.*, Case No. 4:17-cv-03962-HSG (LB)

ii

# TABLE OF AUTHORITIES

**Cases**

*Aguirre v. Los Angeles Unified Sch. Dist.*,
  461 F.3d 1114 (9th Cir. 2006)..........................................................................................3

*Bell v. City of Boise*,
  709 F.3d 890 (9th Cir. 2013)............................................................................................8

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992)..........................................................................................3

*Harman v. City & Cnty. of San Francisco*,
  158 Cal.App.4th 407 (2007) ............................................................................................3

*Hensley v. Eckerhart*,
  461 U.S. 424 (1933) ........................................................................................................3

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*,
  624 F.3d 1083 (9th Cir. 2010)..........................................................................................3

*O'Neal v. City of Seattle*,
  66 F.3d 1064 (9th Cir. 1995)............................................................................................3

*Pierce v. County of Orange*,
  905 F.Supp.2d 1017 (C.D. Cal. 2012) ..............................................................................3

*Stiner v. Brookdale Senior Living, Inc.*,
  2024 WL 3498492 (N.D. Cal. July 22, 2024)......................................................... 5, 9, 10

*Stiner v. Brookdale Senior Living, Inc.*,
  2024 WL 5112480 (N.D. Cal. Dec. 13, 2024) ............................................................. 7, 8

*Stiner v. Brookdale Senior Living, Inc.*,
  2025 WL 1676276 (N.D. Cal. June 13, 2025) ............................................................. 2, 7

*Vasquez v. State of California*,
  45 Cal.4th 243, 260 (2008) ..................................................................................... 3, 4, 8

**Statutes**

42 U.S.C. § 12205 .................................................................................................................2

Cal. Civ. Code § 17200 .........................................................................................................2

Cal. Civ. Code § 1750 ...........................................................................................................2

Cal. Civ. Code § 51 ...........................................................................................................2, 9

Cal. Code Regs., Title 24...................................................................................................4, 9

Cal. Welf. & Inst. Code § 15610.30......................................................................................2

Civil Code § 51(f) .................................................................................................................4

PLTFS' REPLY TO DEFENDANTS' OPPOSITION TO MOT. FOR ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner, et. al.* v. *Brookdale Senior Living, Inc., et al.*, Case No. 4:17-cv-03962-HSG (LB)

iii

## I.  INTRODUCTION

Defendants' purported "Notice Re Plaintiffs' Motion For Reasonable Attorneys' Fees, Costs, and Expenses" ("Notice") violates Section 7.1 of the Class Settlement Agreement ("Settlement Agreement") and should be stricken and disregarded.  Section 7.1 of the Settlement Agreement expressly provides that "Defendants will not oppose Plaintiffs' motion" for reasonable attorneys' fees, costs and expenses. *See* ECF No. 1026-1, Ex. A at § 7.1.  In the guise of a supposed need to "correct the record" and address alleged "misrepresentations" and "misstatements" in Plaintiffs' Motion For Reasonable Attorneys' Fees, Costs and Expenses, ECF No. 1052, Defendants have made a submission that contains repeated arguments regarding the nature and scope of the relief achieved by Plaintiffs in this litigation.  But the record need no "correcting."  The Settlement Agreement itself is on file with the Court and describes the relief obtained by Plaintiffs in this case regardless of any disagreement the parties have as to how it should be characterized. The arguments made by Defendants are typically made in opposition to a motion for attorneys' fees, and can only reasonably be viewed as an attempt to undermine Plaintiffs' request for reasonable attorneys' fees and costs by minimizing the impact of settlement. Thus Defendants' "Notice" is an opposition in all but name.  Defendants make no effort to establish any proper legal basis in the language of the Settlement Agreement or under the case law that would permit such a submission in light of the plain language prohibiting oppositions that is set forth in Section 7.1 of the Settlement Agreement.

Moreover, as discussed below, Defendants' claims regarding misrepresentations and misstatements are without merit.  The statements that Defendants oppose in Plaintiffs' opening brief are well-supported by governing law and the record in this case.  Accordingly, Plaintiffs respectfully request that this Court strike Defendants' "Notice" from the record in its entirety, and disregard its contents because it constitutes a breach of Section 7.1 of the Settlement Agreement. Plaintiffs further request that this Court make a finding that Defendants have violated Section 7.1 of the Settlement Agreement.

PLTFS' REPLY TO DEFENDANTS' OPPOSITION TO MOT. FOR ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner, et. al.* v. *Brookdale Senior Living, Inc.*, *et al.*, Case No. 4:17-cv-03962-HSG (LB)

1

## II. DEFENDANTS' "NOTICE" CONSTITUTES AN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS IN VIOLATION OF SECTION 7.1 OF THE SETTLEMENT AGREEMENT

Plaintiffs object to Defendants' "Notice" because it violates the Settlement Agreement. Section 7.1 of the Settlement Agreement prohibits Defendants from filing any opposition to Plaintiffs' motion for attorneys' fees, costs and expenses. *See* ECF No. 1026-1 at 12, Settlement Agreement, § 7.1 ("Defendants' will not oppose Plaintiffs' motion."). The arguments and points raised in Defendants' Notice are typical of those made in opposition to a motion for attorneys' fees and costs, or to limit such an award. While stating that they do not oppose Plaintiffs' motion, Defendants make repeated arguments regarding the extent of relief provided by the Settlement Agreement and its benefits to the subclass members. The Settlement Agreement prohibits Defendants from making any such submission. *Id.* Nor have Defendants cited any authority that would permit them to file same. In short, Defendants' submission is an opposition in all but name, proffered in the guise of correcting alleged "misrepresentations" in Plaintiffs' motion. As discussed below, however, Defendants' contentions in this regard are without merit. Accordingly, Plaintiffs request that Defendants' Notice be disregarded and stricken.

## III. DEFENDANTS' CONTENTIONS REGARDING "MISREPRESENTATIONS" ARE WITHOUT MERIT

### A. Plaintiffs Prevailed On All of Their Legal Claims

As stated in their brief, Plaintiffs prevailed on all of their legal claims. ECF No. 1052 at 1. Plaintiffs brought claims under the Americans with Disabilities Act of 1990 ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq. (the "Unruh Act"), the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. (the "CLRA"), the Unfair Competition Law, Cal. Civ. Code §§ 17200, et seq. (the "UCL"), and California's elder financial abuse statute, Cal. Welf. & Inst. Code § 15610.30. Plaintiffs obtained substantial and comprehensive injunctive relief with respect to all of their legal claims. *Id.* at 1:19-20; ECF No. 1026-1, Ex. A (Class Action Settlement Agreement), Ex. B (Stipulated Injunction and Order); *Stiner v. Brookdale Senior Living, Inc.*, 2025 WL 1676276, at *6 (N.D. Cal. June 13, 2025) (describing "comprehensive injunctive relief" and "substantial benefits" provided thereby).

PLTFS' REPLY TO DEFENDANTS' OPPOSITION TO MOT. FOR ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner, et. al.* v. *Brookdale Senior Living, Inc.*, *et al.*, Case No. 4:17-cv-03962-HSG (LB)

2

Under controlling precedents, a party "prevails" where, as here, they obtain a Stipulated Injunction or settlement agreement that guarantees at least some of the relief sought in the cause of action. *See, e.g.*, *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010); *Vasquez v. State of California*, 45 Cal.4th 243, 260 (2008). For purposes of the legal analysis pertaining to a motion for attorneys' fees, a party "prevails" if they obtain any significant relief on the legal claims alleged in their Complaint. *See, e.g.*, *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006) (the rule in *Hensley* "is broad enough, in appropriate cases, to permit an award of full fees even where a party did not prevail on every contention") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1933)).

Furthermore, under governing law, plaintiffs are not required to obtain every *form* of relief for a particular claim in order to be considered prevailing. *Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992) ("[A] district court should not reduce the lodestar merely because the prevailing party did not receive the type of relief that it requested … This is especially true in civil rights cases."); *Harman v. City & Cnty. of San Francisco*, 158 Cal.App.4th 407, 427 (2007) (same, quoting *Gates, supra*). Since Plaintiffs obtained at least some relief on all of the legal claims that they alleged in their Complaint, for purposes of the instant motion they prevailed on those claims.

That this Court denied, in major part, Plaintiffs' initial motion for class certification does not change this result, as Defendants erroneously argue in their "Notice." Under the Ninth Circuit's decision in *O'Neal v. City of Seattle*, 66 F.3d 1064 (9th Cir. 1995), class certification is not considered a separate "claim" for purposes of the fees analysis. *Id.* at 1069. In *O'Neal*, the district court awarded the plaintiff attorneys' fees for the unsuccessful class certification motion. The Ninth Circuit affirmed, finding that "the motion itself was not a separate claim, but rather a method of pursuing [the plaintiff's] ultimately successful claims." *Id.*; *see also Pierce v. County of Orange*, 905 F.Supp.2d 1017, 1032 (C.D. Cal. 2012) (following *O'Neal* and awarding fees for unsuccessful opposition to motion for decertification). Thus, under *O'Neal* the denial of class certification is not a separate basis for reducing an award of fees, and doing so is particularly improper where, as here, the claims for which class certification was denied "overlap" with the underlying merits of a legal claim for which relief was ultimately achieved. *See* ECF No. 1052 at

PLTFS' REPLY TO DEFENDANTS' OPPOSITION TO MOT. FOR ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner, et. al.* v. *Brookdale Senior Living, Inc., et al.*, Case No. 4:17-cv-03962-HSG (LB)

3

24-25. In the instant case, Plaintiffs' motion for class certification overlapped heavily with the merits of their underlying legal claims, and Plaintiffs ultimately obtained significant relief on those claims for purposes of the fees analysis under applicable law. *Id.* at 22-25; *see also* Declaration of Guy B. Wallace in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs and Expenses ("Wallace Decl.") ¶¶ 28, 54-79; Declaration of Gay Crosthwaite Grunfeld in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs and Expenses ("Grunfeld Decl.") ¶¶ 52-66, 80-93. For these reasons, Defendants' argument that Plaintiffs did not "prevail" because of the outcome of the initial class certification motion is without merit.

Similarly, that Defendants obtained partial summary judgment on the Unruh Act claims of the Scotts Valley and San Ramon subclasses regarding new construction violations of the California Building Code ("CBC") is irrelevant to the prevailing party analysis. Defendants ultimately entered into a Stipulated Injunction to remove all of the access barriers at those facilities in accordance with the 2010 ADAS, which is incorporated into the Unruh Act, Civil Code § 51(f). *See, e.g.*, *Vasquez*, 45 Cal.4th at 260. This is undeniably an excellent result.

In sum, Plaintiffs' argument that they prevailed on their legal claims is amply supported by applicable case law and the record. Accordingly, Plaintiffs have not made any "misrepresentation" or "misstatement" as Defendants contend. Although Defendants disagree with Plaintiffs' views about the nature and scope of relief that was achieved, such arguments are a classic form of opposition to a motion for attorneys' fees, which is prohibited by Section 7.1 of the Settlement Agreement. Defendants' improper arguments in that regard should be stricken and disregarded.

**B.    From 2017 to September 2024, Defendants' Residency Agreements Allowed Defendants to Charge Residents with Disabilities For Access Fixes to Their Units; The Settlement Agreement Makes a "Permanent Change" By Precluding Defendants From Charging Class Members for Access Repairs**

In their brief, Plaintiffs stated that they achieved a "***permanent*** change" in Defendants' policy requiring residents to pay for disability access improvements to their units. ECF No. 1052 at 12:19-24 (emphasis added). This is well-supported by the record. Between 2017 and September 2024, the corporate form Residency Agreements contained the following language: "We, in our sole discretion, will permit reasonable alterations to the Suite if you have a disability and the

proposed modification is necessary to afford you full enjoyment of the Suite.  Structural or physical alterations, whether based on a handicap or not, may be made only upon our prior written approval … **The cost of any alterations made by you shall be paid by you unless otherwise agreed to in writing.**"  ECF 238-3 at 292 (Bowman Decl. ISO Motion to Deny Class Certification, Ex. 1-C) (emphasis added); ECF 806 at ¶¶ 13-15 (Reply Decl. of Kevin Marquis ISO Plfs.' Mot. for Certification of Facility-Level Subclasses) (all 1,032 of the complete Residency Agreements that Defendants produced for the six facilities at issue in the motion for facility-level subclasses contained the language requiring residents to pay the cost of alterations to their units).  In its opinion granting certification of facility-level subclasses, the Court noted that this language provided further support for class treatment.  *Stiner v. Brookdale Senior Living, Inc.*, 2024 WL 3498492, at *8 & n.10 (N.D. Cal. July 22, 2024) ("A few other factors make the Court comfortable with this conclusion … Plaintiffs additionally argue that a practice of noncompliance is reinforced by Defendants' default policy of shifting the costs of alterations onto residents, which they contend amounts to an impermissible 'access upon request' policy.").

As Defendants acknowledge, the new form agreement in use in Brookdale facilities in California as of 2024 no longer mandates that residents pay for disability-based modifications to their units.  *See* ECF No. 1065 at 3 (quoting ECF No. 859-15).  Moreover, the Settlement Agreement prohibits Defendants from requiring residents at San Ramon, Scotts Valley, and Brookhurst to pay for the cost of access improvements to their units.  Section 4.4 of the Agreement provides:  "Pursuant to applicable law, Defendants shall not require any resident who needs an accessible room to pay for the remediation set forth in this agreement.  **Defendants will not require any resident at any Certified Brookdale RCFE who needs a modification to their unit to accommodate his or her mobility and/or vision disability to pay for such modifications.**"  ECF No. 1026-1, Ex. A at § 4.4, Ex. B. at § 4 (emphasis added).

Defendants cite the language from their September 2024 version of the Residency Agreement which modified the mandatory requirement that residents with disabilities pay for access fixes.  However, under the terms of that Residency Agreement, Defendants were free to change this new language and revert to their prior requirement that residents pay for access fixes.

*See, e.g.*, Declaration of Guy Wallace ("Wallace Decl."), Ex. 5 (Residency Agreement, § VI.R, Miscellaneous, BKD00227057) ("R. AMENDMENTS. "This Agreement and any written amendments constitute the entire agreement between the parties and supersede all prior and contemporaneous discussions, representations, correspondence, and agreements whether oral or written. **Except for our right to modify** fees, rates and **charges**, amended services provided and establish **and modify reasonable operating procedures and rules for the general welfare and safety of the residents**, this Agreement may be amended only in writing signed by both parties.") (emphasis added). Indeed, during the course of this litigation Defendants have changed their corporate form Residency Agreement at least four times, and were free to do so again. *Id.*, Exs. 1-5 (template Brookdale residency agreements dated June 2015, October 2016, January 2017, June 2018, and September 2024); *see also* ECF No. 238-2 (Bowman Decl.), ¶¶ 15-17 (attaching 2016-2018 agreements). *See also Vasquez,* 45 Cal.4th at 260.

### C. Between 2017 and September 2024, Defendants' Residency Agreements Did Not Contain The Disclosures That Are Now Required by The Stipulated Injunction and That Must Be Maintained Pursuant Thereto

Since this case was filed in July 2017 Brookdale has had at least four different versions of its corporate form Residency Agreement, none of which made any disclosures regarding the level or nature of the staffing provided by Brookdale's assisted living facilities. Wallace Decl., Exs. 1-5. Indeed, Defendants' failure to include such disclosures while simultaneously representing that it would conduct personal assessments of residents' needs for the purpose of providing services to residents was a basis for Plaintiffs' staffing misrepresentation claims. In September 2024, after seven years of litigation, Defendants changed the language of their Residency Agreements to include the following statement (among other disclosures): "We do make any express or implied warranties or representations with regard to the care, services, and staffing offered, and any such warranties are expressly disclaimed. We will make good faith efforts to provide the care and services as indicated in your Personal Services Plan." ECF 1026-1, Ex. B, at § 21; Wallace Decl., Ex. 5, at BKD3315704. As this Court recognized in its Order granting preliminary approval, "the Agreement modifies the language that Brookdale will use to communicate with current or prospective residents about its staffing levels and establishes a reporting mechanism whereby

Brookdale will relay its staffing metrics over the next several years to Plaintiffs' counsel." *Stiner,* 2025 WL 1676276 at *6.  The Court found that this change provided by the Stipulated Injunction (among others) conferred "substantial benefits" on the residents, placing the Settlement "well within the range of possible approval." *Id.*

Under the Stipulated Injunction, Defendants are not permitted to change the disclosures that now appear in the language of their Residency Agreements. ECF 1026-1, Ex. B, at § 21 ("Defendants will continue to include the following language in the version of the California Residency Agreement currently approved by the California Department of Social Services"). Thus, as the Court found, this litigation has resulted in significant relief to the residents with respect to this issue.  Plaintiffs' discussion of this issue in their brief is accurate and does not contain any misrepresentations or inaccurate statements.  ECF No. 1052 at 12:25-13:8 ("As a result of this disclosure, prospective residents will have more complete information with which to make their decision as to whether to enter one of Brookdale's assisted living facilities.").  Accordingly, Defendants' argument regarding this issue should be stricken and disregarded.

### D. The Settlement Agreement and Stipulated Injunction Preclude Defendants From Re-Instituting Brookdale's Prior Versions of the Fleet Safety Policy

Defendants argue that Plaintiffs have misrepresented the results achieved by this litigation with respect to Brookdale's Fleet Safety Policy ("FSP").  Plaintiffs' brief stated that they had achieved a "***permanent*** change" with respect to the FSP.  ECF No. 1052 at 12:10-14.  This is true.

According to Defendants, as of the time of the Settlement Agreement, they had abandoned their prior version of the FSP which required residents who used power wheelchairs or scooters to transfer out of their mobility devices if they wished to use Brookdale's transportation services, so Plaintiffs did not achieve any change.  But at the summary judgment stage, the Court expressly rejected the argument that Defendants' belated change to the FSP rendered the issue moot.  *Stiner v. Brookdale Senior Living, Inc.*, 2024 WL 5112480, at *8 (N.D. Cal. Dec. 13, 2024) ("Considering the recency of the policy's modification (years into this litigation and only after the Court certified subclasses) and Brookdale's own admission that the changes were implemented in part 'to avoid the uncertainty of future litigation,' the Court cannot conclude that it is 'absolutely clear' that

PLTFS' REPLY TO DEFENDANTS' OPPOSITION TO MOT. FOR ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner, et. al.* v. *Brookdale Senior Living, Inc., et al.*, Case No. 4:17-cv-03962-HSG (LB)

7

1  Brookdale's new policy will not be 'easily abandoned or altered in the future' *Bell v. City of Boise*,
2  709 F.3d 890, 901 (9th Cir. 2013). . . Since 'Defendants have failed to establish ... that the new
3  policy is the kind of permanent change that proves voluntary cessation,' mootness is not a basis to
4  grant summary judgment as to Plaintiffs' Fleet Safety Policy claims."). Thus, at the time when this
5  case settled, class members were still subject to the risk that Brookdale would re-instate the prior
6  version of the FSP.

7  Under the Settlement Agreement and the Stipulated Injunction, however, Defendants are
8  precluded from re-instituting any of their prior unlawful versions of the FSP. ECF No. 1026-1, Ex.
9  A, at § 5.1 ("Defendants agree that the current terms of the transportation policy known as the
10 'Transporting Residents on Community Vehicles Policy' will remain in effect and will not be
11 modified or altered in the future as it pertains to the provision permitting residents to remain on
12 wheelchairs, scooters, or other powered mobility aids while being transported on a Brookdale
13 RCFE vehicle"); Ex. B, Stipulated Injunction and Order at § 17 (same). This sort of "permanent
14 change," contained in a Stipulated Injunction, easily establishes that Plaintiffs prevailed on this
15 issue and are entitled to recover their fees. *Vasquez*, 45 Cal.4th at 260. Defendants' argument
16 regarding the FSP is meritless.

17 **E.     This Court's Order Regarding Defendants' Motion for Summary Judgment**

18 Defendants' contention that Plaintiffs have misrepresented the outcome of Defendants'
19 motion for summary judgment is incorrect. In their brief, Plaintiffs state that "the Court granted
20 Brookdale's motion for summary judgment in part, dismissing Plaintiffs' individual claims and the
21 claims of the three facility-based access barrier subclasses under the Unruh Act for alleged
22 violations of the California Building Code." ECF No. 1052 at 9:7-10. Plaintiffs also state that the
23 Court dismissed their Unruh Act claims because of its conclusion that Plaintiffs had failed to show
24 sufficient evidence of intentional discrimination. *Id.* at 21:11-14. These are accurate statements of
25 the Court's decision and reasoning. *See Stiner*, 2024 WL 5112480, at *3. Further, Plaintiffs did
26 not argue that violations of California law can be a basis for ADA liability, as Defendants contend.
27 ECF No. 1065 at 4:28.

28

Regardless, the Court's decision regarding the Unruh Act claims of the San Ramon and Scotts Valley subclasses has no practical relevance to the fees analysis in this matter because the Settlement Agreement and Stipulated Injunction require that those facilities be made compliant with the 2010 ADAS, a far superior and more demanding accessibility standard than the outdated 1989 and 1987 versions of the CBC that applied under the Unruh Act to those facilities, respectively.  ECF 1026-1, Ex. A at §§ 4.1-4.3; Ex. B, §§ 1-3.  Again, this is plainly an excellent result for the San Ramon and Scotts Valley subclasses.

### F.  Defendants' Litigation Tactics Increased the Cost of This Litigation

Defendants take exception to Plaintiffs' discussion of the manner in which they defended this case.  ECF No. 1052 at 21.  However, there can be no reasonable dispute that Defendants mounted a scorched-earth defense of this litigation.  Defendants make no claim whatsoever that the procedural history that Plaintiffs set forth in their brief regarding the motions filed by Defendants in this action is inaccurate in any respect.  *Compare* ECF No. 1052 at 21:3-16; ECF No. 1065 at 5.  Unable to deny their litigious conduct, Defendants instead argue that Plaintiffs "overreached" by seeking to certify a statewide class, and that this was the cause of the expense of this litigation.  This is nothing more than pure argument regarding Plaintiffs' motion for attorneys' fees, and is therefore prohibited by Section 7.1 of the Settlement Agreement.

### G.  It is True that More Than a Thousand Residents Will Benefit from the Settlement

Plaintiffs have not misrepresented the number of class members and residents who will benefit from the relief that they have obtained in this matter.  This Court certified four subclasses, including the Fleet Safety Policy subclass (statewide), as well as the Brookhurst, San Ramon and Scotts Valley facilities, with class periods running from "three years prior the filing of the Complaint herein through the conclusion of the action."  *Stiner*, 2024 WL 3498492, at *2, 14.

Given that *future* residents with mobility and/or vision disabilities at the San Ramon, Scotts Valley, and Brookhurst facilities, and future residents who use electric wheelchairs and scooters at all Brookdale California facilities will benefit from the relief in the Settlement Agreement, there can be little doubt that more than 1,000 elderly and disabled residents will receive the benefits of

PLTFS' REPLY TO DEFENDANTS' OPPOSITION TO MOT. FOR ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner, et. al.* v. *Brookdale Senior Living, Inc., et al.*, Case No. 4:17-cv-03962-HSG (LB)

9

1  the Settlement herein as Plaintiffs note in their brief.  Given the high turnover among California
2  Brookdale RCFE residents alone, it is likely that the number of future residents benefiting from the
3  Settlement Agreement will be substantial. ECF 999 at 6:25-26 ("The average length of stay for
4  residents of Brookdale's California RCFEs is more than 2 years.").  Moreover, future residents at
5  San Ramon and Scotts Valley will benefit from the provisions in the Stipulated Injunction
6  regarding Emergency Evacuation and Staffing.  Indeed, in their "Notice" Defendants do not
7  dispute that the Settlement Agreement and Stipulated Injunction will benefit thousands of class
8  members and residents in California both now and in the future.  *See, e.g.*, ECF No. 1052 at 13:17-
9  18 (Defendants indicate no disagreement with the following statement: "These access
10 improvements will confer great benefits on the thousands of residents with mobility and/or vision
11 disabilities who will use these facilities both now and during the coming years.").

12        Even according to Defendants' own assessment data, and as discussed in the Declaration of
13 Dr. Flores, the members in only the three facility-based subclasses who had mobility or vision
14 disabilities totaled approximately 600 persons just for the three year time period between 2017 and
15 2020; including all such residents in the entire eight year class period from 2017 through the
16 present, and members of the FSP subclass, would yield a substantially higher number.  *See, e.g.*,
17 ECF 662-6 at ¶¶ 119-120 (Declaration of Cristina Flores PHD ISO Plaintiffs' Motion for
18 Certification of Subclasses) (180 such residents at San Ramon); (219 such residents at Brookhurst);
19 (219 such residents at Scotts Valley).  During the litigation, Defendants repeatedly argued that the
20 class definitions must be modified so as only to include current residents.  The Court rejected this
21 argument.  *Stiner*, 2024 WL 3498492, at *14.

22        **H.     Any Award of Fees Will Not Reduce Any Relief to the Subclasses**

23        With respect to Defendants' contention that Plaintiffs have misrepresented that the
24 Settlement herein provides damages to the class, the statement that Defendants cite does not
25 support their contention.  Quoted in full, that sentence in Plaintiffs' brief reads as follows: "The
26 payment of fees and costs will not diminish the injunctive relief or damages the Settlement
27 guarantees to the class." ECF No. 1052 at 10.  This statement is literally accurate.  Any award of
28 fees and costs in this matter will *not* reduce either the injunctive relief or damages to the Plaintiff

classes or any individual members of the subclasses.  Indeed, the Settlement Agreement does not provide for any class damages, and the Court did not certify any damages subclasses, therefore any award of fees cannot reduce class damages.  And the Settlement Agreement's release expressly preserves the rights of individual class members to seek damages, so their rights in that regard have not been diminished and will not be diminished by an award of attorney's fees.  Settlement Agreement at § 8.1 (releasing Defendants from "all claims, liabilities, demands, causes of action, or lawsuits for declaratory and/or injunctive relief").  Moreover, that there are no class damages, that the Court did not certify any damages class, and that the class will only receive injunctive relief are all points that are made at several locations in Plaintiffs' brief.  *See, e.g.*, ECF No. 1052 at 1-2, 7-8, 11, 14.  Thus, there is no "misrepresentation" with respect to this issue.

**IV.     CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that Defendants' submission be stricken as being in violation of Section 7.1 of the Settlement Agreement, and that this Court disregard its contents.  Further, Plaintiffs respectfully request that this Court find that Defendants have breached the Settlement Agreement.

DATED:  August 28, 2025          Respectfully submitted,

                                 By:   */s/ Guy B. Wallace*
                                       Guy B. Wallace
                                 Attorneys for Plaintiffs and the Certified Subclasses

---

PLTFS' REPLY TO DEFENDANTS' OPPOSITION TO MOT. FOR ATTORNEYS' FEES, COSTS AND EXPENSES
*Stiner, et. al.* v. *Brookdale Senior Living, Inc., et al.*, Case No. 4:17-cv-03962-HSG (LB)

11