1    Guy B. Wallace – 176151
     Mark T. Johnson – 76904
2    Jennifer U. Bybee – 302212
     Travis C. Close – 308673
3    Rachel L. Steyer – 330064
     **SCHNEIDER WALLACE**
4    **COTTRELL KIM LLP**
     2000 Powell Street, Suite 1400
5    Emeryville, California  94608-1863
     Telephone:    (415) 421-7100
6    Facsimile:    (415) 421-7105
     Email:   gwallace@schneiderwallace.com
7            mjohnson@schneiderwallace.com
             juhrowczik@schneiderwallace.com
8            tclose@schneiderwallace.com
             rsteyer@schneiderwallace.com
9
     Gay Crosthwait Grunfeld – 121944
10   Jenny S. Yelin – 273601
     Benjamin Bien-Kahn – 267933
11   Brenda Muñoz – 328813
     Adrienne Spiegel – 330482
12   Maya Campbell – 345180
     **ROSEN BIEN**
13   **GALVAN & GRUNFELD LLP**
     101 Mission Street, Sixth Floor
14   San Francisco, California  94105-1738
     Telephone:    (415) 433-6830
15   Facsimile:    (415) 433-7104
     Email:   ggrunfeld@rbgg.com
16           jyelin@rbgg.com
             bbien-kahn@rbgg.com
17           bmunoz@rbgg.com
             aspiegel@rbgg.com
18           mcampbell@rbgg.com

19   Attorneys for Plaintiffs and the Certified
     Subclasses
20
     (*additional counsel for Plaintiffs on following page*)
21

     Erica Rutner – 344880
     **COZEN O'CONNOR**
     1801 North Military Trail, Suite 200
     Boca Raton, Florida 33431-1810
     Telephone:    (561) 245-6160
     Facsimile:    (561) 245-6209
     Email:   erutner@cozen.com

     Michael Jacobsen[*] – Ill. Bar No. 6303584
     **SEYFARTH SHAW LLP**
     233 South Wacker Drive, Suite 8000
     Chicago, Illinois 60606-6448
     Telephone:    (312) 460-5000
     Facsimile:    (312) 460-7000
     Email:   mjacobsen@seyfarth.com

     Justin T. Curley – 233287
     **SEYFARTH SHAW LLP**
     560 Mission Street, 31st Floor
     San Francisco, California 94105
     Telephone:    (415) 397-2823
     Facsimile:    (415) 397-8549
     Email:   jcurley@seyfarth.com

     [*]admitted *pro hac vice*

     Attorneys for Defendants

22                  UNITED STATES DISTRICT COURT

23         NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

24   STACIA STINER et al.,                    Case No. 4:17-cv-03962-HSG

25            Plaintiffs,                      **FINAL JUDGMENT**
          v.
26   BROOKDALE SENIOR LIVING, INC. et al.,     Judge:   Hon. Haywood S. Gilliam, Jr.

27            Defendants.

28

1   (*counsel continued from preceding page*)

2   Kathryn A. Stebner – 121088
    Brian S. Umpierre – 236399
3   **STEBNER GERTLER & GUADAGNI**
    **A Professional Law Corporation**
4   870 Market Street, Suite 1285
    San Francisco, California 94102-2918
5   Telephone:    (415) 362-9800
    Facsimile:    (415) 362-9801
6   Email:   kathryn@sgg-lawfirm.com
             brian@sgg-lawfirm.com
7
    David T. Marks – *pro hac vice*
8   **MARKS, BALETTE, YOUNG & MOSS**
    7521 Westview Drive
9   Houston, Texas 77052
    Telephone:    (713) 681-3070
10  Facsimile:    (713) 681-2811
    Email: davidm@marksfirm.com
11
    Attorneys for Plaintiffs and the Certified Subclasses
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    By order dated October 24, 2025, which is incorporated herein by reference, this Court

2 granted Plaintiffs' Motion for Final Approval of the Class Action Settlement, Plaintiffs' Motion

3 for Attorney's Fees, Costs, and Expenses, and Plaintiffs' Motion for Service Awards.  ECF No.

4 1083.  For the reasons stated in the October 24, 2025 Order,

5    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

6    1.    The Court hereby approves and enters the Stipulated Injunction attached hereto as

7 **Exhibit A**.  The consideration, terms, and conditions of the Class Action Settlement, the

8 Stipulated Injunction, and the parties' Confidential Settlement of individual claims are hereby

9 incorporated in full into this Judgment, and the Court hereby enters judgment in this matter.

10    2.    The Parties shall proceed with full implementation of the Class Action Settlement,

11 the Stipulated Injunction, and the Confidential Settlement Agreement, in accordance with the

12 terms and deadlines set forth therein and in this Final Judgment.

13    3.    Defendants shall pay the $5,000 service award payments to Plaintiffs and Subclass

14 Representatives Stacia Stiner, Bernie Jestrabek-Hart, and Jeanette Algarme (pursuant to

15 instructions to be provided by Plaintiffs' counsel) no later than December 23, 2025.

16    4.    The Court awarded $10,635,050.28 in attorney's fees to Plaintiffs' counsel, based

17 on an assessment that Plaintiffs' counsel's hourly rates and time claimed (after substantial billing

18 judgment reductions) were reasonable.  The Court also awarded $3,864,949.72 in costs and

19 expenses, for a total award to Plaintiffs' counsel of $14,500,00.  Defendants shall pay $14,500,000

20 to Plaintiffs' counsel (pursuant to instructions to be provided by Plaintiffs' counsel) no earlier than

21 January 2, 2026, and no later than February 28, 2026.

22    5.    Subject to fulfillment of all of the terms of the Class Action Settlement, the

23 Stipulated Injunction, and the Confidential Settlement, each and every Plaintiff and subclass

24 member will be permanently barred and enjoined from initiating, asserting, and/or prosecuting any

25 claim he or she released in any court or any forum.  This Judgment will be binding on Defendants,

26 Plaintiffs, and as to claims released in the Class Action Settlement, all members of the Certified

27 Subclasses.

28    6.    Without affecting the finality of the Judgment, the Court reserves jurisdiction over

1  the implementation, administration, and enforcement of this Judgment, the Class Action

2  Settlement, the Stipulated Injunction, the Confidential Settlement Agreement, and all matters

3  ancillary thereto.

4          IT IS SO ORDERED, ADJUDGED, AND DECREED.

5

6  DATED:  10/31/2025

7                                                  Honorable Haywood S. Gilliam, Jr.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1  Guy B. Wallace – 176151                    Gay Crosthwait Grunfeld – 121944
   Mark T. Johnson – 76904                    Jenny S. Yelin – 273601
2  Jennifer U. Bybee – 302212                 Adrienne Spiegel – 330482
   Travis C. Close – 308673                   Maya Campbell – 345180
3  Rachel L. Steyer – 330064                  **ROSEN BIEN**
   **SCHNEIDER WALLACE**                      **GALVAN & GRUNFELD LLP**
4  **COTTRELL KONECKY LLP**                   101 Mission Street, Sixth Floor
   2000 Powell Street, Suite 1400             San Francisco, California  94105-1738
5  Emeryville, California  94608-1863         Telephone:     (415) 433-6830
   Telephone:     (415) 421-7100              Facsimile:     (415) 433-7104
6  Facsimile:     (415) 421-7105              Email:   ggrunfeld@rbgg.com
   Email:   gwallace@schneiderwallace.com            jyelin@rbgg.com
7        mjohnson@schneiderwallace.com               aspiegel@rbgg.com
         juhrowczik@schneiderwallace.com             mcampbell@rbgg.com
8        tclose@schneiderwallace.com
         rsteyer@schneiderwallace.com
9
   Kathryn A. Stebner – 121088                David T. Marks – *pro hac vice*
10 Brian S. Umpierre – 236399                 **MARKS, BALETTE, GIESSEL**
   **STEBNER GERTLER & GUADAGNI**             **& YOUNG, P.L.L.C.**
11 **A Professional Law Corporation**         7521 Westview Drive
   870 Market Street, Suite 1285              Houston, Texas  77055
12 San Francisco, California  94102-2918      Telephone:     (713) 681-3070
   Telephone:     (415) 362-9800              Facsimile:     (713) 681-2811
13 Facsimile:     (415) 362-9801              Email:   davidm@marksfirm.com
   Email:   kathryn@sgg-lawfirm.com
14       brian@sgg-lawfirm.com

15  Attorneys for Plaintiffs and the Certified Subclasses
    (*additional counsel on next page*)

16              UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| 18 STACIA STINER; RALPH CARLSON, in his capacity as Trustee of the Beverly E. Carlson and Helen V. Carlson Joint Trust; LORESIA VALLETTE, in her capacity as representative of the Lawrence Quinlan Trust; MICHELE LYTLE, in her capacity as Trustee of the Boris Family Revocable Trust; RALPH SCHMIDT, by and through his Guardian Ad Litem, HEATHER FISHER; PATRICIA LINDSTROM, as successor-in-interest to the Estate of ARTHUR LINDSTROM; BERNIE JESTRABEK-HART; and JEANETTE ALGARME; on their own behalves and on behalf of others similarly situated, | Case No. 4:17-cv-03962-HSG **STIPULATED INJUNCTION AND ORDER** Judge:   Hon. Haywood S. Gilliam, Jr. |
| 25              Plaintiffs, | |
| 26         v. | |
| 27 BROOKDALE SENIOR LIVING, INC.; BROOKDALE SENIOR LIVING COMMUNITIES, INC.; and DOES 1 through 100, | |
| 28              Defendants. | |

[4638797.7]                                      Case No. 4:17-cv-03962-HSG

STIPULATED INJUNCTION AND ORDER

1  Erica Rutner (SBN 344880)
   e.rutner@mooreandlee.com
2  John A. Bertino (VBN 93393) (Pro Hac Vice)
   j.bertino@mooreandlee.com
3  **MOORE & LEE, P.C.**
   110 SE 6th Street, Suite 1980
4  Fort Lauderdale, Florida 33301
   Telephone:  (703) 940-3763
5  Facsimile:    (703) 506-2051

6  Michael D. Jacobsen (IL SBN 6303584) (Pro
   Hac Vice)
7  mjacobsen@seyfarth.com
   **SEYFARTH SHAW LLP**
8  233 South Wacker Drive, Suite 8000
   Chicago, Illinois 60606-6448
9  Telephone:  (312) 460-5000
   Facsimile:    (312) 460-7000
10
   Justin T. Curley (SBN 233287)
11 jcurley@seyfarth.com
   **SEYFARTH SHAW LLP**
12 560 Mission Street, 31st Floor
   Sacramento, California 94105
13 Telephone:  (415) 397-2823
   Facsimile:    (415) 397-8549
14
   Attorneys for Defendants
15 BROOKDALE SENIOR LIVING INC.
   and BROOKDALE SENIOR LIVING
16 COMMUNITIES, INC.

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INJUNCTION AND ORDER

1    This injunction ("Injunction") is entered into and shall be enforceable against Brookdale

2 Senior Living, Inc. and Brookdale Senior Living Communities, Inc. (collectively, "Brookdale" or

3 "Defendants").

4    As referenced herein, the term "Certified Brookdale RCFEs" means the following

5 residential care facilities for the elderly ("RCFEs") that are owned, operated, or managed by

6 Brookdale:  Brookdale Brookhurst, Brookdale Scotts Valley, and Brookdale San Ramon.

7    This Court has jurisdiction over the Parties and the claims asserted by the Plaintiffs in this

8 action.  Within thirty (30) days of the date the Court grants final approval of the Parties' Class

9 Action Settlement Agreement ("Class Agreement") in this action, Brookdale shall begin

10 implementing the following injunctive relief, except where a different timeframe is required by the

11 Class Agreement:

<strong>ACCESS BARRIER CLAIMS</strong>

12

13    1.    **Brookdale Brookhurst.** Defendants agree to bring the interior and exterior

14 common areas of Brookdale Brookhurst into compliance with the 2010 Americans with

15 Disabilities Act Accessibility Standards ("2010 ADAS"). Defendants also agree to make the

16 following counts of each type of resident units at Brookdale Brookhurst fully compliant with the

17 2010 ADAS, Section 223.3: 4 studio units, 4 one-bedroom units, 1 large one-bedroom unit, and 1

18 one-bedroom two-bath unit. Defendants also agree to renovate an additional 3 studio units, 4 one-

19 bedroom units, 1 large one-bedroom unit, and 1 one-bedroom two-bath unit to be compliant with

20 the 2010 ADAS, Section 233, subject to any relevant exceptions for residential dwelling units set

21 forth in the relevant 2010 ADAS provisions. All units being renovated pursuant to this Section

22 shall provide a roll-in shower compartment that complies with the 2010 ADAS Section 608.2.2 or

23 an alternate roll-in shower compartment that complies with the 2010 ADAS Section 608.2.3. If a

24 resident or potential resident requires a 2010 ADAS, Section 223.3 compliant unit and no units of

25 the type being considered by the resident or potential resident (*e.g.*, studio, one-bedroom, etc.) are

26 available, Defendants, as long as they are operating the community, shall provide a 2010 ADAS,

27 Section 223.3 compliant unit of the same type, either by renovating one of the 2010 ADAS,

28 Section 233 units of the same type, if available, or by renovating any other vacant unit in

1  Brookdale Brookhurst of the same type.  For example, if a resident who requires a 2010 ADAS

2  Section 223.3 compliant unit requests a studio and all four studios that have been made compliant

3  with the 2010 ADAS Section 223.3 are occupied, Defendants will either renovate one of the three

4  2010 ADAS Section 233 studio units to be compliant with Section 223.3 or they will renovate

5  another studio unit to be compliant with Section 223.3.

6          2.      **Brookdale San Ramon.** Defendants agree to bring the interior and exterior common

7  areas of Brookdale San Ramon into compliance with the 2010 ADAS. Defendants also agree to

8  make at least the following counts of each type of resident unit at Brookdale San Ramon fully

9  compliant with the 2010 ADAS, Section 223.3: 3 studio units, 3 one-bedroom units. All of the units

10  being renovated pursuant to this section shall provide a roll-in shower compartment that complies

11  with the 2010 ADAS Section 608.2.2 or an alternate roll-in shower compartment that complies with

12  the 2010 ADAS Section 608.2.3.  Plaintiff Stacia Stiner shall be offered one of the studio units in

13  the Brookdale San Ramon RCFE that Defendants have agreed to renovate to be compliant with

14  2010 ADAS, Section 223.3, and she will be charged the same basic services rate for this renovated

15  unit as she would owe for her current unit as of the date she moves into the renovated unit.

16          3.      **Brookdale Scotts Valley.** Defendants agree to bring the interior and exterior

17  common areas of Brookdale Scotts Valley into compliance with the 2010 ADAS. Defendants also

18  agree to make at least the following counts of each type of resident unit at Brookdale Scotts Valley

19  fully compliant with the 2010 ADA, Section 223.3: 5 studio units, 5 one-bedroom units, 1 two-

20  bedroom unit, 1 combined-unit. All of the units being renovated pursuant to this section shall provide

21  a roll-in shower compartment that complies with the 2010 ADAS Section 608.2.2 or an alternate

22  roll-in shower compartment that complies with the 2010 ADAS Section 608.2.3. Plaintiff Bernie

23  Jestrabek-Hart shall be offered one of the 2010 ADAS Section 223.3 renovated units at the Brookdale

24  Scotts Valley RCFE that is either of like-type to her current unit or smaller than her current unit (*e.g.*, a

25  studio unit), depending on preference and availability. Defendants will charge Plaintiff Bernie

26  Jestrabek-Hart the same basic services rate for this renovated unit as she would owe for her current

27  unit as of the date she moves into the renovated unit or, if she selected a smaller unit, the market

28  rate for such unit.

1    4.    Pursuant to applicable law, Defendants shall not require any resident who needs an

2  accessible room to pay for the remediation set forth in this Injunction. Defendants will not require

3  any resident at any Certified Brookdale RCFE who needs a modification to their unit to

4  accommodate his or her mobility and/or vision disability to pay for such modifications.

5    5.    Pursuant to 28 C.F.R. § 36.406(a)(5)(ii), "[n]ewly constructed or altered facilities

6  or elements covered by §§ 36.401 or 36.402 that were constructed or altered before March 15,

7  2012 and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made

8  accessible in accordance with the 2010 Standards."  Elements of Brookdale Brookhurst, Brookdale

9  San Ramon, or Brookdale Scotts Valley that comply with the 1991 Standards and have not been

10  altered since March 15, 2012 are not required to be brought into compliance with the 2010

11  Standards in accordance with 28 C.F.R. § 36.406(a)(5)(ii).

12    6.    Except as otherwise provided in Section 8 below, Defendants shall complete the

13  access work specified in Sections 1, 2, and 3 within five years from the date the Court enters final

14  approval of this Injunction.

15    7.    Defendants shall make a good faith effort to prepare designs and plans of the access

16  work set forth in Section 1, including the cost estimate for this work, no later than June 1, 2025.

17  Defendants shall make a good faith effort to prepare designs and plans of the access work set forth in

18  Sections 2 and 3, including the cost estimate for this work, within one year from the date the Court

19  enters final approval of this Injunction.

20    8.    Defendants shall complete remediation of all barriers presumed to be readily

21  achievable in the U.S. Department of Justice's Technical Assistance Manual within two years of

22  the date the Court enters final approval of this Injunction.

23    9.    The Parties shall negotiate and agree upon a certified/licensed architect with a

24  CASp certification (the "CASp Architect") to oversee the work described in Sections 1, 2, and 3.

25  If the Parties cannot agree on the CASp architect, one shall be appointed by the Court.

26    10.    Prior to submitting plans to the local building department for approval, Defendants

27  shall submit such plans to Class Counsel and to the mutually-agreed upon CASp Architect. Class

28  Counsel shall submit all objections to the plans or designs thirty (30) days thereafter. Counsel for the

[4658797.7]                                                    3                    Case No. 4:17-cv-03962-HSG (LB)

1  Parties shall meet and confer regarding any objections. Class Counsel, accompanied by Defendants'

2  Counsel and the CASp Architect, may inspect the completion of the work set forth in Sections 1,

3  2, and 3. Any revisionary work required by the CASp Architect will be completed within a

4  reasonable amount of time, as determined by the CASp Architect.

5     11.  The deadlines and timeframes set forth in Sections 6, 7, and 8 are agreed to in good

6  faith and are contingent on conditions outside the Parties' control that may result in delaying the

7  plans, designs, and/or ability to complete the alterations. These conditions may include, but are not

8  limited to: (a) the failure of requisite third parties and governing authorities to approve of plans

9  and designs and/or to issue the necessary permits; (b) Acts of God, including flood, fire,

10  earthquake or explosion; (c) acts of war, invasion, terrorist threats or acts, riot or other civil unrest;

11  (d) national or regional emergencies; (e) strikes, labor stoppages or slowdowns, or other industrial

12  disturbances; (f) epidemic or pandemic; (g) shortage of adequate supplies and equipment; or (h)

13  shortage of power or transportation facilities.

14     12.  Any and all alterations set forth in Sections 1, 2, and 3 of the Injunction are

15  conditioned on such alterations not diminishing the structural integrity of the respective Certified

16  Brookdale RCFEs and otherwise not being structurally infeasible, as determined by the CASp

17  Architect.

18     13.  In addition to their obligations under sections 14, 15, and 16, Defendants will

19  notify Class Counsel of any change in owner/licensee/lessee as it pertains to any of the Certified

20  Brookdale RCFEs. In the event Defendants or their affiliates cease owning, managing, operating,

21  or leasing any of the Certified Brookdale RCFEs, Defendants agrees to offer the subsequent owner,

22  operator, manager, or lessor/lessee, as applicable, a capital expenditure credit in an amount that is

23  equivalent to the amount necessary to complete any remaining work contemplated by Sections 1,

24  2, and 3. The capital expenditure credit will be based on the design, scope, and cost to perform or

25  otherwise complete the respective work.

26     14.  The Parties understand that Brookdale Brookhurst is a leased Brookdale RCFE and

27  that Defendants do not have control over the status of the Brookdale Brookhurst lease. Defendants

28  are engaged in good faith efforts, and will continue to engage in good faith efforts, to enter

4463879.1             4      Case No. 4:17-cv-03962-H

STIPULATED INJUNCTION AND ORDER

1   agreement with the landlord of Brookdale Brookhurst wherein the landlord agrees to either (a)

2   commit to making the changes required by this Injunction, using the capital expenditure credit as

3   referenced in Section 13, or (b) allow Defendants to oversee the completion of the work set forth

4   in Section 1. Plaintiffs will be designated as a third-party beneficiary to this anticipated agreement,

5   regardless of which option is chosen. H o w e v e r ,  if no agreement is reached by June 1, 2025,

6   Defendants shall deposit the amount of the capital expenditure credit referenced in Section 13 in

7   an interest-bearing escrow account under the jurisdiction of the Northern District of California  no

8   later than July 1, 2025.  The funds in that account shall be used exclusively for the remediation

9   described in Section 1, whether the work is performed by Defendants, the owner/landlord, or any

10  other entity.  If the work cannot be completed within five years of July 1, 2025 due to factors

11  outside the Parties' control, the funds shall be returned to Defendants. If Defendants and the

12  landlord reach an agreement after July 1, 2025, but prior to the expiration of this five-year period,

13  then the escrow funds will be returned to Defendants to be used to complete the remediation work

14  referenced in Section 1.

15          15.     Defendants agree to comply with the obligations set forth in Section 2 of this

16  Injunction so long as Defendants or their affiliates continue to own, operate, or manage Brookdale

17  San Ramon. If Defendants or their affiliates enter into a purchase agreement for the sale of

18  Brookdale San Ramon prior to the completion of the work referenced in Sections 2, Defendants

19  agree to either (a) complete the work referenced in Sections 2 prior to closure; (b) include in the

20  purchase agreement a provision that the purchaser will complete the work required by Section 2

21  by the timeframes set forth herein, and Plaintiffs shall be made a third party beneficiary of this

22  provision of the purchase agreement; or (c) include in the purchase agreement a provision that the

23  purchaser will allow Defendants to complete the work referenced in Section 2 by the timeframes

24  set forth herein, and Defendants will complete the work set forth in Section 2 during the

25  timeframes set forth herein.

26          16.     Defendants agree to comply with the obligations set forth in Section 3 of this

27  Injunction so long as Defendants or their affiliates continue to own, operate, or manage Brookdale

28  Scotts Valley. If Defendants or their affiliates enter into a purchase agreement for the sale of

[469899.1]

1  Brookdale Scotts Valley prior to the completion of the work referenced in Section 3, Defendants

2  agree to either (a) complete the work referenced in Section 3 prior to closure; (b) include in the

3  purchase agreement a provision that the purchaser will complete the work required by Section 3

4  by the timeframes set forth herein, , and Plaintiffs shall be made a third party beneficiary of this

5  provision of the purchase agreement; or (c) include in the purchase agreement a provision that the

6  purchaser will allow Defendants to complete the work referenced in Sections 3 by the timeframes

7  set forth herein, and Defendants will complete the work set forth in Section 3 during the

8  timeframes set forth herein.

9                                    **TRANSPORTATION CLAIMS**

10          17.      Defendants agree that the current terms of the transportation policy known as the

11  "Transporting Residents on Community Vehicles Policy" will remain in effect and will not be

12  modified or altered in the future as it pertains to the provision permitting residents to remain on

13  wheelchairs, scooters, or other powered mobility aids while being transported on a Brookdale

14  RCFE vehicle ("Optional Transfer Provision"), consistent with the current language contained in

15  the Transporting Residents on Community Vehicles Policy.

16          18.       In the event applicable laws and/or regulations change such that the Optional

17  Transfer Provision in the Transporting Residents on Community Vehicles Policy violates

18  applicable laws and/or regulations, Defendants are expressly permitted to modify the terms of the

19  Transporting Residents on Community Vehicles Policy in order to remain compliant with

20  applicable laws and/or regulations.

21                                    **EMERGENCY EVACUATION CLAIMS**

22          19.      To the extent not already included in the respective emergency evacuation plans for

23  Brookdale San Ramon and Brookdale Scotts Valley, Defendants will incorporate the following

24  elements in the emergency evacuation plans for these respective Brookdale RCFEs:

25          a.      All of the elements required by Cal. Health & Safety Code § 1569.695, as

26  provided for in the 2019 version of the LIC 610E form;

27          b.      Identification of assembly areas at the respective Brookdale RCFEs that are

28  accessible to persons with mobility and/or vision disabilities within the meaning of the 2010

1  ADAS, which will be communicated to staff and residents;

2          c.      Contracting with transportation services that are able to deploy, to the

3  extent available at the time of the subject evacuation, vehicles with the capacity to carry the

4  required mobility devices for residents at the respective Brookdale RCFEs, to be available at the

5  relocation site;

6          d.      Possessing equipment and fuel sufficient for the respective Brookdale

7  RCFEs to be self-reliant in their provision of services to residents, including residents with

8  disabilities, for a period not less than 72 hours during a power outage;

9          e.      Providing 24-hour notice to residents at the respective Brookdale RCFEs of

10  all emergency drills being conducted, which expressly communicate the opportunity for (but do

11  not require) resident participation in such drills;

12          f.      Conducting a quarterly discussion at the respective Brookdale RCFE

13  Resident and Family Council meetings to explain the emergency procedures, obtain participant

14  feedback and, where possible, incorporate this feedback into future planning;

15          g.      Maintaining a database of each resident's evacuation ability at the

16  respective Brookdale RCFEs, including the type of mobility device used, the unit/floor of

17  residence, and the identification of other known disabilities that may affect a resident's evacuation

18  ability, which is to be reviewed semi-annually and updated based on a change in resident

19  needs; and

20          h.      Requiring that, at least once a year, an authorized and designated Brookdale

21  RCFE employee signs a statement, which Defendants will maintain, that the respective Brookdale

22  RCFE stairwell contains a working evacuation chair in the appropriate location and that staff have

23  been trained on the use of such evacuation chairs.

24          **STAFFING DISCRIMINATION CLAIMS & STAFFING CLAIMS**

25          20.     Defendants will instruct all sales personnel and Executive Directors at Brookdale

26  Scotts Valley and Brookdale San Ramon to refrain from making any oral or written statements to

27  current or prospective residents (and, if applicable, family members or representatives of current

28  or prospective residents) that: (a) resident assessments are the only factor used to determine, set

1   monitor staffing levels at these respective Brookdale RCFEs, and (b) these respective Brookdale

2   RCFEs adjust staffing levels whenever a new resident is admitted or an existing resident's needs

3   change.

4           21.     Defendants will continue to include the following language in the version of the

5   California Residency Agreement currently approved by the California Department of Social

6   Services:

7                           The care and services provided to you are based on your

8                           health assessment and Personal Service Plan.  The Personal

9                           Service Plan is specific to the care and services provided to

10                          Resident is not related to the care and services collectively

11                          provided to other residents in the Community.  We do not

12                          make any express or implied warranties or representations

13                          with regard to the care, services, and staffing offered, and

14                          any such warranties and representations are expressly

15                          disclaimed.  We will make good faith efforts to provide the

16                          care and services as indicated in your Personal Service Plan.

17                          However, due to unforeseen circumstances, your care and

18                          services may be provided at a different time or in a different

19                          manner than indicated in your Personal Service Plan.  You

20                          further understand that any change in your Personal Service

21                          Plan may not result in a change in the level of staff providing

22                          care and services at the Community.

23          22.     In setting staffing levels, personnel at Brookdale San Ramon and Brookdale Scotts

24  Valley will continue to consider and apply a reasonable determination of the staffing hours

25  reasonably required to perform the care tasks needed by the residents, as determined by the

26  assessment procedures, the experience and/or education of the staff, the ability of staff to perform

27  various tasks in parallel, the physical layout of the facility, and the reasonable discretion of the

28  Executive Director and/or department coordinators to ensure the appropriate amount of staff

1    Personnel at Brookdale San Ramon and Brookdale Scotts Valley will continue internal

2    monitoring procedures related to the above-referenced staffing levels.

3        23.    On a semi-annual basis beginning six months after the entry of this Injunction, and

4    for a period of two years thereafter, Defendants will provide Plaintiffs' Counsel with an attestation

5    from the respective Executive Director or designee at Brookdale San Ramon and Brookdale Scotts

6    Valley verifying that staffing was provided at a level consistent with the respective Brookdale

7    RCFE's reasonable determinations of the staffing hours for personnel who provide direct care to

8    residents ("Care Staff"). This attestation shall also include the following information: (a) a

9    statement that the Executive Director or designee reviewed benchmarks, census, and actual

10   staffing data for the Care Staff at the respective Brookdale RCFE, including but not limited to

11   agency staffing, (b) identification of the source from which the staffing information came (*e.g.*,

12   punch detail or other payroll data), (c) whether the total staffing hours at the respective Brookdale

13   RCFE were below the Service Alignment benchmarks for Care Staff, for each month in the quarter

14   preceding the submission of the report, and (d) if the total staffing hours were below the Service

15   Alignment benchmarks for the Care Staff during any particular month in that quarter, an

16   explanation as to why. In the event Plaintiffs have concerns with the explanation of why staffing

17   levels were below the benchmarks during the quarter, the Parties shall meet and confer to discuss

18   same.

19       24.    The Parties expressly understand and agree that any information provided pursuant

20   to Section 23 and/or exchanged in the meet and confer process shall remain confidential and shall

21   be used only for the purpose of enforcing the meet and confer and reporting provisions set forth in

22   Section 23 and not for any other purpose, including in connection with any future litigation. If

23   either Party contends the other Party is not meeting and conferring in good faith under Section 23,

24   that Party may seek court enforcement limited to the meet and confer and/or reporting obligations

25   under Section 23.

26                              **OTHER PROVISIONS**

27       25.    Nothing stated in this Injunction shall relieve Brookdale from complying with any

28   other applicable federal or state law or regulation.

26.     The Court shall retain continuing jurisdiction over all terms of this Injunction to ensure that all such terms are fully implemented and to resolve any disputes between the Parties regarding the interpretation of and implementation of such terms.

27.     The Parties shall meet and confer regarding any disputes related to the terms of this Injunction, and Defendants shall have at least 60 days to cure any conduct determined to deviate from said terms unless such deviation is due to conditions outside Defendants' control (*e.g.*, third party involvement). However, this provision shall not apply to the terms and provision set forth in Section 7 of this Injunction.

28.     The Parties agree that the following events could prevent, limit, or delay Defendants' ability to meet the obligations set forth in this Injunction: (a) Defendants becomes insolvent or file for bankruptcy, (b) any change in applicable laws, rules, or regulations, or any order California's Department of Social Services or other governing body/enforcement agency, that conflicts with a provision of this Injunction, (c) any Brookdale RCFE that is the subject of this Injunction ceases being licensed as an RCFE, whether because the RCFE license is revoked or otherwise, or (d) events outside the Parties' control, including, but not limited to, (1) Act of God, including flood, fire, earthquake or explosion; (2) acts of war, invasion, terrorist threats or acts, riot or other civil unrest; (3) national or regional emergency; (4) strikes, labor stoppages or slowdowns, or other industrial disturbances; or (5) epidemic or pandemic. In such circumstances, Defendants' obligations under this Injunction will be limited with respect to the affected Brookdale RCFE the extent that the event necessitates such a limitation.

## NON-RETALIATION

29.     The Parties mutually agree not to retaliate against each other on account of their participation in the Lawsuit or on account of having aided or encouraged other residents to participate in the Lawsuit.

[4638797.7]

1       IT IS SO STIPULATED.

2 DATED:  March 17, 2025          Respectfully submitted,

3                   SCHNEIDER WALLACE COTTRELL KONECKY LLP

4

5                   By:   */s/ Guy B. Wallace*
                         Guy B. Wallace

6

7                   Attorneys for Plaintiffs and the Certified Subclasses

8

9 DATED:  March 17, 2025          ROSEN BIEN GALVAN & GRUNFELD LLP

10                     By:   */s/ Gay Crosthwait Grunfeld*
                         Gay Crosthwait Grunfeld

11

12                   Attorneys for Plaintiffs and the Certified Subclasses

13

14 DATED:  March 17, 2025          STEBNER GERTLER & GUADAGNI

15

16                   By:   */s/ Kathryn A. Stebner*
                         Kathryn A. Stebner

17

18                   Attorneys for Plaintiffs and the Certified Subclasses

19 DATED:  March 17, 2025          MARKS, BALETTE, GIESSEL
                  & YOUNG, P.L.L.C.

20

21                         */s/ David T. Marks*
                         David T. Marks

22

23                   Attorneys for Plaintiffs and the Certified Subclasses

24

25

26

27

28 [4638797.7]

1

2    DATED:  March 17, 2025                    MOORE & LEE, P.C.

3                                             By:  */s/ Erica Rutner*
                                                   Erica Rutner
4

5                                             Attorneys for Defendants BROOKDALE SENIOR
                                              LIVING, INC. and BROOKDALE SENIOR LIVING
6                                             COMMUNITIES, INC.

7

8            IT IS SO ORDERED, ADJUDGED AND DECREED.

9

10   DATED:  _____, 2025

11                                            Honorable Haywood S. Gilliam, Jr.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     [4638797.7]
                              STIPULATED INJUNCTION AND ORDER