| | |
|---|---|
| Guy B. Wallace – 176151<br>Mark T. Johnson – 76904<br>Jennifer U. Bybee – 302212<br>Travis C. Close – 308673<br>Rachel L. Steyer – 330064<br>**SCHNEIDER WALLACE**<br>**COTTRELL KONECKY LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, California 94608-1863<br>Telephone:  (415) 421-7100<br>Facsimile:  (415) 421-7105<br>Email:  gwallace@schneiderwallace.com<br>           mjohnson@schneiderwallace.com<br>           juhrowczik@schneiderwallace.com<br>           tclose@schneiderwallace.com<br>           rsteyer@schneiderwallace.com | Gay Crosthwait Grunfeld – 121944<br>Jenny S. Yelin – 273601<br>Adrienne Spiegel – 330482<br>Maya Campbell – 345180<br>**ROSEN BIEN**<br>**GALVAN & GRUNFELD LLP**<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone:  (415) 433-6830<br>Facsimile:  (415) 433-7104<br>Email:  ggrunfeld@rbgg.com<br>           jyelin@rbgg.com<br>           aspiegel@rbgg.com<br>           mcampbell@rbgg.com |
| Kathryn A. Stebner – 121088<br>Brian S. Umpierre – 236399<br>**STEBNER GERTLER & GUADAGNI**<br>**A Professional Law Corporation**<br>870 Market Street, Suite 1285<br>San Francisco, California 94102-2918<br>Telephone:  (415) 362-9800<br>Facsimile:  (415) 362-9801<br>Email:  kathryn@sgg-lawfirm.com<br>           brian@sgg-lawfirm.com | David T. Marks – *pro hac vice*<br>**MARKS, BALETTE, GIESSEL**<br>**& YOUNG, P.L.L.C.**<br>7521 Westview Drive<br>Houston, Texas 77055<br>Telephone:  (713) 681-3070<br>Facsimile:  (713) 681-2811<br>Email:  davidm@marksfirm.com |

Attorneys for Plaintiffs and the Certified Subclasses
(*additional counsel on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STACIA STINER; RALPH CARLSON, in his capacity as Trustee of the Beverly E. Carlson and Helen V. Carlson Joint Trust; LORESIA VALLETTE, in her capacity as representative of the Lawrence Quinlan Trust; MICHELE LYTLE, in her capacity as Trustee of the Boris Family Revocable Trust; RALPH SCHMIDT, by and through his Guardian Ad Litem, HEATHER FISHER; PATRICIA LINDSTROM, as successor-in-interest to the Estate of ARTHUR LINDSTROM; BERNIE JESTRABEK-HART; and JEANETTE ALGARME; on their own behalves and on behalf of others similarly situated,<br><br>      Plaintiffs,<br>  v.<br>BROOKDALE SENIOR LIVING, INC.; BROOKDALE SENIOR LIVING COMMUNITIES, INC.; and DOES 1 through 100,<br>      Defendants. | Case No. 4:17-cv-03962-HSG<br><br>**STIPULATED INJUNCTION AND ORDER**<br><br>Judge:   Hon. Haywood S. Gilliam, Jr. |

| | |
|---|---|
| 1 | Erica Rutner (SBN 344880) |
| | e.rutner@mooreandlee.com |
| 2 | John A. Bertino (VBN 93393) (Pro Hac Vice) |
| | j.bertino@mooreandlee.com |
| 3 | **MOORE & LEE, P.C.** |
| | 110 SE 6th Street, Suite 1980 |
| 4 | Fort Lauderdale, Florida 33301 |
| | Telephone:  (703) 940-3763 |
| 5 | Facsimile:   (703) 506-2051 |
| 6 | Michael D. Jacobsen (IL SBN 6303584) (Pro Hac Vice) |
| 7 | mjacobsen@seyfarth.com |
| | **SEYFARTH SHAW LLP** |
| 8 | 233 South Wacker Drive, Suite 8000 |
| | Chicago, Illinois 60606-6448 |
| 9 | Telephone:  (312) 460-5000 |
| | Facsimile:   (312) 460-7000 |
| 10 | |
| | Justin T. Curley (SBN 233287) |
| 11 | jcurley@seyfarth.com |
| | **SEYFARTH SHAW LLP** |
| 12 | 560 Mission Street, 31st Floor |
| | Sacramento, California 94105 |
| 13 | Telephone:  (415) 397-2823 |
| | Facsimile:   (415) 397-8549 |
| 14 | |
| 15 | Attorneys for Defendants |
| | BROOKDALE SENIOR LIVING INC. |
| | and BROOKDALE SENIOR LIVING |
| 16 | COMMUNITIES, INC. |

[4638797.7]

Case No. 4:17-cv-03962-HSG

STIPULATED INJUNCTION AND ORDER

This injunction ("Injunction") is entered into and shall be enforceable against Brookdale Senior Living, Inc. and Brookdale Senior Living Communities, Inc. (collectively, "Brookdale" or "Defendants").

As referenced herein, the term "Certified Brookdale RCFEs" means the following residential care facilities for the elderly ("RCFEs") that are owned, operated, or managed by Brookdale: Brookdale Brookhurst, Brookdale Scotts Valley, and Brookdale San Ramon.

This Court has jurisdiction over the Parties and the claims asserted by the Plaintiffs in this action. Within thirty (30) days of the date the Court grants final approval of the Parties' Class Action Settlement Agreement ("Class Agreement") in this action, Brookdale shall begin implementing the following injunctive relief, except where a different timeframe is required by the Class Agreement:

## ACCESS BARRIER CLAIMS

1. **Brookdale Brookhurst.** Defendants agree to bring the interior and exterior common areas of Brookdale Brookhurst into compliance with the 2010 Americans with Disabilities Act Accessibility Standards ("2010 ADAS"). Defendants also agree to make the following counts of each type of resident units at Brookdale Brookhurst fully compliant with the 2010 ADAS, Section 223.3: 4 studio units, 4 one-bedroom units, 1 large one-bedroom unit, and 1 one-bedroom two-bath unit. Defendants also agree to renovate an additional 3 studio units, 4 one-bedroom units, 1 large one-bedroom unit, and 1 one-bedroom two-bath unit to be compliant with the 2010 ADAS, Section 233, subject to any relevant exceptions for residential dwelling units set forth in the relevant 2010 ADAS provisions. All units being renovated pursuant to this Section shall provide a roll-in shower compartment that complies with the 2010 ADAS Section 608.2.2 or an alternate roll-in shower compartment that complies with the 2010 ADAS Section 608.2.3. If a resident or potential resident requires a 2010 ADAS, Section 223.3 compliant unit and no units of the type being considered by the resident or potential resident (*e.g.*, studio, one-bedroom, etc.) are available, Defendants, as long as they are operating the community, shall provide a 2010 ADAS, Section 223.3 compliant unit of the same type, either by renovating one of the 2010 ADAS, Section 233 units of the same type, if available, or by renovating any other vacant unit in

Brookdale Brookhurst of the same type.  For example, if a resident who requires a 2010 ADAS Section 223.3 compliant unit requests a studio and all four studios that have been made compliant with the 2010 ADAS Section 223.3 are occupied, Defendants will either renovate one of the three 2010 ADAS Section 233 studio units to be compliant with Section 223.3 or they will renovate another studio unit to be compliant with Section 223.3.

      2.    **Brookdale San Ramon.** Defendants agree to bring the interior and exterior common areas of Brookdale San Ramon into compliance with the 2010 ADAS. Defendants also agree to make at least the following counts of each type of resident unit at Brookdale San Ramon fully compliant with the 2010 ADAS, Section 223.3: 3 studio units, 3 one-bedroom units. All of the units being renovated pursuant to this section shall provide a roll-in shower compartment that complies with the 2010 ADAS Section 608.2.2 or an alternate roll-in shower compartment that complies with the 2010 ADAS Section 608.2.3.  Plaintiff Stacia Stiner shall be offered one of the studio units in the Brookdale San Ramon RCFE that Defendants have agreed to renovate to be compliant with 2010 ADAS, Section 223.3, and she will be charged the same basic services rate for this renovated unit as she would owe for her current unit as of the date she moves into the renovated unit.

      3.    **Brookdale Scotts Valley.** Defendants agree to bring the interior and exterior common areas of Brookdale Scotts Valley into compliance with the 2010 ADAS. Defendants also agree to make at least the following counts of each type of resident unit at Brookdale Scotts Valley fully compliant with the 2010 ADA, Section 223.3: 5 studio units, 5 one-bedroom units, 1 two-bedroom unit, 1 combined-unit. All of the units being renovated pursuant to this section shall provide a roll-in shower compartment that complies with the 2010 ADAS Section 608.2.2 or an alternate roll-in shower compartment that complies with the 2010 ADAS Section 608.2.3. Plaintiff Bernie Jestrabek-Hart shall be offered one of the 2010 ADAS Section 223.3 renovated units at the Brookdale Scotts Valley RCFE that is either of like-type to her current unit or smaller than her current unit (*e.g.*, a studio unit), depending on preference and availability. Defendants will charge Plaintiff Bernie Jestrabek-Hart the same basic services rate for this renovated unit as she would owe for her current unit as of the date she moves into the renovated unit or, if she selected a smaller unit, the market rate for such unit.

4. Pursuant to applicable law, Defendants shall not require any resident who needs an accessible room to pay for the remediation set forth in this Injunction. Defendants will not require any resident at any Certified Brookdale RCFE who needs a modification to their unit to accommodate his or her mobility and/or vision disability to pay for such modifications.

5. Pursuant to 28 C.F.R. § 36.406(a)(5)(ii), "[n]ewly constructed or altered facilities or elements covered by §§ 36.401 or 36.402 that were constructed or altered before March 15, 2012 and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards." Elements of Brookdale Brookhurst, Brookdale San Ramon, or Brookdale Scotts Valley that comply with the 1991 Standards and have not been altered since March 15, 2012 are not required to be brought into compliance with the 2010 Standards in accordance with 28 C.F.R. § 36.406(a)(5)(ii).

6. Except as otherwise provided in Section 8 below, Defendants shall complete the access work specified in Sections 1, 2, and 3 within five years from the date the Court enters final approval of this Injunction.

7. Defendants shall make a good faith effort to prepare designs and plans of the access work set forth in Section 1, including the cost estimate for this work, no later than June 1, 2025. Defendants shall make a good faith effort to prepare designs and plans of the access work set forth in Sections 2 and 3, including the cost estimate for this work, within one year from the date the Court enters final approval of this Injunction.

8. Defendants shall complete remediation of all barriers presumed to be readily achievable in the U.S. Department of Justice's Technical Assistance Manual within two years of the date the Court enters final approval of this Injunction.

9. The Parties shall negotiate and agree upon a certified/licensed architect with a CASp certification (the "CASp Architect") to oversee the work described in Sections 1, 2, and 3. If the Parties cannot agree on the CASp architect, one shall be appointed by the Court.

10. Prior to submitting plans to the local building department for approval, Defendants shall submit such plans to Class Counsel and to the mutually-agreed upon CASp Architect. Class Counsel shall submit all objections to the plans or designs thirty (30) days thereafter. Counsel for the

Parties shall meet and confer regarding any objections. Class Counsel, accompanied by Defendants' Counsel and the CASp Architect, may inspect the completion of the work set forth in Sections 1, 2, and 3. Any revisionary work required by the CASp Architect will be completed within a reasonable amount of time, as determined by the CASp Architect.

11. The deadlines and timeframes set forth in Sections 6, 7, and 8 are agreed to in good faith and are contingent on conditions outside the Parties' control that may result in delaying the plans, designs, and/or ability to complete the alterations. These conditions may include, but are not limited to: (a) the failure of requisite third parties and governing authorities to approve of plans and designs and/or to issue the necessary permits; (b) Acts of God, including flood, fire, earthquake or explosion; (c) acts of war, invasion, terrorist threats or acts, riot or other civil unrest; (d) national or regional emergencies; (e) strikes, labor stoppages or slowdowns, or other industrial disturbances; (f) epidemic or pandemic; (g) shortage of adequate supplies and equipment; or (h) shortage of power or transportation facilities.

12. Any and all alterations set forth in Sections 1, 2, and 3 of the Injunction are conditioned on such alterations not diminishing the structural integrity of the respective Certified Brookdale RCFEs and otherwise not being structurally infeasible, as determined by the CASp Architect.

13. In addition to their obligations under sections 14, 15, and 16, Defendants will notify Class Counsel of any change in owner/licensee/lessee as it pertains to any of the Certified Brookdale RCFEs. In the event Defendants or their affiliates cease owning, managing, operating, or leasing any of the Certified Brookdale RCFEs, Defendants agrees to offer the subsequent owner, operator, manager, or lessor/lessee, as applicable, a capital expenditure credit in an amount that is equivalent to the amount necessary to complete any remaining work contemplated by Sections 1, 2, and 3. The capital expenditure credit will be based on the design, scope, and cost to perform or otherwise complete the respective work.

14. The Parties understand that Brookdale Brookhurst is a leased Brookdale RCFE and that Defendants do not have control over the status of the Brookdale Brookhurst lease. Defendants are engaged in good faith efforts, and will continue to engage in good faith efforts, to enter

1  agreement with the landlord of Brookdale Brookhurst wherein the landlord agrees to either (a)
2  commit to making the changes required by this Injunction, using the capital expenditure credit as
3  referenced in Section 13, or (b) allow Defendants to oversee the completion of the work set forth
4  in Section 1. Plaintiffs will be designated as a third-party beneficiary to this anticipated agreement,
5  regardless of which option is chosen. However, if no agreement is reached by June 1, 2025,
6  Defendants shall deposit the amount of the capital expenditure credit referenced in Section 13 in
7  an interest-bearing escrow account under the jurisdiction of the Northern District of California no
8  later than July 1, 2025. The funds in that account shall be used exclusively for the remediation
9  described in Section 1, whether the work is performed by Defendants, the owner/landlord, or any
10 other entity. If the work cannot be completed within five years of July 1, 2025 due to factors
11 outside the Parties' control, the funds shall be returned to Defendants. If Defendants and the
12 landlord reach an agreement after July 1, 2025, but prior to the expiration of this five-year period,
13 then the escrow funds will be returned to Defendants to be used to complete the remediation work
14 referenced in Section 1.

15.     Defendants agree to comply with the obligations set forth in Section 2 of this Injunction so long as Defendants or their affiliates continue to own, operate, or manage Brookdale San Ramon. If Defendants or their affiliates enter into a purchase agreement for the sale of Brookdale San Ramon prior to the completion of the work referenced in Sections 2, Defendants agree to either (a) complete the work referenced in Sections 2 prior to closure; (b) include in the purchase agreement a provision that the purchaser will complete the work required by Section 2 by the timeframes set forth herein, and Plaintiffs shall be made a third party beneficiary of this provision of the purchase agreement; or (c) include in the purchase agreement a provision that the purchaser will allow Defendants to complete the work referenced in Section 2 by the timeframes set forth herein, and Defendants will complete the work set forth in Section 2 during the timeframes set forth herein.

16.     Defendants agree to comply with the obligations set forth in Section 3 of this Injunction so long as Defendants or their affiliates continue to own, operate, or manage Brookdale Scotts Valley. If Defendants or their affiliates enter into a purchase agreement for the sale of

Brookdale Scotts Valley prior to the completion of the work referenced in Section 3, Defendants agree to either (a) complete the work referenced in Section 3 prior to closure; (b) include in the purchase agreement a provision that the purchaser will complete the work required by Section 3 by the timeframes set forth herein, , and Plaintiffs shall be made a third party beneficiary of this provision of the purchase agreement; or (c) include in the purchase agreement a provision that the purchaser will allow Defendants to complete the work referenced in Sections 3 by the timeframes set forth herein, and Defendants will complete the work set forth in Section 3 during the timeframes set forth herein.

## TRANSPORTATION CLAIMS

17. Defendants agree that the current terms of the transportation policy known as the "Transporting Residents on Community Vehicles Policy" will remain in effect and will not be modified or altered in the future as it pertains to the provision permitting residents to remain on wheelchairs, scooters, or other powered mobility aids while being transported on a Brookdale RCFE vehicle ("Optional Transfer Provision"), consistent with the current language contained in the Transporting Residents on Community Vehicles Policy.

18. In the event applicable laws and/or regulations change such that the Optional Transfer Provision in the Transporting Residents on Community Vehicles Policy violates applicable laws and/or regulations, Defendants are expressly permitted to modify the terms of the Transporting Residents on Community Vehicles Policy in order to remain compliant with applicable laws and/or regulations.

## EMERGENCY EVACUATION CLAIMS

19. To the extent not already included in the respective emergency evacuation plans for Brookdale San Ramon and Brookdale Scotts Valley, Defendants will incorporate the following elements in the emergency evacuation plans for these respective Brookdale RCFEs:

   a. All of the elements required by Cal. Health & Safety Code § 1569.695, as provided for in the 2019 version of the LIC 610E form;

   b. Identification of assembly areas at the respective Brookdale RCFEs that are accessible to persons with mobility and/or vision disabilities within the meaning of the 2010

1  ADAS, which will be communicated to staff and residents;

2        c.    Contracting with transportation services that are able to deploy, to the
3  extent available at the time of the subject evacuation, vehicles with the capacity to carry the
4  required mobility devices for residents at the respective Brookdale RCFEs, to be available at the
5  relocation site;

6        d.    Possessing equipment and fuel sufficient for the respective Brookdale
7  RCFEs to be self-reliant in their provision of services to residents, including residents with
8  disabilities, for a period not less than 72 hours during a power outage;

9        e.    Providing 24-hour notice to residents at the respective Brookdale RCFEs of
10 all emergency drills being conducted, which expressly communicate the opportunity for (but do
11 not require) resident participation in such drills;

12       f.    Conducting a quarterly discussion at the respective Brookdale RCFE
13 Resident and Family Council meetings to explain the emergency procedures, obtain participant
14 feedback and, where possible, incorporate this feedback into future planning;

15       g.    Maintaining a database of each resident's evacuation ability at the
16 respective Brookdale RCFEs, including the type of mobility device used, the unit/floor of
17 residence, and the identification of other known disabilities that may affect a resident's evacuation
18 ability, which is to be reviewed semi-annually and updated based on a change in resident
19 needs; and

20       h.    Requiring that, at least once a year, an authorized and designated Brookdale
21 RCFE employee signs a statement, which Defendants will maintain, that the respective Brookdale
22 RCFE stairwell contains a working evacuation chair in the appropriate location and that staff have
23 been trained on the use of such evacuation chairs.

24       **STAFFING DISCRIMINATION CLAIMS & STAFFING CLAIMS**

25     20.    Defendants will instruct all sales personnel and Executive Directors at Brookdale
26 Scotts Valley and Brookdale San Ramon to refrain from making any oral or written statements to
27 current or prospective residents (and, if applicable, family members or representatives of current
28 or prospective residents) that: (a) resident assessments are the only factor used to determine, set

1  monitor staffing levels at these respective Brookdale RCFEs, and (b) these respective Brookdale
2  RCFEs adjust staffing levels whenever a new resident is admitted or an existing resident's needs
3  change.
4     21.   Defendants will continue to include the following language in the version of the
5  California Residency Agreement currently approved by the California Department of Social
6  Services:

> The care and services provided to you are based on your health assessment and Personal Service Plan.  The Personal Service Plan is specific to the care and services provided to Resident is not related to the care and services collectively provided to other residents in the Community.  We do not make any express or implied warranties or representations with regard to the care, services, and staffing offered, and any such warranties and representations are expressly disclaimed.  We will make good faith efforts to provide the care and services as indicated in your Personal Service Plan.  However, due to unforeseen circumstances, your care and services may be provided at a different time or in a different manner than indicated in your Personal Service Plan.  You further understand that any change in your Personal Service Plan may not result in a change in the level of staff providing care and services at the Community.

22.   In setting staffing levels, personnel at Brookdale San Ramon and Brookdale Scotts Valley will continue to consider and apply a reasonable determination of the staffing hours reasonably required to perform the care tasks needed by the residents, as determined by the assessment procedures, the experience and/or education of the staff, the ability of staff to perform various tasks in parallel, the physical layout of the facility, and the reasonable discretion of the Executive Director and/or department coordinators to ensure the appropriate amount of staff

1  Personnel at Brookdale San Ramon and Brookdale Scotts Valley will continue internal
2  monitoring procedures related to the above-referenced staffing levels.

3      23.    On a semi-annual basis beginning six months after the entry of this Injunction, and
4  for a period of two years thereafter, Defendants will provide Plaintiffs' Counsel with an attestation
5  from the respective Executive Director or designee at Brookdale San Ramon and Brookdale Scotts
6  Valley verifying that staffing was provided at a level consistent with the respective Brookdale
7  RCFE's reasonable determinations of the staffing hours for personnel who provide direct care to
8  residents ("Care Staff"). This attestation shall also include the following information: (a) a
9  statement that the Executive Director or designee reviewed benchmarks, census, and actual
10 staffing data for the Care Staff at the respective Brookdale RCFE, including but not limited to
11 agency staffing, (b) identification of the source from which the staffing information came (*e.g.*,
12 punch detail or other payroll data), (c) whether the total staffing hours at the respective Brookdale
13 RCFE were below the Service Alignment benchmarks for Care Staff, for each month in the quarter
14 preceding the submission of the report, and (d) if the total staffing hours were below the Service
15 Alignment benchmarks for the Care Staff during any particular month in that quarter, an
16 explanation as to why. In the event Plaintiffs have concerns with the explanation of why staffing
17 levels were below the benchmarks during the quarter, the Parties shall meet and confer to discuss
18 same.

19     24.    The Parties expressly understand and agree that any information provided pursuant
20 to Section 23 and/or exchanged in the meet and confer process shall remain confidential and shall
21 be used only for the purpose of enforcing the meet and confer and reporting provisions set forth in
22 Section 23 and not for any other purpose, including in connection with any future litigation. If
23 either Party contends the other Party is not meeting and conferring in good faith under Section 23,
24 that Party may seek court enforcement limited to the meet and confer and/or reporting obligations
25 under Section 23.

**OTHER PROVISIONS**

27     25.    Nothing stated in this Injunction shall relieve Brookdale from complying with any
28 other applicable federal or state law or regulation.

26. The Court shall retain continuing jurisdiction over all terms of this Injunction to ensure that all such terms are fully implemented and to resolve any disputes between the Parties regarding the interpretation of and implementation of such terms.

27. The Parties shall meet and confer regarding any disputes related to the terms of this Injunction, and Defendants shall have at least 60 days to cure any conduct determined to deviate from said terms unless such deviation is due to conditions outside Defendants' control (*e.g.*, third party involvement). However, this provision shall not apply to the terms and provision set forth in Section 7 of this Injunction.

28. The Parties agree that the following events could prevent, limit, or delay Defendants' ability to meet the obligations set forth in this Injunction: (a) Defendants becomes insolvent or file for bankruptcy, (b) any change in applicable laws, rules, or regulations, or any order California's Department of Social Services or other governing body/enforcement agency, that conflicts with a provision of this Injunction, (c) any Brookdale RCFE that is the subject of this Injunction ceases being licensed as an RCFE, whether because the RCFE license is revoked or otherwise, or (d) events outside the Parties' control, including, but not limited to, (1) Act of God, including flood, fire, earthquake or explosion; (2) acts of war, invasion, terrorist threats or acts, riot or other civil unrest; (3) national or regional emergency; (4) strikes, labor stoppages or slowdowns, or other industrial disturbances; or (5) epidemic or pandemic. In such circumstances, Defendants' obligations under this Injunction will be limited with respect to the affected Brookdale RCFE the extent that the event necessitates such a limitation.

**NON-RETALIATION**

29. The Parties mutually agree not to retaliate against each other on account of their participation in the Lawsuit or on account of having aided or encouraged other residents to participate in the Lawsuit.


IT IS SO STIPULATED.

DATED: March 17, 2025

Respectfully submitted,

SCHNEIDER WALLACE COTTRELL KONECKY LLP

By: */s/ Guy B. Wallace*
Guy B. Wallace

Attorneys for Plaintiffs and the Certified Subclasses

DATED: March 17, 2025

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay Crosthwait Grunfeld*
Gay Crosthwait Grunfeld

Attorneys for Plaintiffs and the Certified Subclasses

DATED: March 17, 2025

STEBNER GERTLER & GUADAGNI

By: */s/ Kathryn A. Stebner*
Kathryn A. Stebner

Attorneys for Plaintiffs and the Certified Subclasses

DATED: March 17, 2025

MARKS, BALETTE, GIESSEL & YOUNG, P.L.L.C.

*/s/ David T. Marks*
David T. Marks

Attorneys for Plaintiffs and the Certified Subclasses


[4638797.7]

11

Case No. 4:17-cv-03962-HSG

STIPULATED INJUNCTION AND ORDER

DATED: March 17, 2025

MOORE & LEE, P.C.

By: */s/ Erica Rutner*
    Erica Rutner

Attorneys for Defendants BROOKDALE SENIOR LIVING, INC. and BROOKDALE SENIOR LIVING COMMUNITIES, INC.

IT IS SO ORDERED, ADJUDGED AND DECREED.

DATED: 10/31/2025

_____
Honorable Haywood S. Gilliam, Jr.